**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ARIEL INVESTMENTS, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15-cv-3717 |
| | ) | |
| ARIEL CAPITAL ADVISORS LLC | ) | |
| | ) | **Jury Trial Demanded** |
| Defendant. | ) | |

Plaintiff Ariel Investments, LLC ("Ariel Investments") complains against Defendant

Ariel Capital Advisors LLC ("Ariel Advisors") as follows:

*Introduction*

1.     Plaintiff Ariel Investments, LLC and its predecessor have provided investment

services from their Chicago headquarters since 1983.  Ariel Investments has continuously

offered a wide range of services under its ARIEL family of service marks since at least 1983.

Nevertheless, in 2014, defendant Ariel Capital Advisors began using the mark "Ariel" and the

trade name "Ariel Capital Advisors LLC" in connection with investment services.  Moreover,

Ariel Advisors continued to use "Ariel" even after being notified of its ongoing infringement of

the ARIEL mark and other service marks.  In October 2014, Ariel Investments' counsel tried to

resolve this matter, but a principal of Ariel Advisors responded with sarcasm and by abruptly

hanging up the phone.  Therefore, Ariel Investments is left with no choice but filing this suit to

protect its longstanding, valuable service mark rights in the face of such blatant and willful

infringement.

*The Parties*

2.      Ariel Investments is a limited liability company duly organized and existing under the laws of the State of Delaware, having its principal place of business at 200 E. Randolph Street, Suite 2900, Chicago, Illinois.

3.      On information and belief, Ariel Advisors is a Florida limited liability company, having its principal place of business at 9132 Strada Place, 2nd Floor, Naples, Florida.

*Jurisdiction and Venue*

4.      Ariel Investments' claims arise under the Lanham Act 15 U.S.C. §§ 1051, *et seq.*, the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS §§ 510/1-510/7, and Illinois common law.

5.      This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367(a).

6.      This Court has personal jurisdiction over Ariel Advisors because Ariel Advisors has committed one or more of the acts complained of in this Complaint within this judicial district.  Specifically, Ariel Advisors has intentionally targeted Ariel Investments, seeking to trade on and profit from Ariel Investment's long-held, valuable name and marks.  Moreover, Ariel Advisors has known that Ariel Investments is based in Chicago since at least the time that Ariel Investments wrote to Ariel Advisors on or about August 14, 2014, advising Ariel Advisors of its service mark infringement.  On October 30, 2014, counsel for Ariel Investments spoke with a principal of Ariel Advisors and again demanded that Ariel Advisors stop infringing the well-known and valuable marks of the Chicago-based company Ariel Investments.  In response, Ariel Advisors' principal refused the demand, exclaimed "later, boss," and abruptly hung up the

telephone.  Ariel Advisors' brazen disregard of Ariel Investments' service mark rights, even after

being put on notice of that infringement, leaves no doubt that Ariel Advisors is intentionally

infringing those rights and doing so knowing that its actions will be felt by Ariel Investments in

its Chicago home.  Accordingly, Ariel Advisors' intentional infringement of Ariel Investments'

service mark rights in Chicago amounts to purposeful availment of jurisdiction in this forum.

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

### *Background*

8.      Since 1983, Ariel Investments and its predecessor-in-interest have continuously

provided investment services, financial and investment advisory services, and mutual funds.

9.      Plaintiff began as "Ariel Capital Management, Inc." in 1983, later reorganizing as

"Ariel Capital Management, LLC" in 2004 before changing its name to "Ariel Investments,

LLC" in 2008.

10.     For 25 years, Plaintiff and its predecessor-in-interest were generally referred to as

"Ariel Capital" or "Ariel Capital Management."  Ariel Investments continues to receive mail

addressed to "Ariel Capital" or "Ariel Capital Management."

11.     Ariel Investments is a well-known provider of investment services, currently

managing over $10 billion in assets for its clients.

12.     Ariel Investments owns federally registered trademarks containing the term

"ARIEL," including:

| Mark | Reg. No. / Reg. Date | Goods/Services |
|---|---|---|
| ARIEL | 1286420 7/17/1984 | management of investments and investment funds |

| Mark | Reg. No. / Reg. Date | Goods/Services |
|---|---|---|
| ARIEL INVESTMENTS | 3506141<br><br>9/23/2008 | printed publications, namely, reports, educational materials, newsletters, pamphlets and periodicals featuring investment news and commentary<br><br>investment advisory services; investment<br><br>management; mutual fund brokerage, distribution and investment; financial sponsorship of cultural and performing arts events; providing on-line information in the field of investments |
| ARIEL FUND | 2772980<br><br>10/14/2003 | mutual fund advisory and management services, mutual fund brokerage services, and mutual fund distribution services |
| ARIEL'S ABCS OF MONEY | 3897717<br><br>12/28/2010 | online information in the fields of investments and personal financial matters |
| ARIEL INTERNATIONAL FUND | 4223198<br><br>10/9/2012 | mutual fund advisory and management services, mutual fund brokerage services, and mutual fund distribution services |
| ARIEL GLOBAL FUND | 4223197<br><br>10/9/2012 | mutual fund advisory and management services, mutual fund brokerage services, and mutual fund distribution services |
| ARIEL DISCOVERY FUND | 4025627<br><br>9/13/2011 | mutual fund advisory and management services, mutual fund brokerage services, and mutual fund distribution services |
| ARIEL FOCUS FUND | 3657317<br><br>7/21/2009 | mutual fund advisory and management services, mutual fund brokerage services, and mutual fund distribution services |
| ARIEL APPRECIATION FUND | 2772978<br><br>10/14/2003 | mutual fund advisory and management services, mutual fund brokerage services, and mutual fund distribution services |

True and correct copies of each registration listed above are attached as **Exhibit A**. Such

federally registered marks are collectively referred to in this Complaint as the "ARIEL Marks."

13. The registrations for the ARIEL Marks are in full force and effect on the U.S.

Patent and Trademark Office's Principal Register.

14.     The registrations for ARIEL, ARIEL INVESTMENTS, ARIEL FUND and ARIEL APPRECIATION FUND have become incontestable and constitute conclusive evidence of the validity of the marks shown therein, Ariel Investments' ownership thereof, and of Ariel Investments' exclusive right to use such registered marks in connection with the services set forth within each registration pursuant to 15 U.S.C. § 1115(b).

15.     Ariel Investments advertises and extensively promotes its services under the ARIEL Marks.  In addition to promoting its services under the ARIEL Marks on its website at www.arielinvestments.com and in brochures, Ariel Investments has promoted and advertised its services under the ARIEL Marks in a wide variety of media and channels of trade, including without limitation, in national publications, websites and advertising networks such as *Barron's*, *Black Enterprise*, *Business Week*, *Chicago Tribune*, *Entrepreneur*, *Fast Company*, *Financial Advisor*, *Fortune*, *Inc.*, *Money Magazine*, *Morningstar Advisor*, *Mutual Funds Magazine*, *The New York Times*, *Pensions & Investments*, *Savoy*, *SmartMoney Magazine*, *USA Today*, *The Wall Street Journal*, *Investment Adviser*, *Investment News*, *Kiplinger's Personal Finance*, *Hispanic Executives Magazine*, *Chicago Sun- Times*, *Crain's Chicago Business*, *Investor's Business Daily*, *Morningstar.com*, *Forbes.com*, *CNNMoney.com*, *Blackamericaweb.com*, *WVON.com*, and via the Captivate advertising network in New York and Chicago.

16.     Ariel Investments and the ARIEL Marks have also been promoted in other media outlets, as certain of Ariel Investments' officers have been featured contributors to such television programs as *Good Morning America* (ABC), *World News Tonight* (ABC), *In Focus* (Bloomberg TV), *Morning Call* (Bloomberg TV), *Open Exchange* (Bloomberg TV), *Morning Call* (CNBC), *Your World With Neil Cavuto* (Fox News), *Cavuto on Business* (Fox News), *Frontline* (PBS), *News Hour with Jim Lehr* (PBS), *Chicago Tonight* (PBS), *First Business*

(WCIU), *DuSable Night of 100 Stars* (WBBM), and *Eye on Chicago* (WBBM), and such radio

programs as *The First Word* (Bloomberg Radio), *All Things Considered* (NPR), *News and Notes*

(NPR), the *Tom Joyner Morning Show* (nationally syndicated), and *The HistoryMakers* (PBS).

17.     Additionally, Ariel Investments promotes its services under the ARIEL Marks

through high-profile sponsorships of cultural and civic events.  For example, Ariel Investments

was the lead sponsor of the Chicago and nationally touring productions of *The Color Purple*, a

critically acclaimed and award winning musical.  Among other sponsorships, Ariel Investments

has also sponsored the Martin Luther King, Jr. National Memorial Project, the Chicago Sky

WNBA basketball team, McDonald's All-American basketball games, various investment-

focused conferences (including those organized by Charles Schwab and Morningstar), The

Harris Theatre, Rainbow PUSH Coalition, the Chicago Symphony Orchestra, and Race Against

Hate.

18.      As a result of Ariel Investments' use and promotion of the ARIEL Marks, it has

acquired valuable goodwill in the ARIEL Marks.

19.     The ARIEL Marks are recognized as identifying services provided by Ariel

Investments.  The ARIEL Marks are distinctive and closely associated with Ariel Investments

and its services.

20.     Notwithstanding Ariel Investments' prior, continuous, and extensive use of the

ARIEL Marks, Ariel Advisors began use in commerce of the name and mark "Ariel Capital

Advisors" in connection with investment management services and related services.

21.     On information and belief, Ariel Advisors registered the domain name

arielcapitaladvisors.com and began use of an "Ariel" name and mark in or about January 2014,

over 30 years after Ariel Investments began its use and widespread promotion of its ARIEL Marks.

22.     Ariel Advisors describes the scope of its services on its website at www.arielcapitaladvisors.com.  According to such website, Ariel Advisors "provides independent and objective investment management, tax and estate planning, financial planning, and trust administration services to clients throughout the United States."  True and correct representative pages from Ariel Advisors' website at www.arielcapitaladvisors.com, are attached to and incorporated by reference into this Complaint as **Exhibit B**.

23.     The investment management and other services provided by Ariel Advisors under its "Ariel" name and mark are the same as or related to those services provided by Ariel Investments under the ARIEL Marks.

24.     On or about August 14, 2014, Ariel Investments wrote a letter to Ariel Advisors. In that letter, Ariel Investments informed Ariel Advisors of Ariel Investments' rights in the ARIEL Marks and requested that Ariel Advisors cease all use of the name and mark "Ariel Capital Advisors," the arielcapitaladvisors.com domain name, and any other name, mark or domain name which is confusingly similar to the ARIEL Marks.  A true and correct copy of Ariel Investments' letter dated August 14, 2014, is attached to and incorporated by reference into this Complaint as **Exhibit C**.

25.     Ariel Advisors responded to Ariel Investments by letter dated August 25, 2014. In its response, Ariel Advisors denied Ariel Investments' allegations and refused to cease use of the name and mark "Ariel Capital Advisors," the arielcapitaladvisors.com domain name, or any other confusingly similar name, mark or domain name.  A true and correct copy of Ariel

Advisors' letter dated August 25, 2014, is attached to and incorporated by reference into this Complaint at **Exhibit D**.

26.     On October 30, 2014, outside counsel for Ariel Investments called Christopher P. Bray, a principal and attorney of Ariel Advisors, via telephone to try to resolve this matter. Mr. Bray was unwilling to meaningfully discuss this matter with Ariel Investments' outside counsel, instead demanding to speak with Ariel Investments' general counsel. Upon being informed that Ariel Investments' general counsel referred this matter to outside counsel for attention and that Mr. Bray should communicate with Ariel Investments' outside counsel, Mr. Bray told Ariel Investments' attorney "later, boss" and hung up the phone.

27.     Ariel Investments has given notice to Ariel Advisors of Ariel Advisors' infringement of the ARIEL Marks, but Ariel Advisors has refused to cease such infringement.

28.     Over the past year, Ariel Investments has received at least two phone calls from people seeking to speak with someone at "Ariel Capital." During those phone calls, Ariel Investments learned that the callers were not intending to call Ariel Investments, but instead another company with the name "Ariel Capital." Ariel Investments believes the callers were confused and were attempting call Ariel Advisors.

### COUNT I
### Violation of The Lanham Act – Federal Service Mark Infringement

29.     Ariel Investments incorporates the allegations of Paragraphs 1 through 28, inclusive, of this Complaint by reference into this Count as if fully set forth herein.

30.     Ariel Advisors used and continues to use in commerce the ARIEL Marks and reproductions, copies, and colorable imitations thereof in connection with the sale, offering for sale, distribution, and advertising of services, which are likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of Ariel Advisors' services and commercial

activities, and thus constitute infringement of Ariel Investments' federally registered marks in violation of 15 U.S.C. § 1114.

31.     Upon information and belief, Ariel Advisors' actions have been and are willful, deliberate, and done with knowledge of Ariel Investments' rights.

32.     Ariel Investments has no adequate remedy at law.  Ariel Advisors' actions complained of in this Complaint have caused Ariel Investments damage and injury and unjustly enriched Ariel Advisors.  Unless enjoined by this Court, Ariel Advisors will continue to do the acts complained of in this Complaint and cause damage and injury, all to Ariel Investments' irreparable harm and to Ariel Advisors' unjust enrichment.

### COUNT II
### Violation of the Lanham Act - Federal Unfair Competition

33.     Ariel Investments incorporates the allegations of Paragraphs 1 through 28, inclusive, of this Complaint by reference into this Count as if fully set forth herein.

34.     Ariel Advisors' acts described in this Complaint constitute a violation of 15 U.S.C. § 1125(a) as Ariel Advisors has used and continues to use in commerce words, terms, symbols, devices, names, or combinations thereof, or a false designation of origin which are likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Ariel Advisors with Ariel Investments, or as to the origin, sponsorship, or approval of Ariel Advisors' services by Ariel Investments.

35.     Upon information and belief, Ariel Advisors' actions have been and are willful, deliberate, and done with knowledge of Ariel Investments' rights.

36.     Ariel Investments has no adequate remedy at law.  Ariel Advisors' actions complained of in this Complaint have caused Ariel Investments damage and injury and unjustly enriched Ariel Advisors.  Unless enjoined by this Court, Ariel Advisors will continue to do the

acts complained of in this Complaint and cause damage and injury, all to Ariel Investments'

irreparable harm and to Ariel Advisors' unjust enrichment.

## COUNT III
### Illinois Deceptive Trade Practices - 815 ILCS §§ 510/1-510/7

37.     Ariel Investments incorporates the allegations of Paragraphs 1 through 28,

inclusive, of this Complaint by reference into this Count as if fully set forth herein.

38.     For many years, Ariel Investments has provided investment management and

related services throughout the United States of America and in the State of Illinois under the

ARIEL Marks.  The ARIEL Marks are distinctive and denote Ariel Investments as the origin of

the services sold under that mark.  Customers associate the ARIEL Marks with Ariel

Investments.

39.     After Ariel Investments began marketing and selling its investment management

and related services under the ARIEL Marks, Ariel Advisors began selling investment

management and related services under the name and mark "Ariel Capital Advisors."

40.     With full knowledge of Ariel Investments' superior rights to the ARIEL Marks,

Ariel Advisors has used and continues to use a confusingly similar name in connection with the

same or related services with the deliberate purpose of obtaining the benefit of the goodwill and

reputation of Ariel Investments.

41.     Ariel Advisors' acts described in this Complaint are likely to and are intended to,

confuse and deceive the public as to the origin, sponsorship, or approval of Ariel Advisors'

services by Ariel Investments.

42.     Ariel Advisors' actions constitute unfair competition and deceptive trade practices

in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS §§ 510/1-510/7.

43.     Ariel Investments has no adequate remedy at law.  Ariel Advisors' actions complained of in this Complaint have caused Ariel Investments damage and injury and unjustly enriched Ariel Advisors.  Unless enjoined by this Court, Ariel Advisors will continue to do the acts complained of in this Complaint and cause damage and injury, all to Ariel Investments' irreparable harm and to Ariel Advisors' unjust enrichment.

## COUNT IV
## Violation of Illinois Common Law

44.     Ariel Investments incorporates the allegations of Paragraphs 1 through 28, inclusive, of this Complaint by reference into this Count as if fully set forth herein.

45.     For many years, Ariel Investments has provided investment management and related services throughout the United States of America and in the State of Illinois under the ARIEL Marks and under the trade names "Ariel Investments, LLC," "Ariel Capital," and "Ariel Capital Management."  The ARIEL Marks and the aforesaid trade names are distinctive and denote Ariel Investments as the origin of the services sold under that mark.  Customers associate the ARIEL Marks and the trade names "Ariel Investments, LLC," "Ariel Capital," and "Ariel Capital Management" with Ariel Investments.

46.     After Ariel Investments began marketing and selling its investment management and related services under the ARIEL Marks and the aforesaid trade names, Ariel Advisors began selling investment management and related services under the name and mark "Ariel Capital Advisors."

47.     Ariel Advisors' acts described in this Complaint constitute service mark and trade name infringement and unfair competition in violation of Illinois common law as Ariel Advisors has used in commerce words, terms, symbols, devices, names, or combinations thereof, or a false designation of origin which are likely to cause confusion, mistake, or deception as to the

affiliation, connection, or association of Ariel Advisors with Ariel Investments, or as to the origin, sponsorship, or approval of Ariel Advisors' services by Ariel Investments.

48.     Ariel Investments has no adequate remedy at law.  Ariel Advisors' actions complained of in this Complaint have caused Ariel Investments damage and injury and unjustly enriched Ariel Advisors.  Unless enjoined by this Court, Ariel Advisors will continue to do the acts complained of in this Complaint and cause damage and injury, all to Ariel Investments' irreparable harm and to Ariel Advisors' unjust enrichment.

**COUNT V**
**Violation of the Lanham Act – Anticybersquatting Consumer Protection Act**

49.     Ariel Investments incorporates the allegations of Paragraphs 1 through 28, inclusive, of this Complaint by reference into this Count as if fully set forth herein.

50.     At the time of Ariel Advisors' registration or first use of the arielcapitaladvisors.com domain name, each of the ARIEL Marks was distinctive.

51.     The arielcapitaladvisors.com domain name is identical or confusingly similar to the ARIEL Marks.

52.     Ariel Advisors has registered, trafficked in, or used the arielcapitaladvisors.com domain name with a bad faith intent to profit from the ARIEL Marks in violation of 15 U.S.C. § 1125(d).

53.     Ariel Advisors' bad faith intent is demonstrated by numerous factors, including the following:

(a)     Ariel Advisors had not used the arielcapitaladvisors.com domain name in connection with the bona fide offering of any goods or services prior to Ariel Investments' use and registration of the ARIEL Marks;

- 12 -

(b)     Ariel Advisors has made no bona fide noncommercial or fair use of any of the ARIEL Marks in a site accessible under the arielcapitaladvisors.com domain name.

(c)     Ariel Advisors intends to divert consumers from Ariel Investments' online location to a site accessible under the arielcapitaladvisors.com domain name that could harm the goodwill represented by the ARIEL Marks, either for Ariel Advisors' commercial gain or with the intent to tarnish or disparage the ARIEL Marks, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site accessible under the arielcapitaladvisors.com domain name; and

(d)     Ariel Advisors knows that the arielcapitaladvisors.com domain name is identical or confusingly similar to the ARIEL Marks.

54.     Upon information and belief, Ariel Advisors' actions have been and are willful, deliberate, and done with knowledge of Ariel Investments' rights.

55.     Ariel Investments has no adequate remedy at law.  Ariel Advisors' actions complained of in this Complaint have caused Ariel Investments damage and injury and unjustly enriched Ariel Advisors.  Unless enjoined by this Court, Ariel Advisors will continue to do the acts complained of in this Complaint and cause damage and injury, all to Ariel Investments' irreparable harm and to Ariel Advisors' unjust enrichment.

### *Prayer for Relief*

WHEREFORE, Ariel Investments respectfully requests that the Court enter judgment in favor of Ariel Investments and against Ariel Advisors, granting the following relief:

A.      judgment that Ariel Advisors has infringed and is infringing the ARIEL Marks and Ariel Investments' trade name;

B.      judgment that such infringement by Ariel Advisors' was and is willful;

C.      an award of damages and disgorgement of Ariel Advisors' profits and unjust enrichment to Ariel Investments in an amount to be determined at trial;

D.      an order for an accounting of Ariel Advisors' profits and unjust enrichment;

E.      an award of statutory damages to Ariel Investments;

F.      an order that Ariel Advisors compensate Ariel Investments for the advertising or other expenses necessary to dispel any public confusion caused by Ariel Advisors' infringement of the ARIEL Marks, unfair competition, misappropriation, breach of contract, and other unlawful acts;

G.      transfer of the registration of the domain name arielcapitaladvisors.com to Ariel Investments;

H.      an order temporarily, preliminarily, and permanently enjoining and restraining Ariel Advisors and its officers, agents, servants, employees, successors, assigns, parents, subsidiaries, affiliated or related companies, attorneys, and all others in active concert or participation with them who receive notice of this injunction from:

> i)      using any of the ARIEL Marks or any confusingly similar mark, name, domain name, or colorable imitation thereof, in connection with Ariel Advisors' business which may in any way mislead or confuse anyone as to the source, affiliation, or sponsorship of such business;

    ii)    registering, trafficking, using or maintaining the registration of the domain name arielcapitaladvisors.com or any other domain name that is identical or confusingly similar to any of the ARIEL Marks;

    iii)    otherwise infringing or diluting the distinctive quality of the ARIEL Marks;

    iv)    injuring Ariel Investments' business reputation and the goodwill associated with the ARIEL Marks and from otherwise unfairly competing, directly or indirectly, with Ariel Investments; and

    v)    causing a likelihood of confusion or misunderstanding as to source, sponsorship, association, affiliation, approval, or certification with or by Ariel, or engaging in conduct tending to create a false commercial impression of Ariel Investments' services or any other conduct which tends to pass off Ariel Advisors' services as those of Ariel Investments or creates a likelihood of confusion or misunderstanding or false representation;

I.    an order directing Ariel Advisors to file with the Court, and to serve on Ariel Investments, within thirty (30) days after entry of the above injunction, a report in writing, under oath, setting forth in detail the manner and form in which it has complied with the injunction;

J.    an award to Ariel Investments of increased damages to fully compensate Ariel Investments and punitive damages for the willful and wanton nature of Ariel Advisors' wrongful acts and because this is an "exceptional" case;

K.    an award to Ariel Investments of its costs and expenses, including all reasonable attorneys' fees recoverable under the Lanham Act, the Illinois Deceptive Trade Practices Act, and the common law, or any other applicable law or rule;

L.    an award to Ariel Investments of pre-judgment and post-judgment interest; and

M.        such other and further relief as the Court deems just and equitable.

*Jury Demand*

Ariel Investments demands a trial by jury on all matters and issues properly tried to a jury

pursuant to Federal Rules of Civil Procedure 38 and 39 and other applicable federal and state

law.

Dated:  April 28, 2015              By: /s/ Arthur Gollwitzer III

Arthur Gollwitzer III (6225038)
    agollwitzer@michaelbest.com
Luke W. DeMarte (6269621)
    lwdemarte@michaelbest.com
Larry L. Saret (2459337)
    llsaret@michaelbest.com
Zachary J. Watters (6310675)
    zjwatters@michaelbest.com
MICHAEL BEST & FRIEDRICH LLP
Two Prudential Plaza
180 N. Stetson Avenue, Suite 2000
Chicago, Illinois  60601
Tel:  (312) 222-0800
Fax:  (312) 222-0818

*Attorneys for Plaintiff,*
*Ariel Investments, LLC*