# EXHIBIT D



# CHRISTOPHER P. BRAY
## ASSOCIATES, LLC

August 25, 2014

Luke W. DeMarte
Michael Best & Friedrich LLP
Two Prudential Plaza
180 North Stetson Avenue
Suite 2000
Chicago, IL 60601-6710

Re:  Ariel Capital Advisors, LLC

Mr. DeMarte:

I am responding to your letter dated August 14, 2014 (copy enclosed) sent to my client, Ariel Capital Advisors, LLC. Please be assured that there is no likelihood of confusion between my client's name and your client's name for the following reasons.

### I.   Ariel Capital Advisors, LLC is not the name of your client, Ariel Investments

My client is neither "Ariel" nor "Ariel Investments." The name of my client is "Ariel Capital Advisors, LLC." Your client does not have any legal protection of the use of the name of my client, "Ariel Capital Advisors, LLC."

### II.   Ariel is an ancient biblical name over 5,000 years old

Ariel is a common Jewish name. A recent and well known Prime Minster of the nation of Israel, Ariel Sharon, enjoyed this name during his life without threat of trademark infringement. Ariel is an ancient biblical word that translates into English as "lion of God."

### III.   Ariel is a geographic term

Ariel is another name for the ancient city of Jerusalem (see Isaiah 29:1). Ariel (Jerusalem) was founded around 3,000 B.C.E. The name of a city over 5,000 years old is not the private property of anyone - past, present, or future.

### IV.   Ariel is a generic term

The name "Ariel" is so common as to be generic and not subject to trademark protection. Not only is "Ariel" a common Jewish name, it is also the name of a well known Disney character, an automobile company, an energy company, a materials index, a university, multiple religious congregations and ministries, a family health clinic, numerous bookstores, multiple restaurants, and a number of historic landmarks.

9132 Strada Place, 2nd Floor
Naples, Florida 34108
Office: (239) 451-6003
www.cpbrayassociates.com
*Admitted to practice in Florida and Ohio*

Page 2

### V. There is no likelihood of confusion between Ariel Capital Advisors, LLC and Ariel or Ariel Investments

As you know, a likelihood of confusion exists when an allegedly infringing trademark is likely to cause an appreciable number of reasonably prudent purchasers to be confused as to the source or origin of the products or services it is used to identify. There is no likelihood of confusion between Ariel Capital Advisors, LLC and Ariel or Ariel Investments for the following reasons.

1. No similarity of the marks exists. Neither "Ariel" nor "Ariel Investments" has any similarity to "Ariel Capital Advisors, LLC." Your client uses a turtle as a mascot. My client's logo is a lion - which is the meaning of the ancient Hebrew word, Ariel (lion of God). Surely no sensible person would be confused in understanding the difference between a turtle and a lion.

2. Your client has has no basis to claim the historic name "Ariel" as private property. My client does not dispute that your client is entitled to protection for the name "Ariel Investments." However, your client is not entitled to claim my client's name as private property.

3. My client attracts private clients with a very high degree of education and sophistication. I would assume that your client markets to similar consumers. There is no reasonable basis to conclude that sophisticated consumers would confuse your client with Ariel Capital Advisors, LLC.

4. My client had no intention of violating any private property rights your client may have when adopting the name "Ariel Capital Advisors, LLC." My client never even thought about the existence of your client in adopting the name "Ariel Capital Advisors, LLC." My client adopted the name "Ariel Capital Advisors, LLC" for one reason - the name of the daughter of the founder of Ariel Capital Advisors, LLC is Ariel. Ariel was given her name because of what the name means - "lion of God."

5. Please provide me as soon as possible any evidence of actual confusion that has arisen between your client and my client.

6. My client does not sell or market mutual funds. My client provides comprehensive financial, tax, estate planning, and investment services to private clients. Is it your contention that your client provides the same services as my client?

7. My client does not focus any marketing on institutions as my client provides private client services to individuals and their families. It appears that your client sells mutual funds to institutional investors serving an entirely different market.

8. My client does not sell any products. Your client sells investment products. There is no similarity of function between the two.

**Page 3**

9. My client intends to vigorously defend the right to use its name and expects that such right will not be carelessly threatened.

Please let me know if you or your client have any questions or concerns with regard to this letter.

Sincerely,

Christopher P. Bray, JD, CPA
Attorney at Law

Enclosure as stated