UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARIEL INVESTMENTS, LLC ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 15-cv-3717 |
| ) | |
| ARIEL CAPITAL ADVISORS LLC ) | |
| ) | **Jury Trial Demanded** |
| Defendant. ) | |

**Plaintiff's Motion to Conduct Jurisdictional Discovery**

Plaintiff Ariel Investments filed this trademark infringement suit on April 28, 2015, asking the Court to stop the defendant Ariel Capital Advisors from using plaintiff Ariel's long-held, federally registered mark ARIEL in its name and advertising. Prior to filing suit, Plaintiff's counsel attempted to discuss this matter with the defendant's principal, Christopher Bray, but Mr. Bray terminated the discussion. (Dkt. 1 at ¶ 6.) As both companies are in the financial services business, the defendant's unauthorized use of the ARIEL mark is straight-forward trademark infringement, unfair competition, deceptive trade practices, common law infringement, and cybersquatting. The defendant responded by seeking to dismiss this case or move it to the Middle District of Florida. (Dkt. 16.)

Plaintiff Ariel explained the basis for jurisdiction and venue in this Court in its Complaint. (Dkt. 1 at ¶¶ 1, 6-7.) In short, the defendant has intentionally infringed the ARIEL mark, expressly aiming its infringement at Ariel, knowing that its intentional infringement would harm Ariel in this District where Ariel resides. In addition, the defendant's motion and Mr. Bray's supporting declaration make questionable factual assertions inconsistent with Ariel's investigation suggesting additional bases for keeping this case in this Court.

Therefore, plaintiff Ariel respectfully requests leave to conduct limited jurisdictional and venue discovery as described in this Motion.

## I. Plaintiff Ariel's Proposed Limited, Narrow, and Expedited Discovery Is Reasonable in Light of the Defendant's Motion to Dismiss or Transfer.

In response to the defendant's motion, Plaintiff Ariel asked the defendant if it would agree to allow limited, narrow, and expedited discovery. By email, Ariel suggested five requests for production, five interrogatories, and one deposition – all to be completed by July 21. The defendant rejected this proposal.

Ariel has further limited its discovery requests and respectfully asks the Court to allow the following discovery relating to jurisdiction and venue:

- five requests for production with responsive documents due by July 8 (attached as Exhibit A);

- three interrogatories to be answered by July 8 (attached as Exhibit B); and

- a Rule 30(b)(6) deposition of the defendant to be conducted by July 22, at the defendant's offices or other location convenient to them, limited in scope, and limited to three hours (attached as Exhibit C).

The attached discovery requests are focused on the issues raised in the defendant's motion, such how it selected its name, its awareness of Ariel, whether it has ever conducted business in the State of Illinois, the defendant's marketing efforts in Illinois, the extent of the defendant's past contacts with this state, communications with persons in Illinois, including Mr. Bray's past communications with plaintiff Ariel, and inconsistencies and misstatements in the declaration Mr. Bray submitted in support of the defendant's motion.

## II. Plaintiff Ariel Proposes Responding to the Defendant's Motion No Later than August 5, 2015.

Plaintiff Ariel can respond to the defendant's motion to dismiss or transfer within two weeks of receiving the limited discovery described above. That is, Ariel would respond to the defendant's motion by August 5 if the Court adopts the schedule outlined above.

If the defendant objects to this proposed abbreviated schedule, Plaintiff Ariel is amenable to a longer schedule. Ariel only proposes the abbreviated schedule described in this Motion in the interests of avoiding delay.

### *Conclusion*

For these reasons, plaintiff Ariel Investments respectfully requests leave to conduct limited jurisdictional and venue discovery as described in this Motion.


Dated: June 19, 2015    By: /s/ Arthur Gollwitzer III
    Arthur Gollwitzer III (6225038)
    agollwitzer@michaelbest.com
    Luke W. DeMarte (6269621)
    lwdemarte@michaelbest.com
    Larry L. Saret (2459337)
    llsaret@michaelbest.com
    Zachary J. Watters (6310675)
    zjwatters@michaelbest.com
    MICHAEL BEST & FRIEDRICH LLP
    Two Prudential Plaza
    180 N. Stetson Avenue, Suite 2000
    Chicago, Illinois 60601
    Tel: (312) 222-0800
    Fax: (312) 222-0818

    *Attorneys for Plaintiff,*
    *Ariel Investments, LLC*

## Certificate of Service

I, Arthur Gollwitzer III, an attorney of record in this matter, certify that on June 19, 2015, I caused a copy of the following document:

### Motion to Conduct Jurisdictional Discovery

to be filed with the Clerk of Court of the United States District Court for the Northern District of Illinois by electronic (ECF) filing, which provides service for the following counsel of record by e-mail delivery:

>Adam Wolek
>Brian Noack
>Wolek and Noack
>70 East Lake Street, Suite 1220
>Chicago, IL 60601

>*/s/ Arthur Gollwitzer III*
>Arthur Gollwitzer III