UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARIEL INVESTMENTS, LLC,<br>　　　　　Plaintiff,<br><br>　v.<br><br>ARIEL CAPITAL ADVISORS LLC,<br>　　　　　Defendant. | )<br>)<br>) Case No.: 1:15-cv-3717<br>)<br>) Judge: Hon. Matthew F. Kennelly<br>)<br>)<br>) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
MOTION TO CONDUCT JURISDICTIONAL DISCOVERY**

Plaintiff Ariel Investments has not alleged any contact by Defendant Ariel Capital Advisors LLC ("ACA") to Illinois in its Complaint or its Motion to Conduct Jurisdictional Discovery, and requests discovery not related to personal jurisdiction. And despite not alleging any Illinois contacts, Plaintiff asks for a broad class of documents, several interrogatories and a 3 hour deposition of ACA, a Florida company. Had Plaintiff conferred with ACA about discovery before filing its motion[1], ACA would have informed it that many of the documents it seeks simply do not exist due to ACA's lack of contacts with Illinois.

Revealingly, Plaintiff's sole support for jurisdictional discovery is that "defendant's motion and Mr. Bray's supporting declaration make questionable factual assertions inconsistent with Ariel's investigation." (Dkt. 20, at 1.) Yet it provides no support for its "investigation," or evidence of any contacts or inconsistencies in ACA's Motion to Dismiss or declaration. *See Phoenix Airway Inn Assoc. v. Essex Fin. Servs., Inc.*, 741 F. Supp. 734, 736 (N.D. Ill. 1990)

---

[1] ACA saw Plaintiff's requests for the first time when the motion was filed. *See* Exh. A. Previously, in a June 15 call, ACA stated it was open to discussing discovery requests. Plaintiff, however, did not specify any requests and only indicated a number of requests without indicating the scope, amount or types of documents it sought. ACA stated that it could not blindly agree to discovery without first seeing the requests or knowing their scope. Plaintiff then filed its motion.

1

(Plaintiffs must "investigate [jurisdictional] facts *before filing* the complaint."); *and see Telemedicine Solutions LLC v. WoundRight Tech., LLC*, 27 F. Supp. 3d 883, 900 (N.D. Ill. 2014) (denying jurisdictional discovery because Plaintiff failed to provide evidence of Illinois contacts).

Indeed, Plaintiff's only allusion to ACA-Illinois contacts is its conclusory statement that Plaintiff felt harm in Illinois. (Dkt. 1, at ¶ 6) ("Ariel Advisors is intentionally infringing [Plaintiff's] rights…and doing so knowing that its actions will be felt by [Plaintiff] in its Chicago home."). But even if true, "harm to the plaintiff in the forum is not enough" for personal jurisdiction. *Merrill Primack v. Pearl B. Polto, Inc.*, 649 F. Supp. 2d 884, 890 (N.D. Ill. 2009).

Furthermore, because Plaintiff failed to allege "continuous and systematic" contacts, it waived its right to assert general personal jurisdiction and discovery thereto. *See RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1277 (7th Cir. 1996) (failing to allege that defendant has "continuous and systematic" contacts with Illinois is a waiver of general personal jurisdiction).

**Plaintiff Requests Discovery Not Directed to Personal Jurisdiction**

In its deposition notice, Plaintiff asks for various Topics unrelated to personal jurisdiction. It asks about "creation and drafting of the content of ACA's website"; "ACA's awareness of Ariel Investments"; and, "selection of ACA's company name." But these Topics are unrelated to ACA's contacts with Illinois, so they are immaterial to personal jurisdiction. *See Cont'l Ill. Nat'l Bank v. Consulting Eng'g Grp.*, 594 F. Supp. 1500, 1502 (N.D. Ill. 1984) (Defendant's "totally out-of-Illinois conduct [is] not enough to subject [a] defendant to suit in Illinois").

Similarly, Plaintiff also requests documents and interrogatories that could only have been performed in Florida: "trademark searches…relating to ACA's company name," and ACA's learning "of the existence of Ariel Investments." Because these inquiries are not related to any conduct by ACA in Illinois, they also do not relate to personal jurisdiction.

For these and other reasons, ACA requests that Plaintiff's motion to conduct jurisdictional discovery be denied.

Dated: June 26, 2015                    RESPECTFULLY SUBMITTED,

By: _s/_Adam Wolek_____
One of the attorneys for Defendant

Adam Wolek
Brian T. Noack
WOLEK & NOACK
70 East Lake Street, Suite 1220
Chicago, IL 60601
P 239.671.1103
F 708.843.0509

## CERTIFICATE OF SERVICE

The undersigned certifies that, on June 26, 2015, he caused this document to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of filing to counsel of record for each party.

Dated: June 26, 2015                                WOLEK & NOACK


By:   s/ Adam Wolek
       Adam Wolek