# EXHIBIT A

Arthur,

It seems we have a very different understanding of what I wrote below and what was previously discussed. But no matter, as it stands, we have not heard whether you agree to our offer or not. Nor have we heard a counter-proposal or anything different from what is in your motion. Whereas we have offered to meet nearly all of your requests but a deposition. Of course, Ariel Investments is entitled to not budge from its motion and compromise on a resolution, and if that is the case, please let us know so we can prepare a response accordingly.

And as we stated in our June 15 call, we were open to discuss any actual discovery requests, and we remain open to doing so now that we have seen your requests. But at that time, the only jurisdictional discovery that Ariel Investments indicated was a number of requests without stating scope, amount or types of documents it would seek. Of course, we couldn't blindly agree, as I'm sure you wouldn't, to discovery without first knowing its scope. Presented now with your requests, we are willing to find a resolution that most efficiently addresses the jurisdictional analysis, so please let us know if you're interested in our proposed resolution below.

Please feel free to call me if you would like to discuss, or if you have any questions.

Best regards,

Adam

**Adam Wolek**
adamw@wonoip.com
P: 312.860.9006
F: 708.843.0509

**Wolek & Noack**
70 East Lake Street
Suite 1220
Chicago, IL 60601
www.wonoip.com

CONFIDENTIALITY NOTE: This message and any attachments are from a law firm. They are solely for the use of the intended recipient and may contain privileged, confidential or other legally protected information. If you are not the intended recipient, please destroy all copies without reading or disclosing their contents and notify the sender of the error by reply e-mail.

**From:** Gollwitzer, Arthur III (35847) [mailto:agollwitzer@michaelbest.com]
**Sent:** Tuesday, June 23, 2015 9:07 AM
**To:** Adam Wolek; Brian Noack
**Cc:** DeMarte, Luke W (35795); Watters, Zachary J (35852); Saret, Larry L (32116)
**Subject:** RE: Ariel Investments' Discovery Motion

Adam,

The defendant continues to complain about the meet-and-confer process without acknowledging that you informed us that your client was not willing engage in jurisdictional discovery before we appeared in court on June 16. Moreover, as I have now explained several times, we filed our motion in

line with our understanding of the Court's instructions and nothing prevents us from reaching an agreement and withdrawing that motion before our next court appearance on June 29.

The defendant's latest proposal, however, offers no change in its position. The defendant continues to refuse to provide a deposition even though its motion to dismiss is based in large part on a declaration and the defendant even refuses to respond to all written discovery without equivocation.

Regards,
Arthur Gollwitzer


**From:** Adam Wolek [mailto:adamw@wonoip.com]
**Sent:** Monday, June 22, 2015 5:31 PM
**To:** Gollwitzer, Arthur III (35847)
**Cc:** DeMarte, Luke W (35795); Watters, Zachary J (35852); Saret, Larry L (32116); Brian Noack
**Subject:** RE: Ariel Investments' Discovery Motion

Art,

Though I don't understand how a phone call *after* a motion was filed could meet Rule 37.2 requirements, it seems unproductive to continue that dialogue at this time. But we are nevertheless disappointed by your email below because when we had our call today you stated that you would bring our discovery offer to your client. However, you responded with nothing more than what you requested in your motion. So to expedite this discussion and to help find a potential resolution, we offer to provide reasonable written discovery by July 8 if Ariel Investments foregoes seeking a 30(b)(6) jurisdictional deposition and withdraws its motion.

Please let us know if you are amenable to such a resolution, and we look forward to hearing from you soon.

Best regards,

Adam

**Adam Wolek**
adamw@wonoip.com
P: 312.860.9006
F: 708.843.0509

**Wolek & Noack**
70 East Lake Street
Suite 1220
Chicago, IL  60601
www.wonoip.com

CONFIDENTIALITY NOTE: This message and any attachments are from a law firm. They are solely for the use of the intended recipient and may contain privileged, confidential or other legally protected information. If you are not the intended recipient, please destroy all copies without reading or disclosing their contents and notify the sender of the error by reply e-mail.

**From:** Gollwitzer, Arthur III (35847) [mailto:agollwitzer@michaelbest.com]
**Sent:** Monday, June 22, 2015 4:30 PM
**To:** Adam Wolek; Brian Noack
**Cc:** DeMarte, Luke W (35795); Watters, Zachary J (35852); Saret, Larry L (32116)
**Subject:** RE: Ariel Investments' Discovery Motion

Adam,

The email below fails to reflect that we spoke about this issue today at 1:44 p.m. We also emailed to you a proposal regarding limited jurisdictional discovery on June 12. Therefore, the accusation that we have not tried to meet-and-confer is misplaced.

Moreover, as I explained during our discussion today, we filed our motion for leave to seek discovery on Friday, June 19 because we understood that the Court wanted to review our proposed requests and we wanted to give the Court and the defendant sufficient time to complete that review. As I also explained, we remain open to discussing the scope of jurisdictional discovery in this case, and I welcomed your telephone call. If we can reach an agreement regarding the scope of jurisdictional discovery, we easily could withdraw our motion and submit in its place a proposed stipulation governing jurisdictional discovery.

As it turns out, however, we still were not able to reach an agreement regarding jurisdictional discovery during our telephone conversation today. The defendant's only proposal required Ariel to forego both any deposition as well as its discovery requests relating to the defendant's initial awareness of Ariel and selection of its own name – even though we offered to conduct the deposition at the defendant's office in Naples, Florida, offered to limit that deposition to three hours, and explained that the defendant's awareness of Ariel when selecting its name has a direct bearing on whether the defendant intended its infringement to impact Ariel in this district.

If we can reach a compromise on these issues then, by all means, let us continue our discussion without further self-serving emails regarding the meet-and-confer process.

Regards,
Arthur Gollwitzer

**From:** Adam Wolek [mailto:adamw@wonoip.com]
**Sent:** Monday, June 22, 2015 3:08 PM
**To:** Gollwitzer, Arthur III (35847)
**Cc:** Brian Noack; DeMarte, Luke W (35795); Watters, Zachary J (35852)
**Subject:** Re: Ariel Investments' Discovery Motion

Art,

As I had mentioned today on the phone, had you met and conferred with us about your discovery requests prior to filing your motion -- as required by Judge Kennelly's standing order, Local Rule 37.2 and as Judge Kennelly instructed at the June 16 hearing -- we could have potentially found a compromise on some of your discovery requests without burdening the Court.  In fact, prior to the June 16 hearing, all you had asked us was whether we'd blindly agree to a number of discovery requests of indeterminate scope.  Of course, and as I had informed you and your colleague, we cannot blindly agree to discovery of indeterminate scope without seeing it first, and that is why we had asked for more specifics on the June 15 call and also after the June 16 hearing.

Nevertheless, although we don't think it will show that ACA had any contact with Illinois, ACA would be amenable to responding to certain written discovery if Ariel Investments forgoes a superfluous 30(b)(6) jurisdictional deposition and withdraws its motion.  Please let us know by 12pm on June 22 if this works for Ariel Investments, and in turn we will make all efforts to respond to the agreed upon written discovery by July 8.

We look forward to hearing from you.

Best regards,

Adam


**Adam Wolek**
adamw@wonoip.com
P: 312.860.9006
F: 708.843.0509

**Wolek & Noack**
70 East Lake Street
Suite 1220
Chicago, IL  60601
www.wonoip.com

CONFIDENTIALITY NOTE: This message and any attachments are from a law firm. They are solely for the use of the intended recipient and may contain privileged, confidential or other legally protected information. If you are not the intended recipient, please destroy all copies without reading or disclosing their contents and notify the sender of the error by reply e-mail.

```
****************************************************************

The information contained in this communication may be confidential,
is intended only for the use of the recipient(s) named above, and may
be legally privileged.  If the reader of this message is not the
intended recipient, you are hereby notified that any dissemination,
distribution, or copying of this communication, or any of its
contents, is strictly prohibited.  If you have received this
communication in error, please return it to the sender immediately and
delete the original message and any copy of it from your computer
system.  If you have any questions concerning this message, please
contact the sender.
```

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The information contained in this communication may be confidential, is intended only for the use of the recipient(s) named above, and may be legally privileged.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited.  If you have received this communication in error, please return it to the sender immediately and delete the original message and any copy of it from your computer system.  If you have any questions concerning this message, please contact the sender.