UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARIEL INVESTMENTS, LLC,<br>     Plaintiff,<br><br>v.<br><br>ARIEL CAPITAL ADVISORS LLC,<br>     Defendant. | )<br>)<br>) Case No.: 1:15-cv-3717<br>)<br>) Judge: Hon. Matthew F. Kennelly<br>)<br>) |

**DEFENDANT'S MOTIONS TO RECONSIDER ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

-OR-

**TO AMEND ORDER TO ADD CERTIFICATION FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b) AND STAY PROCEEDINGS PENDING APPEAL**

-AND-

<u>TO STAY DEADLINE FOR ANSWERING UNTIL THE MOTIONS ARE RULED ON</u>

  Defendant Ariel Capital Advisors LLC ("ACA"), by counsel, respectfully moves this Court to reconsider its ruling on Defendant's motion to dismiss for lack of personal jurisdiction for the reasons stated below and its accompanying memorandum, or alternatively respectfully requests that this Court certify the below issues for appeal pursuant to 28 U.S.C. 1292(b) and stay proceedings pending appeal.

  Defendant ACA respectfully requests that the Court reconsider its denial of ACA's motion because:

  1)  purported knowledge of a trademark or alleged intent to trade off a mark is insufficient to confer specific personal jurisdiction where there have been no contacts with Illinois;

  2)  an evidentiary hearing was required where the Court acknowledged material disputed issues of fact; and

1

3) there was no finding that ACA purposefully availed itself of "the privilege of conducting activities [in Illinois]" and did not "invoke[] itself of the benefits and protections of its laws."

ACA alternatively requests the Court to amend its October 29, 2015 Order (Dkt. 44) to certify the above issues for appeal pursuant to 28 U.S.C. 1292(b) because each issue (1) is a controlling question of law; (2) there are substantial grounds for difference of opinion; and, (3) an immediate appeal may materially advance the ultimate termination of the litigation.

ACA further respectfully requests that the Court stay its deadline to answer until fourteen days following the resolution of this motion and, if the motion is granted, the resolution of the interlocutory appeal. This would save the parties' and Court's resources because if Defendant's motion is granted, then it may obviate the need to file an answer.

For the reasons set forth above, and in the concurrently-filed Memorandum in Support of Defendant's Motion to Reconsider its Motion to Dismiss for Lack of Personal Jurisdiction or to Amend Order to Add Certification for Interlocutory Appeal Pursuant to 28 U.S. § 1292(b), and Stay Proceedings Pending Appeal and to Stay Deadline for Answering Until the Motions are Ruled on.

Dated: November 19, 2015         RESPECTFULLY SUBMITTED,


By:____/s/ Brian T. Noack_____
Brian Noack
Adam Wolek
WOLEK & NOACK
70 East Lake St., Suite 1220
Chicago, IL 60601
P 239.671.1103
F 708.843.0509
***Attorneys for Defendant Ariel Capital Advisors LLC***

## CERTIFICATE OF SERVICE

The undersigned certifies that, on November 19, 2015, he caused this document to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of filing to counsel of record for each party.

Dated:  November 19, 2015        WOLEK & NOACK


                                 By:    /s/ Brian T. Noack
                                 Brian Noack