UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARIEL INVESTMENTS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 15-cv-3717 |
| ) | |
| ARIEL CAPITAL ADVISORS LLC, ) | Hon. Judge Matthew F. Kennelly |
| ) | |
| Defendant. ) | |

**Plaintiff Ariel Investments' Response to
Defendant Ariel Capital's Request for an Evidentiary Hearing**

Defendant Ariel Capital conflates the distinct concepts of *facts* and *inferences* when arguing that its motion to dismiss necessitated an evidentiary hearing. Ariel Capital first requested an evidentiary hearing on October 29, 2015, *after* weeks of jurisdictional discovery, full briefing on its motion to dismiss, and the Court's decision to deny that motion. To make this argument for reconsideration, Ariel Capital largely ignores the deposition testimony of its own principal, Christopher Bray, and instead focuses on this Court's *inferences* based on the undisputed *facts*. Ariel Capital, however, is not entitled to an evidentiary hearing just because it disagrees with the Court's conclusions. Therefore, the Court should deny Ariel Capital's request for an evidentiary hearing and its entire motion for reconsideration.[1]

***Background***

On April 28, 2015, Ariel Investments filed this trademark infringement case complaining about Ariel Capital's self-evident misuse of the ARIEL mark. (Dkt. 1.) To date, Ariel Capital

---

[1] Ariel Capital included its request for an evidentiary hearing in a lengthy Memorandum asserting multiple arguments and seeking multiple forms of relief from the Court's order denying Ariel Capital's original motion to dismiss for lack of personal jurisdiction. (Dkt. 50.) Ariel Investments opposes all of the arguments and relief requested by Ariel Capital. Ariel Investments, however, focuses only on Ariel Capital's request for an evidentiary hearing in light of the Court's instructions at the November 24, 2015, hearing on Ariel Capital's motion for reconsideration and the corresponding Minute Entry. (Dkt. 52.)

has sought to delay this matter with procedural motions rather than offer a legally sound defense of its decision to adopt the ARIEL mark – while continuing to infringe on Ariel Investments' ARIEL mark.

Ariel Capital moved to dismiss for lack of personal jurisdiction on June 10, 2015. (Dkt. 16.) Ariel Capital would not agree to provide any jurisdictional discovery. (Dkt. 22.) After the Court ordered limited discovery, Ariel Investments promptly completed that discovery and briefed the matter. (Dkt. 35.) On October 29, 2015, the Court informed the parties that it was denying Ariel Capital's motion. (Dkt. 44.)

At that October 29, 2015, hearing, Ariel Capital scrambled to maintain its procedural defense by belatedly asking for an evidentiary hearing and also asking the Court to stay its decision so that Ariel Capital could consider appealing the matter to the Seventh Circuit. (Dkt. 45.) The Court denied both requests, observing that Ariel Capital's request for a hearing was not timely.

On November 15, 2015, Ariel Capital asked for an extension of time to answer or otherwise plead to Ariel Investments' complaint. (Dkt. 46, ¶ 6.) Counsel for Ariel Investments agreed without hesitation, but Ariel Investments did not know that Ariel Capital still had no intention of defending this case on the merits but, instead, was simply going to belabor the procedural fight. On November 19, 2015, Ariel Capital filed its motion for reconsideration. (Dkt. 49.) And on November 24, 2015, the Court directed Ariel Investments to respond to a single issue – whether or not an evidentiary hearing was required. (Dkt. 52.)

## *Argument*

Ariel Capital's argument rests on the mistaken proposition that an evidentiary hearing was required to decide its motion to dismiss. That is not correct; a district court may rule on a

motion to dismiss based on the submission of written materials without an evidentiary hearing. *Riverdale Plating & Heat Treating, LLC v. Andre Corp.*, No. 15 C 3255, 2015 U.S. Dist. LEXIS 138282, at *2 (N.D. Ill. Oct. 9, 2015) (quoting *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487 (7th Cir. 2014)). Where the Court finds no material facts are in dispute, "a plaintiff need only make a *prima facie* showing that personal jurisdiction exists" and no evidentiary hearing is necessary. *Nalco Co. v. Envtl. Mgmt.*, No. 08 C 2708, 2009 U.S. Dist. LEXIS 26947, at *7 (N.D. Ill. March 31, 2009) (citing *Hyatt Int'l Corp. v. Coco,* 302 F.3d 707 (7th Cir. 2002)). As a matter of law, no disputes of material fact exist where one side relies on the written submissions by a party-opponent to demonstrate that a court has personal jurisdiction. *Id.; Abbott Labs., Inc. v. Biovalve Techs., Inc.,* 543 F.2d 913, 915-918 (N.D. Ill. 2008).

In this case, the Court denied Ariel Capital's motion to dismiss based on *facts* that were not only undisputed, but are largely supplied by Ariel Capital and its principal, Mr. Bray. Ariel Capital's belated request for an evidentiary hearing focuses on the *inferences* drawn by the Court from those undisputed facts. In order to require this Court to hold an evidentiary hearing, however, Ariel Capital must point to disputed material *facts*. *Nalco Co.*, 2009 U.S. Dist. LEXIS 26947, at *7.

**I.     The Court Relied on Undisputed Facts.**

The Court never "conceded that the facts used to support jurisdiction were contested" despite Ariel Capital's repeated argument to the contrary. (Dkt. 50 at 7-9.) In reality, the Court relied on three undisputed facts in denying Ariel Capital's motion. The Court's factual findings and their undisputed evidentiary basis are outlined in the following chart:

| **Factual Finding:** |
|---|
| Bray worked in the investment capital field for more than 20 years. |

| |
|---|
| **Undisputed Supporting Facts:** |
| • Mr. Bray's self-authored website biography demonstrates that Mr. Bray has worked in the financial services business since at least 1991. (Dkt. 35-1, Excerpts from Bray Deposition and select exhibits , including Ex. P-12.) |

| |
|---|
| **Factual Finding:** |
| Ariel Investments engaged in extensive marketing and advertising over that same 20 year period, and Mr. Bray was exposed to that advertising. |

| |
|---|
| **Undisputed Supporting Facts:** |
| • Mr. Bray testified that during his time in the financial services field he read an interview with Ariel Investments' founder, John Rogers. (Bray Dep. at 68:9-25; 69:1-3.) |
| • Mr. Bray regularly reads a trade publication called *Investment Capital*. (*Id.* at 41:20-25; 42:1-10.) |
| • Ariel Investments has placed prominent advertisements in *Investment Capital*, including full-page ads and wrapper ads. (Dkt. 28, Declaration of Merrillyn Kosier at ¶ 11.) |
| • Mr. Bray attended conferences where Ariel Investments was a major sponsor with significant display advertising. (*Id.* at 47:12-25; 48:1-15.) |
| • Mr. Bray may have received more than 30 emails from Ariel Investments from 2010 to 2013, identifying Ariel Investments as a Chicago-based company. (Bray Dep. at 66:19-25; 67:1-6; Dkt. 30, Declaration of Roger Schmitt at Ex. RS1.) |

| |
|---|
| **Factual Finding:** |
| Bray conceded that he performed online searches before adopting the Ariel name. |

| |
|---|
| **Undisputed Supporting Facts:** |
| • Mr. Bray's deposition testimony reveals that when selecting the name Ariel Capital Advisors, he performed a Google search of his proposed company name. (Bray Dep. at 76:8-10.) |

The Court denied Ariel Capital's motion to dismiss based on these undisputed facts. This denial was proper, as, with no material facts in dispute, this Court was not, and is not, required to undertake an evidentiary hearing. *Nalco Co.*, 2009 U.S. Dist. LEXIS 26947 at *7. Indeed, an evidentiary hearing in this case would not only be illogical but a waste of judicial resources.

Ariel Capital has not pointed to any new information it seeks to provide at an evidentiary hearing and Mr. Bray has already been deposed on the issue of jurisdiction. As a result, all that an evidentiary hearing will do is to provide Mr. Bray an opportunity to re-state his prior deposition testimony. Nothing new will be added. No facts will be put in dispute. Accordingly, both the law and common sense do not require an evidentiary hearing.

## II. Ariel Capital Improperly Points to the Court's Inferences and Finding of Intent as Grounds for an Evidentiary Hearing.

Lost in Ariel Capital's request for an evidentiary hearing is the distinction between *facts* and *inferences*. "An 'inference' is generally understood to be a 'conclusion reached by considering other facts and deducing a logical consequence from them.'" *Johnson v. California*, 545 U.S. 162, 168, n.4 (2005) (quoting Black's Law Dictionary 781 (7th ed. 1999)). That is precisely what the Court did here. Based on the undisputed *facts*, as outlined above, the Court made "an *inference* that Bray realized, or deliberately chose to ignore, that he was adopting a name that arguably was confusingly similar to that used by Ariel Investments." (Dkt. 44, at 4) (emphasis added). It is this *inference*, and not the underlying *facts*, that Ariel Capital disputes.

An evidentiary hearing is not required absent a dispute as to a material *fact*. *Hyatt Int'l Corp.*, 302 F.3d at 713. No such dispute exists here. Ariel Capital did not and could not dispute that: Mr. Bray performed a Google search of his proposed company name;[2] he attended the conferences he testified he attended, he read the periodicals he testified he read. As Ariel Capital's request makes clear, however, those facts are not in dispute. Instead, Ariel Capital only disputes the conclusion this Court drew from the undisputed facts. Such a "dispute" does not give rise to an evidentiary hearing.

---

[2] Ariel Capital argues that during his online searches, Mr. Bray did not come across Ariel Investments. (Dkt. 50, at 8.) That is not how Mr. Bray testified. In response to the question of whether or not he came across Ariel Investments in his online searches he testified: "I would say no, but I'm not 100 percent certain." (Bray Dep. at 76:12-13.)

- 5 -

In a similar vein, Ariel Capital argues that because "the 'intent' to choose the name Ariel Capital Advisors was in dispute" an evidentiary hearing is required. (Dkt. 50, at 8.) Neither the law nor common sense support Ariel Capital's position. Determining a parties' intent is always, absent an admission by a party, a matter of making an inference from the facts. There is no other way to determine what is going on inside a person's mind. Ignoring this basic reality, Ariel Capital argues that when intent is disputed, as it almost always is, an evidentiary hearing is required. The law disagrees. The determination of intent to trade off another's trademark is not a fact but rather an inference derived from the facts. *Autozone, Inc. v. Strick*, 543 F.3d 923, 934 (7th Cir. 2008) (finding that even at the summary judgment stage "intent to confuse may be reasonably inferred from the similarity of the marks"); *Weber-Stephen Prods. LLC v. Sears Holding Corp. and Sears, Roebuck & Co.*, No. 13 C 01686, 2015 U.S. Dist. LEXIS 149867, at *16 (N.D. Ill. Nov. 4, 2015) ("In view of the statements of Sears executives and Sear's design process [. . .] the Court has already determined that the evidence supports a reasonable inference that 'Sears copied Weber's trade dress with an eye toward passing off its grills as Weber's.'"); *Am. Eagle Outfitters, Inc. v. Am. Eagle Furniture, Inc.*, No. 11 C 02242, 2013 U.S. Dist. LEXIS 180912, at *36 (N.D. Ill. Dec. 27, 2013) (intent to confuse on the part of the defendant can be inferred from the appearance of the marks) (citation omitted); *Packaging Supplies, Inc. v. Harley-Davidson, Motor Co.*, No. 08-cv-400, 2011 U.S. Dist. LEXIS 50897, at *22-23 (N.D. Ill. May 12, 2011) (noting that the facts in the record "suggest" that the use of the marks was intended to confuse). What Mr. Bray intended when he chose to use the ARIEL mark in his firm's name is something this Court can *infer* from the undisputed *facts*. As a result, Ariel Capital's "dispute" over the intent in choosing the name Ariel Capital Advisors is not a dispute of material facts and does not require an evidentiary hearing.

### III. Ariel Capital Waived an Evidentiary Hearing and the Ability to Assert New Facts.

Finally, Ariel Capital waived any right it may have had to an evidentiary hearing by failing to request such a hearing until ***after*** the Court denied its motion to dismiss on October 29, 2015. "The right to an evidentiary hearing [. . .] may be waived if one is not requested by the parties." *Magi XXI, Inc. v. Stato della Citta del Vaticano*, 818 F. Supp. 2d 597, 604 (E.D. N.Y. 2011) (within the context of a disputed forum selection clause) (citation omitted); *see also Zaltz v. JDATE*, 952 F. Supp. 2d 439, 448, n.5 (E.D. N.Y. 2013) (holding that because plaintiff did not request an evidentiary hearing, the plaintiff waived its right to request a hearing); *Tradecomet.com LLC v. Google, Inc.,* No. 10CV-911, 435 Fed. Appx. 31, 2011 U.S. App. LEXIS 15425, at *4 (2d Cir. July 26, 2011) (holding that plaintiff forfeited right to evidentiary hearing in connection with a motion to dismiss for improper venue by failing to request it).

Here, Ariel Capital cannot participate in discovery, brief its motion to dismiss, and wait until it received an adverse ruling before asking for a hearing. If a party could wait until it lost before asking for a hearing, and then essentially ask for a do-over after an adverse result, every contested jurisdiction motion would result in the moving party getting two bites at the apple. A party cannot sit on its rights, only to assert them when things do not go their way. Therefore, even if an evidentiary hearing was needed here, and it was not, Ariel Capital waived its rights through its knowing silence.

Moreover, Ariel Capital may not utilize its requested evidentiary hearing or its Motion for Reconsideration as a forum to present "new" evidence or testimony from Mr. Bray. *See Caisse Nationale De Credit Agricole v. CBI Indus.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (holding that in order to introduce "new evidence", "the moving party must show not only that this evidence was newly discovered or unknown to it until after the hearing, but also that it could not

with reasonable diligence have discovered and produced such evidence") (internal citations and quotations omitted).  Ariel Capital has failed to highlight any material *factual* dispute and cannot now manufacture one.

### *Conclusion*

For these reasons, Ariel Investments respectfully requests that the Court deny Ariel Capital's request for an evidentiary hearing.


| | |
|---|---|
| Dated:  December 4, 2015 | By: */s/ Arthur Gollwitzer III* |
| | Arthur Gollwitzer III (6225038) |
| | agollwitzer@michaelbest.com |
| | Luke W. DeMarte (6269621) |
| | lwdemarte@michaelbest.com |
| | Larry L. Saret (2459337) |
| | llsaret@michaelbest.com |
| | Zachary J. Watters (6310675) |
| | zjwatters@michaelbest.com |
| | MICHAEL BEST & FRIEDRICH LLP |
| | Two Prudential Plaza |
| | 180 N. Stetson Avenue, Suite 2000 |
| | Chicago, Illinois  60601 |
| | Tel:  (312) 222-0800 |
| | Fax:  (312) 222-0818 |
| | |
| | *Attorneys for Plaintiff Ariel Investments, LLC* |

**Certificate of Service**

I, Arthur Gollwitzer, III, an attorney of record in this matter, certify that on December 4, 2015, I caused a copy of the following document:

**Plaintiff Ariel Investments' Response to Defendant Ariel Capital's
Request for an Evidentiary Hearing**

to be filed with the Clerk of Court of the United States District Court for the Northern District of Illinois by electronic (ECF) filing, which provides service for the following counsel of record by e-mail delivery:

>Adam Wolek
>Brian Noack
>Wolek and Noack
>70 East Lake Street, Suite 1220
>Chicago, IL 60601

>*/s/ Arthur Gollwitzer, III*
>Arthur Gollwitzer, III