**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | | |
|---|---|---|
| ARIEL INVESTMENTS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No.: 1:15-cv-3717 |
| ARIEL CAPITAL ADVISORS LLC, | ) | |
| | ) | Judge: Hon. Matthew F. Kennelly |
| Defendant. | ) | |
| | ) | |

**REPLY IN SUPPORT OF DEFENDANT'S MOTIONS TO RECONSIDER ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

**-OR-**

**TO AMEND ORDER TO ADD CERTIFICATION FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b) AND STAY PROCEEDINGS PENDING APPEAL**

Virtually every fact that Ariel Investments, LLC ("AIL") lists as undisputed in their response is, in fact, disputed. From online search results, to advertisements and emails, to its awareness of AIL, Defendant Ariel Capital Advisors LLC ("ACA") presented contradictory evidence that disputes those facts.

AIL's arguments are also paradoxical because on one hand it concedes that an evidentiary hearing was required if facts were contested (though it argues that they were not), and on the other hand exclusively cites Second Circuit law to state that it was not required (while ignoring Seventh Circuit law that states that an evidentiary hearing "must" be held if there are contested facts). AIL also argues in its Background section that ACA "has sought to delay this matter with procedural motions rather than offer a legally sound defense." That characterization misses the mark: whether this Court has jurisdiction is a threshold Constitutional question that

controls the matter. It is fundamentally important because any ruling on a "sound defense" relies on it.[1]

Accordingly, because ACA contested facts argued by AIL to support its claim of personal jurisdiction, ACA respectfully requests the Court to hold an evidentiary hearing, or otherwise to certify for appeal whether such a hearing was required.[2]

## I. AN EVIDENTIARY HEARING IS REQUIRED BECAUSE FACTS ARE DISPUTED

"If personal jurisdiction is challenged under Rule 12(b)(2), the court must decide whether any material facts are in dispute. If so, it must hold an evidentiary hearing to resolve them, at which point the party asserting personal jurisdiction must prove what it alleged." *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002); *see also Durukan Am., LLC v. Rain Trading, Inc.*, 787 F.3d 1161, 1164 (7th Cir. 2015) ("To resolve the dispute between the conflicting evidence, the district court needed to hold an evidentiary hearing."). "[T]he plaintiff must establish jurisdiction by a preponderance of the evidence," *Purdue Res. Found. v. Sanofi–Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003), and "prove what it alleged" at that hearing, *Hyatt*, 302 F.3d at 713; *Linkepic Inc v. Vyasil, LLC*, No. 12-CV-09058, 2015 WL 7251936, at *3 (N.D. Ill. Nov. 17, 2015) ("The appropriate burden here is preponderance of the evidence, because jurisdictional discovery is complete and the Court reviewed the videotaped depositions…") (citing *Durukan Am.*, 787 F.3d at 1163–64 ("The affidavit of the party asserting

---

[1] AIL also incorrectly states that during the October 29, 2015 hearing ACA "ask[ed] the Court to stay its decision so that Ariel Capital could consider appealing the matter to the Seventh Circuit." Instead, ACA asked the Court for permission to file a motion to reconsider its decision based on certain Seventh Circuit law, which the Court permitted. It did, however, ask at the November 24, 2015 hearing for a stay until the Court resolved the jurisdictional questions.

[2] ACA also respectfully reiterates its requests for the Court to certify for appeal or reconsider whether purported knowledge of a trademark or alleged intent to trade off a name is sufficient to confer specific personal jurisdiction where there have been no contacts with Illinois, and whether there can be a finding of personal jurisdiction without a showing that a defendant purposefully availed itself of "the privilege of conducting activities [in Illinois]."

personal jurisdiction is presumed true only until it is disputed. Once disputed, the party asserting personal jurisdiction ... must prove what it has alleged.”)).

### A. An Evidentiary Hearing Should be Triggered Because ACA Disputed Each Fact AIL Argued was Undisputed

AIL contends that the three facts that were the basis for personal jurisdiction were not disputed. That is incorrect. ACA disputed each of those facts and presented evidence that showed that Mr. Bray: (1) did not see or know of “Ariel Investments” while he “worked in the investment capital field for more than 20 years”; (2) was not “exposed to that advertising” that purportedly “Ariel Investment was engaged in extensive[ly] …over that same 20-year period”; and (3) did not see “Ariel Investments” when “he performed online searches before adopting the Ariel name.”[3] Because each of these “facts” were disputed, the Court should hold an evidentiary hearing and use a preponderance of the evidence standard.

#### 1) *ACA Disputed Seeing Ariel Investments in 20 Years Working as a Wealth Advisor*

The parties presented conflicting evidence about whether Mr. Bray learned of “Ariel Investments” in the 20 years he has worked as a wealth advisor. To show that Mr. Bray had previously heard of ACA, AIL stated that “Mr. Bray’s self-authored website biography demonstrates that Mr. Bray has worked in the financial services business since at least 1991.” It argues this is uncontested. However, ACA (through Mr. Bray) disputed that it had learned of Ariel Investments over those 20 years. For example, Mr. Bray testified that:

Q: “When did you first become aware of Ariel Investments?

A: When I received a letter from Ariel Investment's counsel last summer.

[3] AIL does not contest that ACA does not have any clients in Illinois, that it does not own property in Illinois, does not have any offices or agents in Illinois, has not done any business in Illinois, or that none of its employees have ever traveled to Illinois for any purpose related to ACA.

Q: So you did not -- when you first became aware of John Rogers some time ago, you didn't know he was with Ariel Investments?

A: I did not know that.

Bray Dep. at 69: lns. 13-20 (attached as Exhibit A); *see also be2 LLC v. Ivanov*, 642 F.3d 555, 556-59 (7th Cir. 2011) (finding that the evidence was insufficient to find personal jurisdiction even though defendant intentionally adopted plaintiff's trademark to trade off its goodwill, and despite finding that he was not credible and had 20 clients in Chicago, because that was still not enough evidence to show that the defendant "targeted or exploited the market in the state."). For ease of comparison to AIL's assertions of "[t]he Court's factual findings and their undisputed evidentiary basis," ACA presents evidence disputing those facts in the following charts (broken up by section):

| **AIL's "Undisputed Supporting Facts"** | **Facts Disputing the "Undisputed Facts"** |
|---|---|
| "Mr. Bray's self-authored website biography demonstrates that Mr. Bray has worked in the financial services business since at least 1991." | AIL argues by inference that ACA was aware of Ariel Investments through 20 years working in the field. However, Mr. Bray testified he was not aware of AIL during that time:<br>Q: "When did you first become aware of Ariel Investments?<br>A: When I received a letter from Ariel Investment's counsel last summer.<br>Q: So you did not -- when you first became aware of John Rogers some time ago, you didn't know he was with Ariel Investments?<br>A: I did not know that." (Bray Dep. 69: lns. 13-20.) |

Accordingly, because ACA contested that it did not know of "Ariel Investments," whether Mr. Bray, ACA's principal owner, had heard of "Ariel Investments" while working as a wealth advisor for 20 years is a disputed fact for an evidentiary hearing.

**2) *ACA Disputed Seeing AIL's Advertising***

AIL argues that Mr. Bray was "exposed" to its marketing and advertising, however, nearly all of the "facts" AIL cites as "undisputed" were contested by ACA, or never occurred in the first place. For instance, Mr. Bray never testified he read an article with John Rogers, Ariel Investments' founder, in it. Nor did he testify that he read *Investment Capital*, a "trade publication" that AIL purportedly advertises in. He also testified he did not see AIL's emails. *See Durukan Am.*, 787 F.3d at 1163–64 ("Once [evidence is] disputed, the party asserting personal jurisdiction ... must prove what it has alleged" by a preponderance of the evidence standard). ACA compares in the following chart AIL's assertions of "[t]he Court's factual findings and their undisputed evidentiary basis," versus what ACA disputed:

| AIL's "Undisputed Supporting Facts" | Facts Disputing the "Undisputed Facts" |
|---|---|
| "Mr. Bray testified that during his time in the financial services field he read an interview with Ariel Investment's founder, John Rogers (Bray Dep. at 68:9-25; 69:1-3.)" | • Mr. Bray did not testify that he read an interview with John Rogers (Bray Dep. at 68:8-69:22.)<br>• Mr. Bray testified he "did not know that John Rogers was the CEO of Ariel Investments." (Bray Dep. at 69:22.) |
| "Mr. Bray regularly reads a trade publication called *Investment Capital*. (*Id.* at 41:20-25; 42:1-10.)" | • Mr. Bray never stated that he read Investment Capital.<br>• He testified that he reads *Investment Advisor*[4] "periodically," about "four times a year." (Bray Dep. at 41:20-23.)<br>• In response to being presented a purported cover of Investment Advisor that showed an AIL employee, Mr. Bray responded, "this is the first time I've seen this." (Bray Dep. at 43:14-19.) |
| "Ariel Investments has placed prominent advertisements in *Investment Capital*, | • Mr. Bray never stated that he read Investment Capital. |

[4] The deposition references *Investment Advisor*, not *Investment Capital*.

| | |
|---|---|
| including full-page ads and wrapper ads. (Dkt. 28, Decl. of Merrillyn Kosier at ¶ 11.)” | • In response to being presented a purported cover of Investment Advisor that showed an AIL employee, Mr. Bray responded, “this is the first time I’ve seen this.” (Bray Dep. at 43:14-19.)<br>• Mr. Bray reads Investment Advisor “periodically,” about “four times a year.” (Bray Dep. at 41:20-23.)<br>• “Many of these advertisements significantly predate ACA’s existence, and AIL does not show how its ads drove ACA to target Illinois.” (Dkt. 40 at 4.) |
| “Mr. Bray attended conferences where Ariel Investments was a major sponsor with significant display advertising. (*Id.* at 47:12-25; 48:1-15.)” | • ACA did not exist when Mr. Bray attended a Schwab conference in Washington D.C. (Dkt. 40 at 4.)<br>• Mr. Bray has not attended one of these conferences “within the last two years” and thus it predates ACA. (Bray Dep. at 47:17.)<br>• Mr. Bray was asked if “anybody from ACA attended any conferences in Illinois since ACA was founded” and responded, “they have not.” (Bray Dep. at 88:4-5, 89:1.)<br>• Mr. Bray testified he first learned of AIL when he received a letter from AIL. (Bray Dep. at 69:13-20.) |
| “Mr. Bray may have received more than 30 emails from Ariel Investments from 2010 to 2013, identifying Ariel Investments as a Chicago-based company. (Bray Dep. At 66:19-25; 67:1-6; Dkt. 30, Declaration of Roger Schmitt at Ex. RS1.)” | • Mr. Bray testified “we get a zillion e-mails from a zillion different firms” and it “may have been open[ed] in terms of deleting” and “may have been opened to delete so it doesn’t show up as unread” and that “this looks like junk mail.” (Bray Dep. at 66:5-8, 11-14.)<br>• Mr. Bray testified he first learned of AIL when he received a letter from AIL. (Bray Dep. at 69:13-20.) |

**3) *ACA Disputed Seeing Ariel Investments in a Google Search***

The parties presented conflicting evidence about what appeared in a Google search. AIL swore in an affidavit that it did a search on Google and saw “Ariel Investments’” webpage as the

third hit, so it inferred that Mr. Bray must have seen it too. However, Mr. Bray testified that he did not see "Ariel Investments" appear as a search result. *See* Bray Dep. at 76:8-10 (After being asked if he found any other financial services firms using the name "Ariel," Mr. Bray responded "not that I recall."); *see also* Bray Dep. at 76:3-6. ("When we talked about, oh, Ariel Capital Advisors, my recollection is Googling Ariel Capital Advisors, not finding any other firm named Ariel Capital Advisors."). Accordingly, the fact of whether Mr. Bray saw "Ariel Investments" in his Google search is disputed. *See Durukan Am.*, 787 F.3d at 1163–64 ("The affidavit of the party asserting personal jurisdiction is presumed true only until it is disputed. Once disputed, the party asserting personal jurisdiction ... must prove what it has alleged.").

| AIL's "Undisputed Supporting Facts" | Facts Disputing the "Undisputed Facts" |
|---|---|
| "Mr. Bray's deposition testimony reveals that when selecting the name Ariel Capital Advisors, he performed a Google search of his proposed company name. (Bray Dep. at 76:8-10.)" | • "Q: What about [finding AIL]; A: I would say no, but I'm not 100 percent certain." (Bray Dep. at 76:11-13.)<br>• After being asked if he found any other financial services firms using the name "Ariel," Mr. Bray responded "not that I recall." (Bray Dep. at 76:8-10.)<br>• "When we talked about, oh, Ariel Capital Advisors, my recollection is Googling Ariel Capital Advisors, not finding any other firm named Ariel Capital Advisors." (Bray Dep. at 76:3-6.)<br>• "Google tailors search results to individuals, and because search results change over time, AIL's attorney's "replicated" search provides no support or reliability that "Ariel Investments" came up years earlier." (Dkt. 40 at 3.) |

### B. AIL's Argument That ACA Relies on Inferences is Rebutted by a Comparison of Its Chart

AIL argues that the Court ruled on "undisputed facts [sic]," and states ACA only "points" to inferences. P's Resp., Dkt. 53 at 5. However, each of the "facts" AIL lists as "undisputed" were disputed by ACA, as exhibited in the right column of each chart listed above. Because AIL itself called these "facts," and because these facts were disputed, this triggers an evidentiary hearing and a preponderance of the evidence standard.

### C. The Court was Required to Hold an Evidentiary Hearing if Facts Were Disputed

AIL argues that ACA waived an evidentiary hearing. In support, it cites law from courts in the Second Circuit. However, the Seventh Circuit unambiguously stated that: "If personal jurisdiction is challenged under Rule 12(b)(2), the court ***must decide*** whether any material facts are in dispute. If so, it ***must hold*** an evidentiary hearing to resolve them..." *Hyatt*, 302 F.3d at 713 (emphasis added); *Philos Techs., Inc. v. Philos & D, Inc.*, 645 F.3d 851, 859 (7th Cir. 2011) (same); *see also Linkepic Inc v. Vyasil, LLC*, No. 12-CV-09058, 2015 WL 7251936, at *3 (N.D. Ill. Nov. 17, 2015) (same); *Nat'l Prod. Workers Union Ins. Trust v. Cigna Corp.*, No. 05-CV-5415, 2006 WL 140544, at *1 (N.D. Ill. Jan. 13, 2006) (same); *Sirazi v. Gen. Mediterranean Holding, SA*, No. 12-CV-0653, 2013 WL 812271, at *3 (N.D. Ill. Mar. 5, 2013) (same); *and see Durukan*, 787 F.3d at 1164 ("To resolve the dispute between the conflicting evidence, the district court needed to hold an evidentiary hearing."). Here, as discussed above, there were material facts in dispute.[5] Indeed, the Court acknowledged as much when it stated "Bray testified that he did not seek to trade on the name of another entity and that his use of 'Ariel' was inspired by

---

[5] AIL suggests that ACA could have used a hearing as a way to get "two bites at the apple." However, based on its reading of Seventh Circuit law, ACA respectfully maintains that it is the providence of a district court to first consider whether facts were in dispute prior to holding a hearing, and hold one if there were.

other considerations." Dkt. 44 at 4. And furthermore, these facts are central to whether ACA had sufficient minimum contacts with Illinois to support jurisdiction, so the Court accordingly should hold an evidentiary hearing and use a preponderance of the evidence standard.

**II. IN THE ALTERNATIVE, ACA REQUESTS THAT THE COURT CERTIFY THESE ISSUES FOR INTERLOCUTORY APPEAL**

If the Court denies ACA's motion for reconsideration and denies an evidentiary hearing, ACA respectfully reiterates its requests that this Court amend its October 29, 2015 Order to include the certification necessary for it to seek an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) because each of ACA's three questions: (a) is a controlling question of law; (b) there are substantial grounds for difference of opinion; and, (c) an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b); *In re Text Messaging Antitrust Litig.*, 630 F.3d 622, 624-25 (7th Cir. 2010).

**CONCLUSION**

For the foregoing reasons and the reasons it stated in its opening memorandum, its motion to dismiss and its reply, Defendant ACA respectfully requests that this Court withdraw its October 29, 2015 Order and hold an evidentiary hearing, or reconsider its ruling on the Motion to Dismiss, or otherwise amend its October 29, 2015 Order to certify the ruling for interlocutory appeal, and to stay the proceedings while that appeal is pending.

Dated: December 7, 2015

Respectfully submitted,

By: s/ Adam Wolek
Brian T. Noack
Adam Wolek
WOLEK & NOACK
70 East Lake St., Suite 1220
Chicago, Illinois 60601
P 312.860.9006
F 708.843.0509
***Attorneys for Defendant Ariel Capital Advisors LLC***

**CERTIFICATE OF SERVICE**

The undersigned certifies that, on December 7, 2015, he caused this document to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of filing to counsel of record for each party.


Dated: December 7, 2015                     WOLEK & NOACK


                                            By: s/ Adam Wolek
                                            Adam Wolek