```
  1                IN THE UNITED STATES DISTRICT COURT
                      NORTHERN DISTRICT OF ILLINOIS
  2                         EASTERN DIVISION

  3

  4   ARIEL INVESTMENTS, LLC,            )  Docket No. 15 C 3717
                                         )
  5                    Plaintiff,        )
                                         )
  6             vs.                      )
                                         )
  7   ARIEL CAPITAL ADVISORS LLC,        )  Chicago, Illinois
                                         )  December 9, 2015
  8                    Defendant.        )  9:55 o'clock a.m.

  9
                TRANSCRIPT OF PROCEEDINGS - MOTION
 10          BEFORE THE HONORABLE MATTHEW F. KENNELLY

 11   APPEARANCES:

 12

 13   For the Plaintiff:    MICHAEL BEST & FRIEDRICH LLP
                            BY:  MR. ARTHUR GOLLWITZER, III
 14                              MR. ZACHARY J. WATTERS
                            180 North Stetson Avenue, Suite 2000
 15                         Chicago, IL  60601
                            (312) 222-0800
 16

 17
      For the Defendant:    WOLEK & NOACK
 18                         BY:  MR. ADAM WOLEK
                                 MR. BRIAN T. NOACK
 19                         233 South Wacker Drive, Suite 2100
                            Chicago, IL  60606
 20                         (312) 860-9006

 21

 22

 23   Court Reporter:       MS. CAROLYN R. COX, CSR, RPR, CRR, FCRR
                            Official Court Reporter
 24                         219 S. Dearborn Street, Suite 2102
                            Chicago, Illinois  60604
 25                         (312) 435-5639
```

1 (The following proceedings were had in open court:)
2 THE CLERK: Case number 15 C 3717, Ariel Investments
3 v. Ariel Capital Advisors.
4 MR. WOLEK: Good morning, your Honor. Adam Wolek and
5 Brian Noack on behalf of defendant Ariel Capital Advisors LLC.
6 MR. GOLLWITZER: Good morning, your Honor. Arthur
7 Gollwitzer and Zach Watters for the plaintiff Ariel
8 Investments.
9 THE COURT: I've got before me -- what I have before
10 me is the plaintiff's motion -- excuse me, yeah, the
11 plaintiff's motion -- the defendant's motion, rather, that's
12 entitled -- it's got a long title; that's why I want to call
13 it up so I have the right thing. The computer is working
14 slowly.
15 MR. GOLLWITZER: I think we shortened it in our
16 response brief, your Honor, if you want.
17 THE COURT: It's the defendant's motion to reconsider
18 the ruling on the motion to dismiss for lack of personal
19 jurisdiction or to amend the order to certify it for
20 interlocutory appeal under 28 U.S.C. 1292(b) and to stay
21 proceedings in the case pending the appeal. I had asked the
22 parties to brief a question which was raised in that, and that
23 has to do with whether I ought to have held an evidentiary
24 hearing of some sort before a ruling on the motion to dismiss
25 for lack of personal jurisdiction.

1  So I will say that the Seventh Circuit's case law on
2  this topic, the question of evidentiary hearings, is something
3  short of a hundred percent clear. Although I am not sure that
4  that's all that critical to this motion, the plaintiff cites
5  in their response brief in the scheme of things a pretty gosh
6  darn recent case called Northern Grain Marketing v. Greving,
7  G-r-e-v-i-n-g, 743 F.3d 487, decided in 2014 by the Seventh
8  Circuit.
9  When it talks about the standard of review over on
10  page 491, it says, The plaintiff -- I am leaving out the
11  cites -- The plaintiff bears the burden of establishing
12  personal jurisdiction when the defendant challenges it,
13  whereas, here, the district court rules on a defendant's
14  motion to dismiss based on the submission of written materials
15  without holding an evidentiary hearing. The plaintiff need
16  only make out a prima facie case of personal jurisdiction. We
17  resolve factual disputes in the plaintiff's favor in
18  evaluating whether that showing has been made, though, in the
19  present case, the facts material to the personal jurisdiction
20  question are undisputed.
21  So at various points in that quote, the Court cited
22  Purdue Research Foundation, I am not going to give the name of
23  the defendant because it's hard to pronounce, a case from
24  2003. And so the way they wrote that in the Northern Green
25  Marketing case, if you look at that last sentence, it assumes

1 that there can be factual disputes that can be resolved
2 without an evidentiary hearing, and they're supposed to be
3 resolved in the plaintiff's favor.  That's on the one hand.
4 There's a bunch of cases that say that.
5 　　　　　On the other hand is a slightly more recent case,
6 which is called -- which is cited by the defendant, Philos,
7 P-h-i-l-o-s, Technologies, Inc., v. Philos & D, the letter D,
8 Inc., 802 F.3d 905 decided this year.  And in that case,
9 citing a case that was literally in the same volume of F.3d as
10 the -- I'm sorry, it's a little earlier in F.3d than the
11 Purdue Research Foundation case, namely, Hyatt International
12 Corporation v. TOTO, 302 F.3d 707, a decision from 2002.  The
13 Court says that if material facts about personal jurisdiction
14 are in dispute, the Court must hold an evidentiary hearing to
15 resolve them.  Until that hearing is held, the parties
16 asserting personal jurisdiction may only make out a prima
17 facie case.  In some circumstances, particularly when the
18 Court is required to assess credibility, in order to resolve
19 factual disputes, the Court may be required to allow either
20 cross-examination of witnesses or prehearing discovery if a
21 party so requests.
22 　　　　　So what's interesting about that is that although the
23 Court talks about an evidentiary hearing in the first part of
24 what I just quoted, in the last part of it, they say that the
25 Court may be required to allow cross-examination of witnesses,

1  which, you know, by your usual definition of evidentiary
2  hearing comes with the territory, all of which says to me that
3  I am not entirely clear on what the Seventh Circuit means
4  exactly or if they made it clear what they mean when they say
5  "evidentiary hearing."
6        That aside, to the extent that this is a right
7  somebody has, I guess in this case, the defendant, it's like
8  any other right; it can be waived or forfeited. That's what
9  happened here.
10        In the plaintiff's response to the motion to dismiss
11  for personal jurisdiction, the defendant -- the plaintiff on
12  page 2 gave the standard. By the way, the defendant's opening
13  brief had not really talked about this particular aspect of
14  it -- in other words, how you resolve disputes -- but the
15  plaintiff on page 2 said, When a motion to dismiss for lack of
16  personal jurisdiction is decided on affidavits and other
17  documents, the plaintiff may only make a prima facie showing
18  of personal jurisdiction to defeat the motion. The Court must
19  accept as true all well pleaded facts alleged in the complaint
20  and resolve any factual disputes in the affidavits in favor of
21  the plaintiff. It cites other cases, but it's essentially
22  what was said in this Northern Grain case.
23        MR. WOLEK: Your Honor --
24        THE COURT: In the reply brief -- I am ruling, so
25  just keep it to yourself.

1  In the reply brief, the defendant did not take issue
2  with that standard and did not request an evidentiary hearing,
3  although, if you believe what the defendant is saying now,
4  there were factual disputes all over the place.  The current
5  request for an evidentiary hearing has been forfeited or
6  waived, whichever term you prefer.
7  Even if that were not the case, I agree with the
8  plaintiff that the determinations on which I base the finding
9  of personal jurisdiction were inferences from the facts, not
10 facts themselves, and it's not clear to me, and I don't think
11 that in that situation that an evidentiary hearing is required
12 anyway, so I don't think that I needed to hold an evidentiary
13 hearing.
14 The two other issues that were raised, one is
15 essentially a reargument of the merits that the conduct, as I
16 determined it, wasn't sufficient to give rise to personal
17 jurisdiction.  I disagree with that for the reasons that I
18 said before.  And the other one is that somehow there's a
19 notion that I didn't say the magic words about purposeful
20 availed itself or something like that.  I certainly quoted
21 that standard, and my conclusion was that there was a proper
22 basis for personal jurisdiction under the law as it exists.
23 The motion to reconsider it is denied as is the motion under
24 1292(b).
25 I don't think this is a question under which there is

1 reasonable grounds to find some sort of a difference of
2 opinion about what the law is in anything that's material.
3 This whole thing about evidentiary hearings is a matter of
4 unclarity, but that's not really critical to this. The motion
5 to reconsider and to certify and to stay is denied.
6      The answer to the complaint is due in four weeks.
7 That's the 6th of January.
8      We're going to have a status hearing shortly after
9 that to set a schedule all the way through trial because I
10 said I was going to give you a prompt trial date, and so I
11 want you to talk about a schedule and try to agree on one. If
12 you can't, that's fine. Just come in prepared to talk about
13 it. We are going to do the status hearing on the 13th of
14 January at 9:00 in the morning. That will be in chambers.
15 Take care.
16      MR. WOLEK: Thank you, your Honor.
17      MR. GOLLWITZER: Your Honor, is it possible to do the
18 12th of January?
19      THE COURT: Are you okay on the 12th on the defense
20 side? Either one is fine with me.
21      MR. WOLEK: We are okay on the 12th, your Honor.
22      THE COURT: 12th of January at 9:00 o'clock.
23      MR. GOLLWITZER: Thank you, your Honor.
24   (Which were all the proceedings had in the above-entitled
25 cause on the day and date aforesaid.)

1   I certify that the foregoing is a correct transcript from
2   the record of proceedings in the above-entitled matter.

3   Carolyn R. Cox                                    Date
    Official Court Reporter
4   Northern District of Illinois

5   /s/Carolyn R. Cox, CSR, RPR, CRR, FCRR