UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARIEL INVESTMENTS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 15-cv-3717 |
| ) | |
| ARIEL CAPITAL ADVISORS LLC, ) | Hon. Judge Matthew F. Kennelly |
| ) | |
| Defendant. ) | |

**Plaintiff Ariel Investments, LLC's Memorandum of Law in Support of its Motion to Dismiss Defendant Ariel Capital Advisors LLC's Fourth and Fifth Counterclaims**

Defendant Ariel Capital Advisors ("Ariel Capital") asserted meritless counterclaims for trademark cancellation – fraud (counterclaim IV) and abuse of process (counterclaim V) in retaliation for the Complaint and to tarnish the good name of Plaintiff Ariel Investments. Both of these counterclaims are based on vague, conclusory, and unsupported allegations. Ariel Capital's counterclaim entitled "Trademark Cancellation – Fraud" (counterclaim IV) fails to plead allegations of fraud with the particularity required by Federal Rule of Civil Procedure 9(b). Ariel Capital's counterclaim entitled "Abuse of Process" (counterclaim V) fails to allege any abuse of process, merely reciting boilerplate elements.

*Background*

Ariel Investments has been using its ARIEL mark consistently for over 30 years. Ariel Investments obtained Registration No.1286420 for the ARIEL mark in 1984. (Dkt. 1, ¶ 12.) Additionally, Ariel Investments obtained Registration No. 3506141 for the ARIEL INVESTMENTS mark in 2008. (*Id*.) The registrations for ARIEL and ARIEL INVESTMENTS have become "incontestable" and constitute conclusive evidence of the validity of the marks

shown therein, and Ariel Investments' exclusive right to use such registered marks pursuant to 15 U.S.C. § 1115(b). (*Id.* ¶ 14.)

Ariel Investments discovered that Ariel Capital had misappropriated its ARIEL mark and in August 2014, Ariel Investments' trademark counsel wrote to Ariel Capital and asked it to stop using the ARIEL mark. Ariel Capital's founder and counsel Christopher Bray responded in writing and refused to stop using the mark. (Dkt. 1, ¶ 25.) Mr. Bray ignored follow up calls from Ariel Investments and continued to use the ARIEL mark upon being served with this suit.

On April 28, 2015, Ariel Investments filed this trademark infringement case complaining about Ariel Capital's infringement of the ARIEL mark. (Dkt. 1.) For the first eight months of this litigation, Ariel Capital tried to derail this case with procedural motions rather than offer a legally sound defense of its decision to adopt the ARIEL mark – all the while continuing to infringe on Ariel Investments' ARIEL mark.

Following the denial of Ariel Capital's motion to dismiss (Dkt. 44) and request for an evidentiary hearing and additional relief (Dkt. 55), Ariel Capital filed its Answer to Complaint and Counterclaims ("Answer") (Dkt. 64). Ariel Capital's Answer includes counterclaims for: declaratory judgment (counterclaim I); trademark cancellation – generic (counterclaim II); trademark cancellation – abandonment (counterclaim III); trademark cancellation – fraud (counterclaim IV); and abuse of process (counterclaim V). (*Id.*)[1]

---

[1] Counterclaims I-III are meritless but are not the subjects of the instant motion to dismiss. Nevertheless, Ariel Investments is not required to answer Counterclaims I-III while the instant motion is pending. *See e.g. Oil Express Nat'l v. D'Alessandro*, 173 F.R.D. 219, 220-21 (N.D. Ill. 1997); *see also* 5B Wright & Miller, *Federal Practice and Procedure: Civil 3d* § 1346 at p. 46 (2004 & Supp. 2015).

*Argument*

Ariel Capital's counterclaims for trademark cancellation – fraud (counterclaim IV) and abuse of process (counterclaim V) fall short of meeting basic federal pleading standards and should be dismissed under Federal Rule of Civil Procedure 12(b)(6).

A complaint or counterclaim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A "statement of facts that merely creates a suspicion [of] a legally cognizable cause of action" is insufficient. *Twombly*, 550 U.S. at 555 (citation omitted). In order to state a claim that is plausible on its face, the party asserting the claim must plead "factual content that allows the court to draw the reasonable inference that the [counterclaim defendant] is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In applying this standard, the court must disregard conclusions couched as factual allegations, as well as allegations which "amount to nothing more than a formulaic recitation of the elements" of a claim. *Id*. at 681 (quotation marks omitted). The court should then assume the truth of the remaining allegations and "determine whether they plausibly give rise to an entitlement to relief." *Id*. at 664. "[W]here the well-pled facts do not permit the court to infer more than the mere possibility of misconduct, the [counterclaim] has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id*. at 679 (citation omitted).

**I.     Ariel Capital's Trademark Cancellation – Fraud Counterclaim Fails the Heightened Pleading Standard of Rule 9(b).**

Ariel Capital devotes only two paragraphs to its claim for fraud. (Dkt. 64, ¶¶ 94-95.)

- "Upon information and belief, Counterclaim Defendant AIL has committed fraud on the USPTO in that the logos, drawings, and specimens filed alleging use of the mark

> it registered as Federal Trademark Registration No. 1,286,420 in commerce are, in fact, not representative of such use." (*Id.* ¶ 94.)

- "Upon information and belief, Counterclaim Defendant AIL was aware of the facts alleged in paragraph 94 herein at the time of the filing of such specimens, and Counterclaim Defendant AIL acted with intent to deceive the USPTO in order to obtain a trademark registration for the mark it registered at Federal Trademark Registration No. 1,286,420." (*Id.* ¶ 95.)

These two allegations are not enough to state a plausible claim for fraud on the Trademark Office.

Federal Rule of Civil Procedure Rule 9(b) requires claims sounding in fraud to be pleaded with particularity. *Borsellino v. Goldman Sachs Grp.*, 477 F.3d 502, 507 (7th Cir. 2007). That rule serves "three main purposes: (1) protecting [the adverse party's] reputation from harm; (2) minimizing 'strike suits' and 'fishing expeditions'; and (3) providing notice of the claim to the adverse party." *Vicom v. Harbridge Merch. Servs.*, 20 F.3d 771, 777 (7th Cir. 1994) (citations omitted). "Accusations of fraud can do serious damage to the goodwill of a business firm or a professional person. People should be discouraged from tossing such accusations into complaints in order to induce advantageous settlements or for other ulterior purposes. Rule 9(b) does that." *Bankers Trust v. Old Republic Ins.*, 959 F.2d 677, 683 (7th Cir. 1992). Under Rule 9(b), a party asserting a claim for fraud must "state with particularity the circumstances constituting fraud," including specifically identifying the "identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Gen. Elec. Cap. Corp. v. Lease Resolution Corp.*, 128 F. 3d 1074, 1078 (7th Cir. 1997). In short, the rule requires the "who, what, when, where, and how" of the circumstances of the alleged fraud. *Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 507 (7th Cir. 2007); see also *DiLeo v. Ernst & Young*, 901 F.2d 614, 627 (7th Cir. 1990). Conclusory allegations that an adverse

party's conduct was fraudulent and deceptive do not satisfy the rule. *Butler v. Greenlee Textron*, No. 10-528-GPM, 2011 U.S. Dist. LEXIS 34425, at *6 (S.D. Ill. Mar. 31, 2011).

As applied in trademark cases, "[a]llegations of trademark fraud must be stated with particularity in accordance with Fed. R. Civ. P. 9(b)." *Nw. Corp. v. Gabriel Mfg. Co.*, No. 95 C 2004, 1996 U.S. Dist. LEXIS 6137, at *14-15 (N.D. Ill. May 8, 1996) (citing *Oreck Corp. v. Thomson Consumer Elecs., Inc*. 796 F. Supp. 1152, 1159 (S.D. Ind. 1992)); *see also Carmichael v. Prime*, No. IP 02-0379-C-T/K, 2003 U.S. Dist. LEXIS 6444, at *9 (S.D. Ind. Jan. 6, 2003) (finding that a party "may not rest on the bare allegation that Defendants defrauded the PTO" and that the requirements of Rule 9(b) apply); *San Juan Prods. v. San Juan Pools of Kan., Inc.*, 849 F.2d 468, 472 (10th Cir. 1988) (holding that allegations of fraud in the procurement of a trademark "must be alleged with specificity as required by Rule 9(b), both in federal court and in PTO administrative proceedings.") (citation omitted). Ariel Capital's two allegations – both stated "on information and belief" – are nothing more than legal conclusions and inadequate under the heightened pleading standards of Rule 9(b) for two reasons.

*First*, basing allegations on "information and belief," without any concrete factual underpinnings of those beliefs, generally does not satisfy the specificity requirement when pleading fraud. *See Jones v. Hoosman*, No. 05 C 2909, 2006 U.S. Dist. LEXIS 31807, at *10 (N.D. Ill. May 9, 2006); *see also Cathedral Trading, LLC v. Chi. Bd. Options Exch.*, 199 F. Supp. 2d 851, 857 (N.D. Ill. 2002) ("Allegations made upon information and belief are insufficient [to allege fraud] . . . unless the plaintiff states the grounds for his suspicions.") Ariel Capital's allegations regarding fraud lack any grounds or basis for its suspicions or beliefs. For this reason alone, Ariel Capital's counterclaim for trademark cancellation – fraud (counterclaim IV) should be dismissed.

*Second*, Ariel Capital's allegations fail to provide Ariel Investments with the basic information surrounding the alleged fraudulent conduct as required by Rule 9(b). As noted above, Rule 9(b) requires pleading the "who, what, when, where, and how" of the circumstances of the alleged fraud. *Borsellino*, 477 F.3d at 507; see also *DiLeo*, 901 F.2d at 627. Here, Ariel Capital's two paragraphs of allegations do not specify: (i) the identity of the person making the allegedly fraudulent statement(s) (the "who"), (ii) the content of the allegedly fraudulent statement(s), and specifically what made the statement(s) fraudulent (the "what"), (iii) the date the allegedly fraudulent statement(s) were made (the "when"), or (iv) the place, or even the specific document(s) containing the allegedly fraudulent statement(s) (the "where"). Simply put, Ariel Capital cannot allege fraud in the procurement of a trademark merely by alleging that the materials submitted to the USPTO are "not representative of such use." (Dkt. 64, ¶ 94.)

Ariel Capital does not even explain the "such use" to which the materials are allegedly "not representative." The Trademark Act merely requires "specimens or facsimiles of the mark as used" and "a drawing of the mark[,]" 15 U.S.C. § 1051(a), and leaves to the Director of the U.S. Patent and Trademark Office the decision as to whether the trademark applicant supplied the necessary requirements for registration. 15 U.S.C. § 1057. Rule 9(b) requires Ariel Capital to allege more. Accordingly, Ariel Capital's counterclaim for trademark cancellation – fraud (counterclaim IV) should be dismissed.

**II.     Ariel Capital's Abuse of Process Counterclaim Fails to Allege Facts Demonstrating Abuse of Process and Should be Dismissed.**

Here, once again, Ariel Capital devotes only two paragraphs to its claim for abuse of process. (Dkt. 64, ¶¶ 97-98.)

- "On information and belief, Counterclaim Defendant AIL has instituted this lawsuit for an ulterior purpose or motive, specifically, to impose disproportionate costs on

> Counterclaim Plaintiff ACA regardless of whether or not Counterclaim Defendant AIL's claim is colorable." (*Id*. ¶ 97)
>
> - "Counterclaim Defendant AIL has misused the legal process as an inappropriate act primarily to accomplish its purpose of imposing disproportionate costs on Counterclaim Plaintiff ACA regardless of whether or not Counterclaim Defendant AIL's claim is colorable. Specifically, Counterclaim Defendant AIL has knowingly retained experts in this matter to engage in intentional deceit and willful fabrication for the sole purpose of deceiving this Court in pursuit of Counterclaim Plaintiff ACA. (Dkt. 29.) Similarly, Counterclaim Defendant AIL knowingly and purposely deceived this Court by making a number of knowingly false statements in direct contradiction to the established record in this matter (e.g., characterizing as "undisputed facts" false information that deponent "read an interview with Ariel Investments' founder, John Rogers" and the deponent "regularly reads a trade publication called Investment Capital.") (Dkt. 53)." (*Id*. ¶ 98.)

These threadbare allegations are insufficient to plead a claim for abuse of process.

Illinois courts have "taken a very restrictive view of the tort of abuse of process." *Commerce Bank N.A. v. Plotkin*, 255 Ill. App. 3d 870, 872 (3d Dist. 1994). To state a claim for abuse of process, Ariel Capital must plead facts supporting two elements: (i) some act in the use of the legal process not proper in the regular prosecution of such proceedings; and (ii) the existence of an ulterior purpose or motive. *Kirchner v. Greene*, 294 Ill. App. 3d 672, 683 (1st Dist. 1998).

To satisfy the first element, Ariel Capital was required to allege that the "process has been used to accomplish some result which is beyond the purview of the process, or which compels the party against whom it is used to do some collateral thing which he could not legally be compelled to do." *Doyle v. Shlensky*, 458 N.E.2d 1120, 1128 (Ill. App. Ct. 1st Dist. 1983). But, "[t]he mere filing of a lawsuit, even with a malicious motive, does not constitute an abuse of process." *Commerce Bank*, 255 Ill. App. 3d at 872. Moreover, under Illinois law, the word "process" is given its literal meaning. *Id*. "Illinois courts have repeatedly held that: [. . .] '[s]ome act must be alleged whereby that has been a misuse or perversion of the *process of the*

*court.*'" *Vasarhelyi v. Vasarhelyi*, No. 09 C 2440, 2010 U.S. Dist. LEXIS 35922, at *6 (N.D. Ill. Apr. 7, 2010) (quoting *Holiday Magic, Inc. v. Scott*, 282 N.E.2d 452 (Ill. App. Ct. 1st Dist. 1972)) (emphasis added). Specifically, "'[p]rocess' is defined as 'any means used by the court to acquire or to exercise its jurisdiction over a person or over specific property.'" *Doyle*, 458 N.E.2d at 1128 (quoting *Holiday Magic, Inc.*, 282 N.E.2d at 456). "Process is issued by the court, under its official seal and must be distinguished from pleadings, which are created and filed by the litigants." *Doyle*, 458 N.E.2d at 1128. Ariel Capital's allegations demonstrate that Ariel Capital misunderstands the tort of abuse of process and that Ariel Capital's counterclaim for abuse of process (counterclaim V) should be dismissed for two independent reasons.

*First*, as a matter of law, Ariel Capital cannot base an abuse of process claim on Ariel Investments filing this lawsuit. *Commerce Bank*, 255 Ill. App. 3d at 872. This is true regardless of whether or not that lawsuit was allegedly initiated for malicious purposes or whether or not the lawsuit is colorable.[2] *Id*.

*Second*, Ariel Capital's allegations regarding the content of various pleadings[3] filed by Ariel Investments cannot be the basis for an abuse of process claim. As highlighted above,

---

[2] Ariel Capital questions whether Ariel Investments' claims are "colorable" in its counterclaim. (Dkt. 64, ¶¶ 97-98.) This argument is contradicted by two uninterested legal experts quoted in a Chicago Tribune article regarding this case. The article was apparently instigated by Christopher Bray, who provided a photograph and quotations for that article. *See* Gail MarksJarvis and Kim Janssen, *Obama friend's company fights 'little firm' to protect 'Ariel' trademark*, CHICAGO TRIBUNE ONLINE (Nov. 20, 2015, 3:41 PM), http://www.chicagotribune. com/business/ct-ariel-trademark-lawsuit-1120-biz-20151119-story.html (quoting University of Chicago Law Professor Jonathan Masur as stating: "He's [Ariel Capital] going to lose[.] The fact that he named his firm after his daughter has no bearing – if that were the case, somebody called McDonald could open a burger restaurant and call it 'McDonald's[.]") (a copy of the article is attached as Exhibit A).

[3] Ariel Capital accuses Ariel Investments of knowingly retaining "experts in this matter to engage in intentional deceit and willful fabrication[.]" (Dkt. 64, ¶ 98.) In support of this allegation Ariel Capital cites to the Declaration of John Shoenfelt, a private investigator. (Dkt. 29.) Ariel Investments filed Mr. Shoenfelt's declaration in conjunction with its Response to Defendant

"process" is defined as actions taken *by the court* and is specifically "distinguished from pleadings, which are created and filed by the litigants" in the course of the case. *Doyle*, 458 N.E.2d at 1128. Here, Ariel Capital vaguely complains about pleadings generated by Ariel Investments, specifically a declaration from a private investigator (Dkt. 29) and Ariel Investments' Response to Ariel Capital's Request for an Evidentiary Hearing (Dkt. 53), and not any "process" generated by the Court. These pleadings cannot give rise to an abuse of process claim. *Holiday Magic*, 282 N.E.2d at 456. Accordingly, Ariel Capital's counterclaim for abuse of process (counterclaim V) should be dismissed for failure to state a claim.

### *Conclusion*

For these reasons, Ariel Investments respectfully requests that the Court dismiss Ariel Capital's counterclaims for trademark cancellation – fraud (counterclaim IV) and abuse of process (counterclaim V) with prejudice.

Dated: January 27, 2016

By: */s/ Arthur Gollwitzer III*
Arthur Gollwitzer III (6225038)
 agollwitzer@michaelbest.com
Luke W. DeMarte (6269621)
 lwdemarte@michaelbest.com
Larry L. Saret (2459337)
 llsaret@michaelbest.com
Zachary J. Watters (6310675)

---

Ariel Capital's Motion to Dismiss, and Mr. Shoenfelt provided testimony regarding his investigation of Ariel Capital's use of the ARIEL mark. (Dkt. 35.) Notably, Ariel Capital did not address any of Mr. Shoenfelt's specific statements in its Reply in support of its motion to dismiss despite what Ariel Capital now claims are instances of "intentional deceit and willful fabrication[.]" (Dkt. 40.)

zjwatters@michaelbest.com
MICHAEL BEST & FRIEDRICH LLP
Two Prudential Plaza
180 N. Stetson Avenue, Suite 2000
Chicago, Illinois  60601
Tel:  (312) 222-0800
Fax:  (312) 222-0818

*Attorneys for Plaintiff Ariel Investments, LLC*

**Certificate of Service**

I, Arthur Gollwitzer, III, an attorney of record in this matter, certify that on January 27, 2016, I caused a copy of the following document:

**Plaintiff Ariel Investments, LLC's Memorandum of Law in Support of its Motion to Dismiss Defendant Ariel Capital Advisors LLC's Fourth and Fifth Counterclaims**

to be filed with the Clerk of Court of the United States District Court for the Northern District of Illinois by electronic (ECF) filing, which provides service for the following counsel of record by e-mail delivery:

>Adam Wolek
Brian Noack
Wolek and Noack
233 S. Wacker Drive
21st Floor
Chicago, IL 60606
adamw@wonoip.com
briann@wonoip.com

>Christopher Paul Bray
Christopher P. Bray Associates, LLC
9115 Corsea Del Fontana Way, Suite 200
Naples, FL 34109
cpbray@cpbrayassociates.com

>>*/s/ Arthur Gollwitzer, III*
Arthur Gollwitzer, III