UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARIEL INVESTMENTS, LLC, ) | |
| Plaintiff, ) | |
| ) | Case No.: 1:15-cv-3717 |
| v. ) | |
| ) | Judge: Hon. Matthew F. Kennelly |
| ARIEL CAPITAL ADVISORS LLC, ) | |
| Defendant. ) | |

**Defendant Ariel Capital Advisors LLC's Response to
Plaintiff's Motion to Dismiss Defendant's Fourth and Fifth Counterclaims**

Plaintiff Ariel Investments, LLC's motion to dismiss Defendant Ariel Capital Advisors LLC's ("Ariel Capital Advisors") Fourth and Fifth Counterclaims (Dkt. 67) cannot be granted as Ariel Capital Advisors' counterclaims adequately state a claim for relief under Federal Rule of Civil Procedure 8(a) and require proper adjudication by this court.

*Legal Standard*

On a motion to dismiss, all of a plaintiff's and counter-plaintiff's allegations are treated as true. Federal Rule of Civil Procedure 12(b)(6); *Wigod v. Wells Fargo Bank*, N.A., 673 F.3d 547, 555 (7th Cir. 2012).

Complaints and counterclaims will survive a motion to dismiss if they contain sufficient factual matter to state a claim of relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "Under Federal Rule of Civil Procedure 8(a)(2), a [counterclaim] must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* at 663 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Detailed factual allegations are not required under Federal Rule of

1

Civil Procedure 8(a)(2). *Id.* A counterclaim "has facial plausibility when the [counterclaim] plaintiff pleads factual content that allows the court to draw *the reasonable inference* that the defendant is liable for the misconduct alleged." *Id.* at 678 (emphasis added).

Ariel Capital Advisors is not required to make detailed factual allegations in pleading its counterclaims for abuse of process. In order to survive a motion to dismiss, Ariel Capital Advisors is only required to plead factual content that permits the court to draw a reasonable inference of liability related to Plaintiff's misconduct as alleged by the pleader. Moreover, Ariel Capital Advisors has met the heightened standard of pleading required under Federal Rule of Civil Procedure 9(b) with respect to the counterclaim for fraud.

*Argument*

**I. Ariel Capital Advisors has Sufficiently Alleged All Required Elements of its Abuse of Process Counterclaim.**

    **A.    Requirements of Abuse of Process Claim.**

Illinois courts will entertain a cause of action for abuse of process if the pleader satisfies the necessary elements of pleading such cause of action in making its claim. "The *only* elements necessary to plead a cause of action for abuse of process are: (1) the existence of an ulterior purpose or motive and (2) some act in the use of legal process not proper in the regular prosecution of the proceedings." *Kumar v. Bornstein*, 354 Ill. App. 3d 159, 165 (2004).

    **B.    Ariel Capital Advisors Sufficiently Alleged Ulterior Purpose or Motive.**

In its motion to dismiss, Plaintiff does not appear to challenge the fact that Ariel Capital Advisors sufficiently alleged the first element of its claim for abuse of process; ulterior purpose or motive. Ariel Capital Advisors adequately pleaded that Plaintiff "instituted this lawsuit for an ulterior purpose or motive, specifically, to impose disproportionate costs on [Ariel Capital Advisors]." (Dkt. 64, ¶ 97.) Ariel Capital Advisors is a small boutique professional firm named after the principal's six year old daughter. Ariel Capital Advisors has only been in operation since 2014. Plaintiff manages $10 billion (Dkt. 1, ¶ 11) and has retained a team of no less than six attorneys of record on this matter. Ariel Capital Advisors is well aware that any "owner of a trademark might bring a Lanham Act suit against a new entrant into his market, alleging trademark infringement but really just hoping to drive out the entrant by imposing heavy litigation costs on him." *Nightingale Home Healthcare, Inc. v. Anodyne Therapy, LLC*, 626 F. 3d 958, 962 (7th Cir. 2010).

"Patent trolls" have become a well-recognized problem in United States commerce and jurisprudence. *See generally* Robin Feldman and W. Nicholson Price II, *Patent Trolling: Why Bio and Pharmaceuticals Are at Risk*, 17 STAN. TECH. L. REV. 773 (2014). "Trademark trolls" have adopted similar tactics. *See Cent. Mfg., Inc. v. Brett*, 492 F. 3d 876 (7th Cir. 2007). Trademark trolling and the advent of trademark bullying have become a serious concern for the national economy. *See* Leah Chan Grinvald, *Shaming Trademark Bullies*, 2011 WIS. L. REV. 625 (2011). "In particular, small businesses and individuals are more adversely affected as these victims do not have the wherewithal to fight legal battles." *Id*. at 629. Ariel Capital Advisors expressed concern over Plaintiff's tactics as possible trolling / bullying activity long before Plaintiff

3

instituted this suit.[1] Based on the disparity of size and resources between the parties, Plaintiff is well positioned to impose disproportionate costs on Ariel Capital Advisors in order to achieve an objective it can't achieve based on the law.

### C. Ariel Capital Advisors Sufficiently Alleged an Improper Act in the Use of Legal Process in the Prosecution of the Proceedings.

Ariel Capital Advisors has sufficiently alleged the second element of its claim for abuse of process; an improper act in the use of legal process in the prosecution of the proceedings. Ariel Capital Advisors adequately pleaded that Plaintiff "knowingly retained experts in this matter to engage in intentional deceit and willful fabrication for the sole purpose of deceiving this Court" and Plaintiff "knowingly and purposely deceived this Court by making a number of knowingly false statements in direct contradiction to the established record in this matter." (Dkt. 64, ¶ 98.)

The conduct of an improper or "inappropriate act" in the prosecution of proceedings is required for an abuse of process action. *Evans v. West*, 935 F.2d 922, 923 (7th Cir. 1991). Although Ariel Capital Advisors recognizes that Plaintiff's filing of a lawsuit cannot, in and of itself, represent the basis of its counterclaim for abuse of process, surely Plaintiff's application of "intentional deceit and willful fabrication for the sole purpose of deceiving this Court" meets the standard of an inappropriate act. Whether or not Plaintiff has a valid claim in its initiation of this lawsuit is irrelevant since "abuse of process is the use of the litigation process for an improper purpose, whether or not the claim is colorable." *Nightingale*, 626 F. 3d at 963.

---

[1] Ariel Capital Advisors initially suspected trolling behavior based on the unprofessional nature of Plaintiff's initial contacts prior to the initiation of this lawsuit. *See* Gail MarksJarvis and Kim Janssen, *Obama friend's firm fights small business over name*, CHICAGO TRIBUNE (November 21, 2015) (a copy of this article is attached as Exhibit A).

The "process" that is the subject of the abuse in an action for abuse of process is the judicial process. "Illinois courts have repeatedly held that: [. . .] '[s]ome act must be alleged whereby that has been a misuse or perversion of the process of the court.'" *Vasarhelyi v. Vasarhelyi*, No. 09 C 2440, 2010 U.S. Dist. LEXIS 35922, at *6 (N.D. Ill. Apr. 7, 2010) (quoting *Holiday Magic, Inc. v. Scott*, 282 N.E.2d 452 (Ill. App. Ct. 1st Dist.1972)). The "intentional deceit and willful fabrication for the sole purpose of deceiving this Court" represents the inappropriate act resulting in misuse and abuse of this process. In addition, "'[p]rocess' is defined as 'any means used by the court to acquire or to exercise its jurisdiction over a person or over specific property.'" *Doyle v. Shlensky*, 458 N.E.2d 1120, 1128 (Ill. App. Ct. 1st Dist. 1983) (quoting *Holiday Magic, Inc.*, 282 N.E.2d at 456). The process that was abused by Plaintiff was the means by which this court decided to exercise personal jurisdiction over Ariel Capital Advisors. The process was abused by Plaintiff's "intentional deceit and willful fabrication for the sole purpose of deceiving this Court" represented by a variety of inappropriate acts including characterizing as "undisputed facts" false information that deponent "read an interview with Ariel Investments' founder, John Rogers" and that deponent "regularly reads a trade publication called Investment Capital." (Dkt. 64, ¶98.) The process was abused by Plaintiff's "intentional deceit and willful fabrication for the sole purpose of deceiving this Court" in a successful effort to influence this court to exercise personal jurisdiction over Ariel Capital Advisors.

Like every court in every other jurisdiction in this nation, the resources of this court are limited and stretched. It is unreasonable for any litigant to expect that this court will be able to invest the time to investigate, cross check, and validate every reference and

citation made by litigants in each case or controversy before this court. The very integrity of this process relies on basic assumptions of behavior rooted in integrity and truthfulness. Courts shouldn't have to question the integrity and truthfulness of the litigants in its forum. If courts had to engage in a fraud audit of every assertion and statement brought before them the judicial branch of government would collapse. In order to operate efficiently, this court must assume the truthfulness of the parties before it.

    How is it that the Plaintiff can demonstrate master craftsmanship and precision in the use of signals, reporter coordinates, quotations, and explanatory parentheticals in its citation of legal authorities supporting its position, but when it comes to restating basic facts provided under oath for this court, the Plaintiff can't transmit black and white data with even the most infantile standards of proficiency? (*See* Dkt. 64, ¶98). This is either gross incompetence or inappropriate action. The court likely assumed that Plaintiff's citation of the record in a memorandum persuasively arguing that this court had personal jurisdiction over Ariel Capital Advisors was just as flawless as all Plaintiff's citations of varied legal authorities supporting its case. Consequently, this court likely trusted Plaintiff's deceptive assertions without reviewing the source material to verify whether such assertions were patently false. This resulted in the court's unfortunate decision to exercise personal jurisdiction over a defendant in Naples, Florida contrary to such defendant's Due Process protection from being subject to the binding judgments of a forum with which such defendant has established no meaningful contacts, ties, or relations.

**II. Ariel Capital Advisors has Sufficiently Alleged All Required Elements of its Fraud Counterclaim.**

Ariel Capital Advisors alleged that Plaintiff provided logos, drawings, and specimens to the USPTO in an effort to procure registration of Federal Trademark Registration No. 1,286,420 knowing that such logos, drawings, and specimens were not actually be representative of the mark used by Plaintiff after the USPTO granted trademark protection. (Dkt. 64, ¶¶ 93-95.) Ariel Capital Advisors alleged that such willful deceit and misrepresentation by Plaintiff constituted fraud upon the USPTO warranting cancellation of the mark by this court. *Id.*

Plaintiff argues that "two allegations are not enough to state a plausible claim for fraud on the Trademark Office." (Dkt. 68, p. 4.) Unfortunately, Plaintiff didn't read the Answer concerning Ariel Capital Advisors' counterclaim for trademark cancellation procured on the basis Plaintiff's fraud on the USPTO. The counterclaim contained 29 allegations. (Dkt. 64, ¶¶ 93-95.) Nonetheless, all of the allegations are sufficient and satisfy the pleading standards required to survive Plaintiff's motion to dismiss. *See Iqbal*, 556 U.S. at 679.

"Fraud in procuring a trademark registration or renewal occurs when an applicant knowingly makes false, material representations of fact in connection with his application." *In re Bose Corp.*, 580 F.3d 1240, 1243 (Fed. Cir. 2009). Whether the data provided to the USPTO were provided with the intent to deceive are issues of fact. *Id.* Additional discovery is required to determine the scope of Plaintiff's misrepresentations in seeking federal trademark protection for the Hebrew word, "Ariel."

These pleadings satisfy the elements of a cause of action for fraud on the USPTO, and are based on a plethora of evidence that easily surpasses the threshold for a claim that is plausible on its face. Plaintiff's attempt to dismiss this counterclaim should be denied.

### *Conclusion*

For the foregoing reasons, Ariel Capital Advisors submits that the Court should deny Plaintiff's motion to dismiss its counterclaims for trademark cancelation – fraud (counterclaim IV) and abuse of process (counterclaim V).

Dated: March 2, 2016                                     RESPECTFULLY SUBMITTED,

                                                         By: /s/ Christopher P. Bray
                                                         Christopher P. Bray
                                                         Christopher P. Bray Associates, LLC
                                                         9115 Corsea Del Fontana Way, Suite 200
                                                         Naples, Florida 34109
                                                         P 239.651.6008
                                                         F 239.431.3914
                                                         Attorney for Defendant
                                                         Ariel Capital Advisors, LLC

**CERTIFICATE OF SERVICE**

      The undersigned certifies that, on March 2, 2016, he caused this document to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of filing to counsel of record for each party.

Dated:  March 2, 2016                                    Christopher P. Bray Associates, LLC


                                                            By:       /s/ Christopher P. Bray
                                                            Christopher P. Bray

                                                            Local Counsel:
                                                           Adam Wolek
                                                           Brian Noack
                                                           Wolek and Noack