UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARIEL INVESTMENTS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 15-cv-3717 |
| | ) |
| ARIEL CAPITAL ADVISORS LLC, | ) Hon. Judge Matthew F. Kennelly |
| | ) |
| Defendant. | ) |

**Plaintiff Ariel Investments, LLC's Reply in Support of its Motion to Dismiss Defendant
Ariel Capital Advisors LLC's Fourth and Fifth Counterclaims**

Ariel Capital gives scant attention in its Response (Dkt. 73) to the controlling case law presented by Ariel Investments in its Motion to Dismiss (Dkt. 68). Applying this case law to the vague, conclusory, and unsupported allegations of Ariel Capital's counterclaim necessitates dismissal of those counterclaims. First, Ariel Capital's counterclaim entitled "Trademark Cancellation – Fraud" (Counterclaim IV) fails to sufficiently identify the allegedly fraudulent act by providing Ariel Investments, or this Court, with answers to the "who, what, when, where, and how" questions required to allege fraud under Federal Rule of Civil Procedure 9(b). Second, Ariel Capital's counterclaim entitled "Abuse of Process" (Counterclaim V) fails to allege any abuse of *process*, as the term has been defined by Illinois courts, and instead relies on typographical errors to concoct a theory of relief.

**I.   Ariel Capital's Trademark Cancellation – Fraud Counterclaim Is Not Supported by Any Factual Allegations.**

Ariel Capital makes no legitimate argument in support of its claim for fraud on the Trademark Office. Instead, Ariel Capital's Response repeats the unsupported allegations in its Counterclaims. As a result, Ariel Capital does not answer the critical "who, what, when, where,

and how" questions required to allege fraud. Accordingly, this Court should dismiss Ariel Capital's counterclaim for trademark cancellation – fraud (Counterclaim IV).

As explained in Ariel Investments' Motion, a party asserting a claim for fraud must "state with particularity the circumstances constituting fraud[.]" *Gen. Elec. Cap. Corp. v. Lease Resolution Corp.*, 128 F. 3d 1074, 1078 (7th Cir. 1997). Simply put, the rule requires the "who, what, when, where, and how" of the circumstances of the alleged fraud. *Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 507 (7th Cir. 2007); see also *DiLeo v. Ernst & Young*, 901 F.2d 614, 627 (7th Cir. 1990). Conclusory allegations that an adverse party's conduct was fraudulent and deceptive do not satisfy the rule. *Butler v. Greenlee Textron*, No. 10-528-GPM, 2011 U.S. Dist. LEXIS 34425, at *6 (S.D. Ill. Mar. 31, 2011).

Here, Ariel Capital does not contest the heightened standard it must meet in pleading a fraud claim. (Dkt. 73 at p. 2 (conceding that the "heightened standard of pleading required under Federal Rule of Civil Procedure 9(b)" applies to Ariel Capital's fraud claim).) Despite this concession, Ariel Capital does not satisfy Rule 9(b)'s heightened pleading standard. Instead, Ariel Capital re-words the conclusory allegations of its counterclaim and asserts that Ariel Investments provided information to the Trademark Office "knowing that such logos, drawings, and specimens were [*sic*] not actually be representative of the mark used by Plaintiff after the USPTO granted trademark protection." (Dkt. 73, p. 7.)

Ariel Capital argues that "29 allegations" contained in its counterclaim satisfy the fraud pleading requirements. (*Id*.) In making this statement, Ariel Capital apparently is referring to the various paragraphs in its counterclaim it re-alleged in paragraph 93, specifically paragraphs 64-68, 70-77, 79-85, and 87-92. (Dkt. 64, ¶ 93.) These paragraphs, however, do not support its fraud claim. Indeed, these paragraphs allege information regarding: the parties, jurisdiction, and

venue (Dkt. 64, ¶¶ 64-68); an argument that "ARIEL" cannot be trademarked because it is generic and descriptive (Dkt. 64, ¶¶ 70-77); another argument that "ARIEL" cannot be trademarked because it is generic (Dkt. 64, ¶¶ 79-85); and an argument that Ariel Investments abandoned the "ARIEL" mark (Dkt. 64, ¶¶ 87-92.)  Nowhere in these paragraphs, or anywhere in Ariel Capital's counterclaim, does Ariel Capital allege the "who, what, when, where, and how" circumstances of the alleged fraud.

Finally, Ariel Capital cannot allege fraud in the procurement of a trademark through conclusory allegations made upon information and belief.  Merely asserting that the materials submitted to the Trademark Office are "not representative of such use" is not sufficient to meet the heightened pleading standards of Rule 9(b).  (Dkt. 64, ¶ 94.)  Ariel Capital does not even explain the "such use" to which the materials are allegedly "not representative."  Indeed, Ariel Capital's counterclaim does not provide any factual underpinnings for its allegation.  *Jones v. Hoosman*, No. 05 C 2909, 2006 U.S. Dist. LEXIS 31807, at *10 (N.D. Ill. May 9, 2006); *see also Cathedral Trading, LLC v. Chi. Bd. Options Exch.*, 199 F. Supp. 2d 851, 857 (N.D. Ill. 2002) ("Allegations made upon information and belief are insufficient [to allege fraud] . . . unless the plaintiff states the grounds for his suspicions").

Finally, Ariel Capital's belated request for discovery further demonstrates its recognition that it cannot satisfy Rule 9.  (Dkt. 73, p. 7.)  For all these reasons, Ariel Capital's counterclaim for trademark cancellation – fraud (Counterclaim IV) should be dismissed.

**II.**     **Ariel Capital's Abuse of Process Counterclaim Fails to Allege Facts Demonstrating Abuse of "Process" as the Term is Defined under the Case Law.**

Ariel Capital cannot point to any "process" or actions by this Court that were abused by Ariel Investments.  Ariel Capital's citation to pleadings filed by Ariel Investments as evidence of abuse of process underscores its fundamental misunderstanding of "process."  Even if such

filings could properly be considered "process," and they cannot, Ariel Investments' filings do not rise to the level of an abuse of process. Ariel Capital also argues that "[t]he process that was abused [. . .] was the means by which this court [*sic*] decided to exercise personal jurisdiction over Ariel Capital Advisors." (Dkt. 73, p. 5.) This argument, however, essentially amounts to Ariel Capital's continued objection to the Court's exercise of personal jurisdiction. Thus, Ariel Capital's counterclaim for abuse of process (Counterclaim V) should be dismissed for failure to state a claim.

As an initial matter, Ariel Capital properly concedes that Ariel Investments' "filing of a lawsuit cannot, in and of itself, represent the basis of [Ariel Capital's] counterclaim for abuse of process[.]" (Dkt. 73, p. 4.) As a matter of law, Ariel Capital cannot base an abuse of process claim on Ariel Investments filing this lawsuit. *Commerce Bank N.A. v. Plotkin*, 255 Ill. App. 3d 870, 872 (3d Dist. 1994).

Instead, relying on *Evans v. West*, 935 F.2d 922 (7th Cir. 1991), Ariel Capital argues that it need only allege that Ariel Investments committed an "inappropriate act" in order to state an abuse of process claim. (Dkt. 73, p. 4.) This is not the law. In *Evans* the Seventh Circuit upheld the grant of summary judgment *against* a complaint alleging abuse of process. *Evans*, 935 F.2d at 923. In so holding, the *Evans* court stated that an abuse of process claim requires "'an act in the use of *process* not proper in the regular prosecution of a suit.'" *Id*. (quoting *McGrew v. Heinhold Commodities, Inc.*, 497 N.E.2d 424, 429 (Ill. App. 1st Dist. 1986)) (emphasis added). Illinois courts have attached a clear definition to the term "process." Specifically, "'[p]rocess' is defined as 'any means used by the court to acquire or to exercise its jurisdiction over a person or over specific property.'" *Doyle v. Shlensky*, 458 N.E.2d 1120, 1128 (Ill. App. Ct. 1st Dist. 1983) (quoting *Holiday Magic, Inc. v. Scott*, 282 N.E.2d 452, 456 (Ill. App. Ct. 1st Dist. 1972)).

- 4 -

"Process is issued by the court, under its official seal and must be distinguished from pleadings, which are created and filed by the litigants." *Doyle*, 458 N.E.2d at 1128.

Here, Ariel Capital complains about a declaration from a private investigator (Dkt. 29) and Ariel Investments' Response to Ariel Capital's Request for an Evidentiary Hearing (Dkt. 53), and not any "process" generated by the Court. These documents cannot give rise to an abuse of process claim. *Holiday Magic*, 282 N.E.2d at 456.

Even if briefs fit the Illinois courts' definition of "process," as Ariel Capital argues, the complained of conduct still does not constitute an ***abuse*** of process. Ariel Capital's allegations include three examples contained in pleadings filed by Ariel Investments, but not one of them is material or intentional, much less "abusive."

*First*, Ariel Capital accuses Ariel Investments of knowingly retaining "experts in this matter to engage in intentional deceit and willful fabrication[.]" (Dkt. 64, ¶ 98.) In support of this allegation, Ariel Capital cites to the Declaration of John Shoenfelt, a private investigator. (Dkt. 29.) It is unclear what portion(s) of Mr. Shoenfelt's declaration contain "intentional deceit and willful fabrication[.]" Neither Ariel Capital's Counterclaim nor its Response provides any explanation of what information in Mr. Shoenfelt's declaration is allegedly a "willful fabrication[.]"[1]

*Second*, Ariel Capital alleges that Ariel Investments "knowingly and purposefully deceived this Court" by stating that Christopher Bray "read an interview with Ariel Investments' founder, John Rogers[.]" (Dkt. 64, ¶ 98.) Ariel Capital is correct that Mr. Bray never testified he

---

[1] Ariel Investments filed Mr. Shoenfelt's declaration in conjunction with its Response to Defendant Ariel Capital's Motion to Dismiss, and Mr. Shoenfelt provided testimony regarding his investigation of Ariel Capital's use of the ARIEL marks. (Dkt. 35.) Ariel Capital did not find Mr. Shoenfelt's statements *deceitful* enough to address them in its Reply in support of its motion to dismiss.

*read* an interview with Ariel Investments' founder, John Rogers. But, Mr. Bray did testify that he *watched* a television interview of Ariel Investments' founder, John Rogers. (Ex. A, Excerpts from the Deposition of Christopher Bray on July 22, 2014 ("Bray Dep."), at 69:7-10.) Ariel Capital is arguing abuse of process because Ariel Investments' lawyers mistakenly stated that Mr. Bray *read* something when, in fact, he *watched* it – hardly a material, much less intentional or abusive, mistake. And even Ariel Capital cannot explain how mistakenly substituting the word "reading" for the word "watching" was intended to or could deceive the Court.

*Third*, Ariel Capital alleges that Ariel Investments "knowingly and purposefully deceived this Court" by stating that Christopher Bray "regularly reads a trade publication called *Investment Capital*." (Dkt. 64, ¶ 98.) Once again, Ariel Capital's allegations fail to show that Ariel Investments intended to deceive the Court. Mr. Bray does not dispute that he testified that he regularly reads a periodical called *Investment Advisor*, as opposed to *Investment Capital*, on a quarterly basis. (Bray Dep. 41:20-23.) So again, Ariel Capital is arguing abuse of process because Ariel Investments' lawyers mistakenly substituted the word "Capital" for the word "Advisor" in the name of the publication. Ariel Investments' lawyers regret their mistakes, but they were neither material nor intentional.

In summary, Ariel Capital's abuse of process claim rests on unspecified "fabrications" in the declaration of a third party and two typographical errors.[2] Ariel Capital's lack of specificity regarding Mr. Shoenfelt's declaration, coupled with its earlier silence on this issue, underscores the baselessness of this purported "fabrication[.]" Moreover, two typographical errors do not

---

[2] Ariel Capital addressed both of these errors in its Reply in Support of Defendant's Motions to Reconsider Its Motion to Dismiss for Lack of Personal Jurisdiction. (Dkt. 54, pp. 5-6.) That is, Ariel Capital brought these typographical errors to the Court's attention *prior* to the Court denying Ariel Capital's motion to reconsider. (Dkt. 55.) Thus, these errors cannot form the basis for an abuse of process claim because the Court was aware of the errors prior to issuing its decision not to reconsider, demonstrating that these errors were not material.

constitute "'a misuse or perversion of the *process of the court*[,]'" the applicable standard for an abuse of process claim. *Vasarhelyi v. Vasarhelyi*, No. 09 C 2440, 2010 U.S. Dist. LEXIS 35922, at *6 (N.D. Ill. Apr. 7, 2010) (quoting *Holiday Magic, Inc. v. Scott*, 282 N.E.2d 452 (Ill. App. Ct. 1st Dist. 1972)) (emphasis added). Accordingly, the Court should dismiss Ariel Capital's counterclaim for abuse of process (Counterclaim V) for failure to state a claim.

## *Conclusion*

For these reasons, Ariel Investments respectfully requests that the Court dismiss Ariel Capital's counterclaims for trademark cancellation – fraud (Counterclaim IV) and abuse of process (Counterclaim V) with prejudice.

Dated: March 16, 2016

By: */s/ Arthur Gollwitzer III*
Arthur Gollwitzer III (6225038)
  agollwitzer@michaelbest.com
Luke W. DeMarte (6269621)
  lwdemarte@michaelbest.com
Larry L. Saret (2459337)
  llsaret@michaelbest.com
Zachary J. Watters (6310675)
  zjwatters@michaelbest.com
MICHAEL BEST & FRIEDRICH LLP
Two Prudential Plaza
180 N. Stetson Avenue, Suite 2000
Chicago, Illinois 60601
Tel: (312) 222-0800
Fax: (312) 222-0818

*Attorneys for Plaintiff Ariel Investments, LLC*

- 8 -

**Certificate of Service**

I, Arthur Gollwitzer, III, an attorney of record in this matter, certify that on March 16, 2016, I caused a copy of the following document:

**Plaintiff Ariel Investments, LLC's Reply in Support of its Motion to Dismiss Defendant Ariel Capital Advisors LLC's Fourth and Fifth Counterclaims**

to be filed with the Clerk of Court of the United States District Court for the Northern District of Illinois by electronic (ECF) filing, which provides service for the following counsel of record by e-mail delivery:

>Adam Wolek
>Brian Noack
>Wolek and Noack
>233 S. Wacker Drive
>21st Floor
>Chicago, IL 60606
>adamw@wonoip.com
>briann@wonoip.com
>
>Christopher Bray
>Christopher P. Bray Associates, LLC
>9115 Corsea Del Fontana Way, Suite 200
>Naples, FL 34109
>cpbray@cpbrayassociates.com

>*/s/ Arthur Gollwitzer, III*
>Arthur Gollwitzer, III