**UNITED STATED DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ARIEL INVESTMENTS, LLC )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ARIEL CAPITAL ADVISORS LLC, )<br>)<br>Defendant. )<br>)<br>) | Case Number: 15-cv-3717<br><br>Judge: Hon. Matthew F. Kennelly |

**DEFENDANT ARIEL CAPITAL ADVISORS LLC'S MOTION TO COMPEL
PLAINTIFF ARIEL INVESTMENTS, LLC TO PRODUCE DOCUMENTS AND
RESPOND TO DEFENDANT'S FIRST SET OF INTERROGATORIES**

After numerous letters and correspondence, and despite assurances that it would do so, Plaintiff Ariel Investments, LLC ("Plaintiff" or "AIL") failed to supplement its answers to Defendant Ariel Capital Advisors LLC's ("ACA") First Set of Interrogatories and to produce documents it agreed to. All of ACA's discovery requests are directed to central issues in the case. This motion is particularly urgent because the Parties are scheduled to have depositions on **May 18, 19 and 20**, so the requested answers and documents are crucial to helping the parties gain information and have productive depositions.

**RULE 37.2 STATEMENT**

Counsel for ACA, Adam Wolek and Brian Noack, in addition to over a dozen conversations and letters, met and conferred with Plaintiff's counsel, Zachary Watters, by a telephone conference on April 8, 2016 starting at 2 PM CDT, in a good faith attempt to have

1

Plaintiff fully respond to ACA's interrogatories and to produce the requested documents. The parties corresponded at least 9 times since that call. These attempts were unsuccessful.

## BACKGROUND

ACA served its First Set of Document Requests and First Set of Interrogatories on January 25, 2016, and January 27, 2016, respectively. Plaintiff responded to ACA's document requests on March 14, and stated in its responses that it would produce documents by no later than April 13, 2016. Exh. A. Plaintiff responded to ACA's First Set of Interrogatories on March 16, 2016. Exh. B. Two days later, ACA asked to speak about Plaintiff's discovery responses.

On April 6, ACA again asked for a meet and confer to discuss the deficiencies in Plaintiff's discovery responses. Exh. C. Upon Plaintiff's request, ACA drafted a summary of Plaintiff's deficient discovery responses. *Id.* The parties had a meet and confer on April 8, and discussed various deficiencies in Plaintiff's responses to ACA's document requests and interrogatories. Plaintiff also asked ACA to supplement some of its interrogatory responses, which ACA did shortly thereafter. In the conference, Plaintiff agreed to supplement its interrogatory responses, and to perform a search for various documents and respond whether it would agree to produce them as soon as possible, but no later than April 22. 4/8/16 Meet & Confer; *see also* Exhs. C, D.

On April 14, Plaintiff produced documents for the first time. However, it did not produce documents responsive to many of the document requests, including documents it stated it would produce. On April 22, Plaintiff sent ACA a letter stating that it would produce additional documents responsive to various document requests. These documents have not been produced.

Plaintiff also did not supplement its responses to ACA's First Set of Interrogatories as it stated it would in the April 8 meet and confer. ACA then sent a letter on April 28 noting these

2

and other deficiencies, and the parties corresponded at least six more times thereafter. Exhs. E, F.

### A. Plaintiff's Deficient Responses to ACA's Interrogatories

Plaintiff's interrogatory responses to Interrogatories Nos. 2, 7 and 10 improperly cite to unidentified documents without specifying which documents answer that particular interrogatory. For instance, Plaintiff responded to those interrogatories at least in part by stating "Ariel Investments answers this Interrogatory by producing business records pursuant to Federal Rule of Civil Procedure 33(d)[,]" but did not identify any documents that answer these interrogatories. However, FRCP 33(d)(1) requires that Plaintiff must "specify[] the records…in sufficient detail to enable [ACA] to locate and identify them." FRCP 33(d).

Plaintiff also refused to answer Interrogatories Nos. 12 and 13 relating to logos used in conjunction with its asserted marks stating that they are not "relevant to any party's claim or defense in this matter." However, both the reptile and gazelle logos were submitted as specimens to the USPTO by Plaintiff to get protection for the very trademarks that are at issue in this suit. Indeed, Plaintiff submitted multiple specimens with the reptile and gazelle to get protection for its asserted mark(s), and even entered images of the reptile into the record in support of its claims. Furthermore, without a response to these interrogatories, ACA cannot ascertain whether Plaintiff had discovered that consumers identified Plaintiff's products or services with the reptile or gazelle logos instead of "Ariel," particularly as the logos and terms are often presented together (including in Plaintiff's Court submissions). *See, e.g.,* Dkt. 35 at 6. Accordingly, the circumstances surrounding the creation, adoption and abandonment of Plaintiff's logos are potentially of great import in this lawsuit.

Additionally, many of Plaintiff's interrogatory responses are incomplete. For example, Plaintiff's response to Interrogatory No. 8 states that it licenses its marks to "third-party brokers" and some "organizations and events" it sponsors, but fails to specifically identify to whom it has offered such a license, as required by the interrogatory.

Similarly, Plaintiff responded to one part of Interrogatory No. 10 by stating that it knew of two parties who used Ariel marks, but failed to respond to the other subpart that inquired under which circumstances it learned of those uses. Moreover, Plaintiff's response of only knowing two parties who used those marks is belied by its own production of cease and desist letters that indicates it knew of several other parties who used "Ariel."

Accordingly, Plaintiff's responses to ACA's First Set of Interrogatories do not meet Plaintiff's obligations under FRCP 33, and ACA is entitled to responses on these issues that are central to this case. Therefore, ACA respectfully requests that the Court order Plaintiff to respond to Interrogatories Nos. 2, 7, 8, 10, 12 and 13 pursuant to FRCP 37(a)(3)(B)(iii), that all of Plaintiff's objections be waived, and that ACA be awarded its attorney's fees and costs in preparing this motion pursuant to FRCP 37(a)(5).

### B. Plaintiff Failed to Produce Numerous Documents

Plaintiff's document production is grossly deficient for a number of reasons. For instance, ACA requested documents on January 25 relating to Plaintiff's market research and surveys. Plaintiff stated that it would provide a sampling of those documents by no later than April 13, 2016. For instance, in response to ACA's Request for Production No. 3, Plaintiff stated that it "has conducted significant amounts of market research and surveys[,]" but it has not produced a single document to that effect, despite stating that it would in its March 14, 2016 response. Those documents are now severely delinquent. This Request is highly relevant, and

4

merely "a sample" is insufficient for the purposes of this lawsuit as any given survey could show that consumers did not associate Plaintiff's services or products with its asserted trademarks. Furthermore, if a survey showed that consumers chose Plaintiff's services or products because they associated Plaintiff's products or services with the gazelle or reptile logos instead of the asserted words that are presented with them, that would affect the likelihood of confusion and damages analyses. Similarly, if consumers associated Plaintiff's products and services with the reputation of its founder, John Rogers, or advertisements featuring him, such a finding would also affect the likelihood of confusion and damages analyses. Because all such surveys potentially have information relevant to the claims and defenses in this lawsuit, they are all relevant and should be produced.

 Plaintiff further failed to provide the documents that were relied upon to respond to Interrogatory No. 4. While Plaintiff provided descriptions of instances where individuals were allegedly confused by Defendant's marks, it did not provide any documents related to such instances.

 This does not meet Plaintiff's obligations under FRCP 34, and ACA is entitled to discovery on material issues relevant to this case. Accordingly, ACA respectfully requests that the Court order Plaintiff to produce the documents requested in Document Request No. 3 and Interrogatory No. 4 pursuant to FRCP 37(a)(3)(B)(iv), that all of Plaintiff's objections be waived, and that ACA be awarded its attorney's fees and costs in preparing this motion pursuant to FRCP 37(a)(5).

5

Dated: May 2, 2016    By:/s/   Adam Wolek_____
Adam Wolek
Brian Noack
Wolek & Noack
233 S. Wacker Drive
21st Floor
Chicago, Il 60606
adamw@wonoip.com
briann@wonoip.com
*Local Counsel for Defendant*
*Ariel Capital Advisors, LLC*


Christopher P. Bray
Christopher P. Bray Associates, LLC
9115 Corsea Del Fontana Way, Ste 200
Naples, Florida 34109
P 239.651.6008
F 239.431.3914
*Attorney for Defendant*
*Ariel Capital Advisors, LLC*

## CERTIFICATE OF SERVICE

The undersigned certifies that, on May 2, 2016, he caused this document to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of filing to counsel of record for each party.

Arthur Gollwitzer III
agollwitzer@michaelbest.com
Luke W. DeMarte
lwdemarte@michaelbest.com
Larry L. Saret
llsaret@michaelbest.com
Zachary J. Watters
zjwatters@michaelbest.com
Michael Best & Friedrich LLP
Two Prudential Plaza
180 N. Stetson Ave., Suite 2000
Chicago, Illinois 60601

Mareile Bayard Cusack
mcusack@arielinvestments.com
David Allyn Miley
dmiley@arielinvestments.com
Ariel Investments, LLC
200 East Randolph Street, Ste 2900
Chicago, Illinois 60601-6505

By:/s/__Adam Wolek_____
Adam Wolek