# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ARIEL INVESTMENTS, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15-cv-3717 |
| | ) | |
| ARIEL CAPITAL ADVISORS LLC | ) | |
| | ) | |
| Defendant. | ) | |

**Plaintiff's Responses to Defendant's First Set of Requests for Production**

Plaintiff Ariel Investments, LLC, ("Ariel Investments" or "Plaintiff") responds to Defendant Ariel Capital Advisors LLC's ("Ariel Capital") First Set of Requests for Production dated January 25, 2016, pursuant to Federal Rules of Civil Procedure 26 and 34 as follows:

*General Objections*

The following General Objections are expressly incorporated by reference into Plaintiff's responses to each of the Requests set forth below. Each of Plaintiff's responses is made without waiver or prejudice to these General Objections.

A. Plaintiff objects to these Requests to the extent that they seek documents or things that are protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Any documents withheld on these grounds will be identified on a separate privilege log in line with Rule 26(b)(5). To the extent that these Requests seek privileged materials that were created since the beginning of this litigation, April 28, 2015, solely for the purpose of this litigation, Plaintiff will not identify those materials on a privilege log.

- 2 -

    B.    Plaintiff objects to these Requests to the extent they seek documents or things that contain confidential or proprietary information belonging to Plaintiff unless all such documents and things are produced pursuant to a confidentiality order entered by the Court (Dkt. 38).

    C.    Plaintiff objects to these Requests to the extent that the accompanying four pages of "Instructions" and "Definitions" purport to impose upon Plaintiff duties or responsibilities greater than or different from those imposed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of Illinois, and the orders of this Court as further explained below:

    a.    Plaintiff objects to definitions of "You," or "Your" as they purport to include all agents, employees, and consultants, among others. These definitions are overly broad, burdensome, and impracticable. Moreover, this instruction would require Plaintiff to produce documents beyond its possession, custody, or control as required by Rule 34.

    b.    Plaintiff objects to Instruction No. 6 because it purports to require information on a privilege log beyond that which is required by Fed. R. Civ. P. 26(b)(5)(A). Plaintiff will log withheld documents according to Rule 26(b)(5)(A).

    c.    Plaintiff objects to the definition of "document" because Rule 34 already defines that term. Plaintiff will respond to these Requests in light of the definition of document provided in Rule 34.

*Requests*

**1.     Each document relating to your selection, adoption, or first use of the word "Ariel" in your name.**

**RESPONSE:**     Subject to and without waiving its general objections, Ariel Investments will produce responsive, non-privileged documents within its possession, custody, or control within thirty days. Ariel Investments has not yet identified any documents it is withholding based on its objections.

**2.     All documents related to any instance where anyone has ever inquired if there is a relationship between you and Ariel Capital Advisors, LLC or their respective goods or services.**

**RESPONSE:**     Subject to and without waiving its general objections, Ariel Investments will produce responsive, non-privileged documents within its possession, custody, or control within thirty days. Ariel Investments has not yet identified any documents it is withholding based on its objections.

**3.     Each document related to any market research or surveys conducted by you or on your behalf regarding the name "Ariel."**

**RESPONSE:**     Ariel Investments objects to this Request on the grounds that it is overly broad and unduly burdensome, particularly to the extent it seeks "[e]ach" document where documents sufficient to show Ariel Investments' market research would suffice. Ariel Investments has been in existence since 1983 and has conducted significant amounts of market research and surveys. Ariel Investments also objects to this Request on the grounds that it is not relevant to any party's claim or defense in this matter. Ariel Investments will agree to produce documents sufficient to show Ariel Investments' market research, but will not produce "each" document related to its market research or surveys.

Subject to and without waiving its general and specific objections, Ariel Investments will produce responsive, non-privileged documents sufficient to show market research or survey

results related to the claims and defenses asserted in this litigation within its possession, custody, or control within thirty days.

**4.      Each document related to any market research or surveys conducted by you or on your behalf regarding the use of any representation of an ariel gazelle in your promotional materials.**

**RESPONSE:**           Ariel Investments objects to this Request on the grounds that it is overly broad particularly to the extent it seeks "[e]ach" document where documents sufficient to show Ariel's market research would suffice.  Ariel Investments has been in existence since 1983 and has conducted significant amounts of market research or surveys.  Ariel Investments also objects to this Request on the grounds that it is not relevant to any party's claim or defense in this matter.  Many, if not most, of the documents related to market research or surveys are not relevant to any claim or defense in this litigation.  Specifically, market research or surveys related to a "gazelle" are not relevant to any claim or defense in this litigation.  Ariel Investments will not produce documents responsive to this Request.  Moreover, after a reasonable inquiry, Ariel Investments does not believe that it has any responsive documents.

**5.      Each document related to any market research or surveys conducted by you or on your behalf regarding the use of any representation of a reptile in your promotional materials.**

**RESPONSE:**           Ariel Investments objects to this Request on the grounds that it is overly broad and unduly burdensome, particularly to the extent it seeks "[e]ach" document where documents sufficient to show Ariel's market research would suffice.  Ariel Investments has been in existence since 1983 and has conducted significant amounts of market research or surveys.  Ariel Investments also objects to this Request on the grounds that it is not relevant to any party's claim or defense in this matter.  Many, if not most, of the documents related to market research or surveys are not relevant to any claim or defense in this litigation.  Specifically, market

research or surveys related to a "reptile" are not relevant to any claim or defense in this litigation. Ariel Investments will not produce documents responsive to this Request.

  **6.**  **Each specimen provided with the original and any amended application for trademark filed with the USPTO for the "Ariel" mark.**

**RESPONSE:**  Subject to and without waiving its general objections, Ariel Investments will produce responsive, non-privileged documents within its possession, custody, or control within thirty days. Ariel Investments has not yet identified any documents it is withholding based on its objections.

  **7.**  **Each document related to the "Ariel" mark's first use on January 10, 1983.**

**RESPONSE:**  Ariel Investments objects to this Request on the grounds that it is not relevant to any party's claim or defense.

  Subject to and without waiving its general and specific objections, Ariel Investments will produce responsive, non-privileged documents within its possession, custody, or control within thirty days. Ariel Investments has not yet identified any documents it is withholding based on its objections.

  **8.**  **Each document related to the "Ariel" mark's first use in interstate commerce on March 23, 1983.**

**RESPONSE:**  Ariel Investments objects to this Request on the grounds that it is not relevant to any party's claim or defense. Ariel Investments also objects to this Request on the grounds that it is overly broad and unduly burdensome, particularly to the extent it seeks "[e]ach" document where documents sufficient to show Ariel Investments' first use of the "Ariel" mark in interstate commerce would suffice.

  Subject to and without waiving its general and specific objections, Ariel Investments will produce responsive, non-privileged documents sufficient to show Ariel Investments'' first use of the "Ariel" mark in interstate commerce within its possession, custody, or control within thirty

days.  Ariel Investments has not yet identified any documents it is withholding based on its objections.

**9. Each document related to any explanation of the reason you adopted a representation of an ariel gazelle for use in your promotional materials.**

**RESPONSE:** Ariel Investments objects to this Request on the grounds that it is overly broad and unduly burdensome, particularly to the extent it seeks "[e]ach" document where documents sufficient to explain or show Ariel's reasons would suffice.  Ariel Investments also objects to this Request on the grounds that it is not relevant to any party's claim or defense in this matter.  Ariel Capital's infringement arises from its use of Ariel Investments' ARIEL mark and is not related to any graphic representation of a gazelle, or any other graphic.  Ariel Investments will not produce documents responsive to this Request.

**10. Each document related to any explanation of the reason you registered the "Ariel Investments" mark with the USPTO after your registration of the "Ariel" mark.**

**RESPONSE:** Ariel Investments objects to this Request on the grounds that it is overly broad and unduly burdensome, particularly to the extent it seeks "[e]ach" document where documents sufficient to show Ariel's reasons would suffice.  Ariel Investments also objects to this Request on the grounds that it is not relevant to any party's claim or defense in this matter.  The reason(s) why Ariel Investments chose to register certain marks is not relevant to any claim or defense in this matter.  Ariel Investments will not produce documents responsive to this Request.

**11. Each document related to any explanation of the reason you abandoned any use of an ariel gazelle for use in your promotional materials.**

**RESPONSE:** Ariel Investments objects to this Request on the grounds that it is overly broad and unduly burdensome, particularly to the extent it seeks "[e]ach" document where documents sufficient to show Ariel's reasons would suffice.  Ariel Investments also objects to

this Request on the grounds that it is not relevant to any party's claim or defense in this matter. Ariel Capital's infringement arises from its use of Ariel Investments' ARIEL mark and is not related to any graphic representation of a gazelle, or any other graphic. Ariel Investments will not produce documents responsive to this Request.

**12. Each document related to any explanation of the reason you adopted a representation of a reptile for use in your promotional materials.**

**RESPONSE:** Ariel Investments objects to this Request on the grounds that it is overly broad and unduly burdensome, particularly to the extent it seeks "[e]ach" document where documents sufficient to show Ariel's would suffice. Ariel Investments also objects to this Request on the grounds that it is not relevant to any party's claim or defense in this matter. Ariel Capital's infringement arises from its use of Ariel Investments' ARIEL mark and is not related to any graphic representation of a gazelle, or any other graphic. Ariel Investments will not produce documents responsive to this Request.

**13. Each document related to any explanation of the reason you abandoned the name Ariel Capital Management, Inc.**

**RESPONSE:** Ariel Investments objects to this Request on the grounds that it is overly broad and unduly burdensome, particularly to the extent it seeks "[e]ach" document where documents sufficient to show Ariel's reasons would suffice. Ariel Investments also objects to this Request on the grounds that it is not relevant to any party's claim or defense in this matter. The reason(s) why Ariel Investments chose to reorganize itself as "Ariel Capital Management, LLC" in 2004 are not relevant to any claim or defense in this matter. Ariel Investments will not produce documents responsive to this Request.

**14.** **Each document transmitted to any person requesting such person cease and desist from using the word "Ariel" in its name.**

**RESPONSE:** Subject to and without waiving its general objections, Ariel Investments will produce responsive, non-privileged documents within its possession, custody, or control within thirty days. Ariel Investments has not yet identified any documents it is withholding based on its objections.

**15.** **Each document that demonstrates that a current or prospective customer of yours has confused you with Ariel Capital Advisors, LLC.**

**RESPONSE:** Subject to and without waiving its general objections, Ariel Investments will produce responsive, non-privileged documents within its possession, custody, or control within thirty days. Ariel Investments has not yet identified any documents it is withholding based on its objections.

**16.** **Each document filed with the USPTO as part [*sic*] any submission containing the affidavit of John Rogers dated August 3, 1989.**

**RESPONSE:** Ariel Investments objects to this Request as vague and ambiguous as the phrase "USPTO as part any submission containing" is not proper English grammar and is unintelligible. In responding to this request, Ariel will assume that the defendant intended to state "USPTO as part of any submission containing."

Subject to and without waiving its general and specific objections, Ariel Investments will produce responsive, non-privileged documents within its possession, custody, or control within thirty days. Ariel Investments has not yet identified any documents it is withholding based on its objections.

**17.** **Each document that identifies your standards when providing financial advice to your customers.**

**RESPONSE:** Ariel Investments objects to this Request as vague and ambiguous as the word "standards" the phrase "financial advice" are undefined and have no obvious meaning in

the context of this Request. Moreover, Ariel Investments objects to this Request on the grounds that it is overly broad and unduly burdensome, particularly to the extent it seeks "[e]ach" document where documents sufficient to identify such 'standards" would suffice. Ariel Investments will not produce documents responsive to this Request.

**18.     Each document that identifies your standards when providing estate planning advice to your customers.**

**RESPONSE:**            Ariel Investments objects to this Request as vague and ambiguous as the word "standards" the phrase "estate planning advice" are undefined and have no obvious meaning in the context of this Request. Moreover, Ariel Investments objects to this Request on the grounds that it is overly broad and unduly burdensome, particularly to the extent it seeks "[e]ach" document where documents sufficient to identify such "standards" would suffice. Ariel Investments will not produce documents responsive to this Request.

**19.     Each document that identifies your standards when providing tax planning advice to your customers.**

**RESPONSE:**            Ariel Investments objects to this Request as vague and ambiguous as the word "standards" the phrase "tax planning advice" are undefined and have no obvious meaning in the context of this Request. Moreover, Ariel Investments objects to this Request on the grounds that it is overly broad and unduly burdensome, particularly to the extent it seeks "[e]ach" document where documents sufficient to identify such "standards" would suffice. Ariel Investments will not produce documents responsive to this Request.

**20.     Each document that identifies your standards when providing retirement advice to your customers.**

**RESPONSE:**            Ariel Investments objects to this Request as vague and ambiguous as the word "standards" and the phrase "retirement advice" are undefined and have no obvious meaning in the context of this Request. Moreover, Ariel Investments objects to this Request on

the grounds that it is overly broad and unduly burdensome, particularly to the extent it seeks "[e]ach" document where documents sufficient to identify such "standards" would suffice. Ariel Investments will not produce documents responsive to this Request.

**21.     Each document that identifies your standards when providing asset protection advice to your customers.**

**RESPONSE:**          Ariel Investments objects to this Request as vague and ambiguous as the word "standards" and the phrase "asset protection advice" are undefined and have no obvious meaning in the context of this Request. Moreover, Ariel Investments objects to this Request on the grounds that it is overly broad and unduly burdensome, particularly to the extent it seeks "[e]ach" document where documents sufficient to identify such "standards" would suffice. Ariel Investments will not produce documents responsive to this Request.

Dated:  March 14, 2016 By: */s/ Zachary J. Watters*
Arthur Gollwitzer III (6225038)
  agollwitzer@michaelbest.com
Luke W. DeMarte (6269621)
  lwdemarte@michaelbest.com
Larry L. Saret (2459337)
  llsaret@michaelbest.com
Zachary J. Watters (6310675)
  zjwatters@michaelbest.com
MICHAEL BEST & FRIEDRICH LLP
Two Prudential Plaza
180 N. Stetson Avenue, Suite 2000
Chicago, Illinois  60601
Tel:  (312) 222-0800
Fax:  (312) 222-0818

***Attorneys for Plaintiff Ariel Investments, LLC***

**Certificate of Service**

I, Zachary J. Watters, an attorney of record in this matter, certify that on March 14, 2016, I caused a copy of the following document:

**Plaintiff's Responses to Defendant's First Set of Requests for Production**

to be served upon the following counsel of record via U.S. Mail and electronic mail delivery:

Adam Wolek
Brian Noack
Wolek and Noack
233 S. Wacker Drive
21st Floor
Chicago, IL 60606
adamw@wonoip.com
briann@wonoip.com

Christopher Paul Bray
Christopher P. Bray Associates, LLC
9115 Corsea Del Fontana Way, Suite 200
Naples, FL 34109
cpbray@cpbrayassociates.com

*/s/ Zachary J. Watters*
Zachary J. Watters

- 11 -