# EXHIBIT B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARIEL INVESTMENTS, LLC | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 15-cv-3717 |
| | ) |
| ARIEL CAPITAL ADVISORS LLC | ) |
| | ) |
| Defendant. | ) |

**Plaintiff's Answers to Defendant's First Set of Interrogatories**

Plaintiff Ariel Investments, LLC, ("Ariel Investments" or "Plaintiff") responds to Defendant Ariel Capital Advisors LLC's ("Ariel Capital") First Set of Interrogatories dated January 27, 2016, pursuant to Federal Rules of Civil Procedure 26 and 33 as follows:

*General Objections*

The following General Objections are expressly incorporated by reference into Plaintiff's responses to each of the Interrogatories set forth below. Each of Plaintiff's responses is made without waiving these General Objections.

A. Plaintiff objects to these Interrogatories to the extent that they seek documents or information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. To the extent these Interrogatories seek privileged materials created since the beginning of this litigation, April 28, 2015, solely for the purpose of this litigation, Plaintiff will not identify those materials on a privilege log.

B. Plaintiff objects to these Interrogatories to the extent they seek documents or information that contain confidential or proprietary information belonging to Plaintiff unless all

such documents and information are produced pursuant to the confidentiality order entered by the Court on August 10, 2015. (Dkt. 38.)

   C. Plaintiff objects to these Interrogatories to the extent that the accompanying three pages of "Instructions" and "Definitions" purport to impose upon Plaintiff duties or responsibilities greater than or different from those imposed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of Illinois, and the orders of this Court as exemplified below:

    a. Plaintiff objects to definitions of "You," or "Your" as they purport to include all agents, employees, and consultants, among others. These definitions are overly broad, burdensome, and impracticable.

    b. Plaintiff objects to Instruction No. 3 because it purports to require information on a privilege log beyond that which is required by Fed. R. Civ. P. 26(b)(5)(A). Plaintiff will log withheld documents according to Rule 26(b)(5)(A).

    c. Plaintiff objects to the definition of "document" because Rule 34 already defines that term. Plaintiff will respond to these Interrogatories in light of the definition of document provided in Rule 34.

*Answers and Objections*

  1. Identify each person who has, claims to have, or whom you claim or believe may have knowledge, documents, or information pertaining to any fact alleged in the pleadings filed in the Action or any fact underlying the subject matter of this dispute and state the specific nature and substance of the knowledge, documents, or information you believe that each person identified in response to this request has or may have and identify all documents responsive to this interrogatory to this request.

**ANSWER:** Ariel Investments objects to this Interrogatory on the grounds that it is overly broad and imposes a burden that is not proportional to the needs of the case. Subject to and without waiving its general and specific objections, Ariel Investments incorporates by reference

the information contained in its Rule 26(a)(1) disclosures dated August 4, 2015. Ariel Investments also identifies the following individuals: Khoa Ho and John Rogers. Khoa Ho has knowledge of marketing materials and sponsorships. John Rogers has knowledge regarding Ariel Investments' adoption of the Ariel name and registration of the ARIEL mark. These individuals may be contacted only through Ariel Investments' attorneys of record in this case.

   2.  Identify each product and/or service that you have provided or presently provide or offer for sale for use by consumers and for each, describe the product or service in detail and state when the product or service was first made available to consumers.

**ANSWER:** Ariel Investments objects to this Interrogatory as vague and ambiguous as the phrase "and/or" is not a proper English word and has an ambiguous meaning. Subject to and without waiving its general and specific objections, Ariel Investments states that it offers, without limitation, the following products and services:

- Six current mutual funds:
    - Ariel Fund (Investor Class November 6, 1986 – present; Institutional Class December 30, 2011 – present)
    - Ariel Appreciation Fund (Investor Class December 1, 1986 – present; Institutional Class December 30, 2011 – present)
    - Ariel Discovery Fund (Investor Class January 31, 2011 – present; Institutional Class December 30, 2011 – present)
    - Ariel Focus Fund (Investor Class June 30, 2005 – present; Institutional Class December 30, 2011 – present)
    - Ariel Global Fund (Investor Class December 30, 2011 – present; Institutional Class December 30, 2011 – present)
    - Ariel International Fund (Investor Class December 30, 2011 – present; Institutional Class December 30, 2011 – present)

- One former mutual fund:
    - Ariel Premier Bond Fund (Investor Class October 1, 1995 – June 10, 2005; No Institutional Class)

- Separately managed accounts in the following strategies or products:
    - Small-cap value (September 30, 1983 – present)
    - Small-/mid-cap value (December 31, 2000 – present)
    - Mid-cap value (March 31, 1990 – present)
    - Focused value strategy (March 31, 2005 – present)
    - Micro-cap value (July 31, 2002 – present)

- o Small-cap deep value (October 31, 2013 – present)
- o Global strategy (December 31, 2011 – present)
- o International (developed markets) (December 31, 2011 – present)
- o International (developed & emerging markets) (December 31, 2011 – present)

With regard to the remaining information requested by this Interrogatory, Ariel Investments answers this Interrogatory by producing business records pursuant to Federal Rule of Civil Procedure 33(d). Ariel Investments will make this production within 30 days.

3. Identify all of your marks, whether intended to be used, currently in use, previously in use, cancelled, abandoned, or projected to be in use, adopted, and/or registered, including any marks that you have or are using to identify any of your products or services. For each mark identified in response to this Interrogatory: (a) state whether the mark is still in use in commerce today and, if so list each product or service identified by or to be identified by the mark; and (b) identify the market, trade, or distribution channel in which each mark is used and in which each product or service is sold or distributed.

**ANSWER:** Ariel Investments objects to this Interrogatory as vague and ambiguous as the phrase "and/or" is not a proper English word and has an ambiguous meaning. Moreover, much of the information requested by this Interrogatory is not relevant to any party's claim or defense in this matter. Ariel Capital's infringement arises from its use of trademarks which are confusing similar to those marks of Ariel Investments identified in paragraph 12 of the Complaint. Subject to and without waiving its general and specific objections, Ariel Investments states the following:

The marks at issue in this case are in use today in connection with the products and services identified in response to Interrogatory No. 2 and the trademark registrations identified in paragraph 12 of the Complaint. The market, trade, or distribution channel in which each mark relevant to this litigation is used and in which the products and services identified in response to Interrogatory No. 2 are sold or distributed include broker-dealers, Ariel Investments' website, brochures, national publications (identified in paragraph 15 of the Complaint), other media

outlets (identified in paragraph 16 of the Complaint), and through sponsorships and civic events (identified in paragraph 17 of the Complaint).

4. Identify and describe in detail all instances that you claim demonstrates any confusion created by the alleged use of your mark by Defendant Ariel Capital Advisors, LLC. An adequate response to this interrogatory would include the identity of each person that you have knowledge of who received any contact evidencing confusion, the identity and contact information for each person that was allegedly confused, a description of any response from or action taken by you relating to each instance and the identity of and all documents related to each alleged instance of confusion.

**ANSWER:** Subject to and without waiving its general objections, Ariel Investments states the following:

Approximately 12 months ago, a woman in Naples, Florida called Mareilé Cusack, Ariel Investments' General Counsel, to inquire about a property in Naples, Florida. The woman stated that the property was listed under the name "Ariel" and that when she performed a Google search to contact the company listed at the property, she could only find Ariel Investments. Ms. Cusack assured the caller that Ariel Investments did not own or lease the property. The women then stated she must have been mistaken and hung up.

Approximately 12 months ago, Phyllis Brady, head of Human Capital at Ariel Investments, received a phone call from someone who had purportedly first contacted Ariel Capital in Naples, Florida to obtain a reference for a candidate the caller was considering hiring. The caller stated that someone at Ariel Capital had told her that Ariel Investments and Ariel Capital were affiliated companies. Ms. Brady explained to the caller that there is no affiliation between Ariel Investments and Ariel Capital.

Ariel Investments believes that on or about February 5, 2016, Defendant received a telephone call to its Naples office from phone number (908) 400-8730. The caller spoke with one of Defendant's employees and asked to speak to "Cheryl Hagen." When the caller was told

that there was no one associated with Defendant with the name "Cheryl Hagen," the caller inquired, "isn't this Ariel Investments?" When the caller was told that Defendant had no affiliation with Ariel Investments, the caller ended the call.

   5. Identify each item of damage you claim, whether as an affirmative claim or as a setoff, and include in your answer: the count to which the item of damage relates; the category into which each item of damages falls, i.e. general damages, special or consequential damages (such as lost profits), interest, and any other relevant categories; the factual basis for each item of damages; and an explanation of how you computed each item of damages, including any mathematical formula used; identify each document pertaining to your response to this interrogatory; and identify all persons with knowledge of the information provided in response to this interrogatory.

**ANSWER:** Ariel Investments objects to this Interrogatory as premature. At this stage in the case, Ariel Investments has not yet calculated the full extent of the damages resulting from Ariel Capital's willful infringement. Ariel Investments is at least entitled to its damages, costs, attorneys' fees (from the date of its cease and desist letter through the conclusion of this litigation), and equitable relief arising out of its claims. Ariel Investments anticipates seeking all categories of relief available under the Lanham Act and applicable state law, including but not limited to Ariel Capital's profits. Ariel Investments' investigation continues, and Ariel Investments will supplement this interrogatory response as more information becomes available.

   6. Please provide the name and complete contact information of each person whom you may use as an expert witness at the trial of this Action and state in detail the substance of the opinions to be provided or that you expect to be provided by each person whom you may use as an expert witness at trial.

**ANSWER:** Ariel Investments objects to this Interrogatory at premature. At this stage in the case, Ariel Investments has not yet determined what expert witnesses, if any, it will call to testify in this matter. Ariel will make such disclosures as required by the Court's scheduling order dated January 12, 2016 (Dkt. 65) and all applicable rules including Federal Rule of Civil Procedure 26(a)(2).

7. Identify each market, consumer, and/or trade survey or investigation conducted by you or on your behalf which related in any way to consumer recognition or awareness of your marks, all documents which relate in any way to such survey or investigation, each person who conducted or is conducting such survey or investigation, the results of such survey or investigation, and all documents which relate in any way to such survey or investigation.

**ANSWER:** Ariel Investments objects to this Interrogatory as vague and ambiguous as the phrase "and/or" is not a proper English word and has an ambiguous meaning. Moreover, Ariel Investments objects to this Interrogatory as broad and unduly burdensome to the extent it requests information related to marks not at issue in this case. Additionally, Ariel Investments objects to this Interrogatory to the extent it requests information protected from discovery by the work-product doctrine.

Subject to the foregoing specific and general objections, Ariel Investments answers this Interrogatory by producing non-privileged, business records pursuant to Federal Rule of Civil Procedure 33(d). Ariel Investments will make this production within 30 days.

8. Identify each person to whom you have licensed or authorized the use of your marks and identify the products and/or services that you have licensed or authorized for such person(s).

**ANSWER:** Ariel Investments objects to this Interrogatory as vague and ambiguous as the phrase "and/or" is not a proper English word and has an ambiguous meaning. Moreover, Ariel Investments objects to this Interrogatory as broad and unduly burdensome to the extent it requests information related to marks not at issue in this case, such as information related to licenses and authorizations outside the financial services industry, and information related to licenses and authorizations which occurred prior to the inception of Ariel Capital. Ariel Investments will limit its answer to the marks at issue in this case.

Subject to and without waiving its general and specific objections, Ariel Investments responds that it licenses the marks identified in the Complaint at paragraph 12 to the following

entities: Ariel Investment Trust, Ariel Distributors LLC, Ariel Education Initiative (f/k/a Ariel Foundation), and Ariel Community Academy. Additionally, Ariel Investments licenses the marks identified in the Complaint at paragraph 12 for use by third-party brokers in connection with offering Ariel Investment's mutual funds. Finally, Ariel Investments licenses the marks identified in the Complaint at paragraph 12 to organizations and events that Ariel Investments sponsors.

9. Other than the Action, identify any proceeding to which you are presently or have ever been a party that involved any claim regarding your marks.

**ANSWER:** Ariel Investments objects to this Interrogatory as broad and unduly burdensome to the extent it requests information related to marks not at issue in this case. To the extent this Interrogatory seeks the identification of any proceedings to which Ariel Investments is presently or has ever been a party that involved any claim regarding the marks at issue in this litigation, Ariel Investments will answer. Subject to and without waiving its general and specific objections, Ariel Investments responds that Ariel Investments was involved in the following proceedings:

a. *Ariel Capital Management, LLC v. Dauben, Inc. d/b/a Texas International Property Associates and Joseph Dauben,* U.S. Dist. Ct. N.D. of Texas, Dallas Division, Civil Action No. 3:07-CV-1475-P, initiated on August 28, 2007 and dismissed on October 3, 2007.

b. *Ariel Investments, LLC v. Morneau Sobero Limited Partnership*, Trademark Trial and Appeal Board Opposition No. 91198115, initiated on January 7, 2011 and terminated on August 22, 2011.

10. Identify and describe in detail your knowledge of any person, not a party to this Action, which has used or is using any of your marks and identify each such person, each such mark, the products and services sold or offered for sale in connection with each such mark, the circumstances under which you learned of the use, and identify all documents related to the response to this Interrogatory.

**ANSWER:** Ariel Investments objects to this Interrogatory as vague and ambiguous because the phrase "detail you knowledge of any person responsible" is unclear. Moreover, Ariel Investments objects to this Interrogatory as broad and unduly burdensome to the extent it requests information related to marks not at issue in this case. To the extent that this Interrogatory seeks the names of individuals or entities which have used or are using Ariel Investments' marks at issue in this case, Ariel Investments will answer.

Subject to and without waiving its general and specific objections, Ariel Investments responds that Ariel Wealth Advisors and Ariel Investment Management (an entity located in Uruguay) have used or are using an "Ariel" name or mark. Additionally, Ariel Investments answers this Interrogatory by producing business records pursuant to Federal Rule of Civil Procedure 33(d). Ariel Investments will make this production within 30 days.

11. Identify and describe in detail your knowledge of any person responsible for adoption of the word "Ariel" in your name, describe each such person's explanation related to the adoption of the word "Ariel" in your name, and identify all documents related to the response to this Interrogatory.

**ANSWER:** Ariel Investments objects to this Interrogatory as vague and ambiguous because the phrase "detail your knowledge of any person responsible" is unclear. Ariel Investments objects to this Interrogatory on the grounds that it is not relevant to any party's claim or defense in this matter. Ariel Capital's infringement arises from its use of marks that are confusing similar to Ariel Investments' ARIEL marks identified in paragraph 12 of the Complaint.

To the extent that this Interrogatory seeks the names of individuals who were responsible for the adoption of the word "Ariel" in Ariel Investments' name, Ariel Investments will answer.

Subject to and without waiving its general and specific objections, Ariel Investments states that John Rogers was responsible for the adoption of the word "Ariel" in Ariel Investments' name.

12. Identify and describe in detail your knowledge of any person responsible for adoption of any representation of an ariel gazelle for use in any of your former or current promotional materials, describe each such person's explanation related to the adoption any representation of an ariel gazelle for use in any of your former or current promotional materials, and identify all documents related to the response to this Interrogatory.

**ANSWER:** Ariel Investments objects to this Interrogatory on the grounds that it is not relevant to any party's claim or defense in this matter. Ariel Capital's infringement arises from its use of marks that are confusing similar to Ariel Investments' ARIEL marks identified in paragraph 12 of the Complaint and is not related to any graphic representation of a gazelle, or any other graphic.

13. Identify and describe in detail your knowledge of any person responsible for adoption of any representation of a reptile for use in any of your former or current promotional materials, describe each such person's explanation related to the adoption any representation of a reptile for use in any of your former or current promotional materials, and identify all documents related to the response to this Interrogatory.

**ANSWER:** Ariel Investments objects to this Interrogatory on the grounds that it is not relevant to any party's claim or defense in this matter. Ariel Capital's infringement arises from its use of marks that are confusing similar to Ariel Investments' ARIEL marks identified in paragraph 12 of the Complaint and is not related to any graphic representation of a reptile, or any other graphic.

14. Identify and describe in detail your knowledge of any person responsible for the creation, editing, or approval of any specimen provided with the original and any amended application filed with the USPTO for the "Ariel" mark and identify all documents related to the response to this Interrogatory.

**ANSWER:** Ariel Investments objects to this Interrogatory as vague and ambiguous since the phrases "detail your knowledge of any person responsible" and "amended application" are unclear.

To the extent that this Interrogatory seeks the names of individuals who were responsible for the creation, editing, or approval of any specimen provided with Ariel Investments' application filed with the USPTO for the "Ariel" mark, Ariel Investments will answer. Subject to and without waiving its general and specific objections, Ariel Investments states that John Rogers and Mellody Hobson were responsible for the creation, editing, or approval of specimens provided with Ariel Investments' application filed with the USPTO.

15. Identify and describe in detail your knowledge of any person employed by you who provides estate planning services to the purchasers of your products or services.

**ANSWER:** Ariel Investments objects to this Interrogatory as vague and ambiguous as the phrases "estate planning services" and "detail your knowledge of any person" are undefined and have no obvious meaning in the context of this Interrogatory. Accordingly, Ariel Investments is unable to answer this Interrogatory.

16. Identify and describe in detail your knowledge of any person employed by you who provides tax planning services to the purchasers of your products or services.

**ANSWER:** Ariel Investments objects to this Interrogatory as vague and ambiguous as the phrases "tax planning services" and "detail your knowledge of any person" are undefined and have no obvious meaning in the context of this Interrogatory. Accordingly, Ariel Investments is unable to answer this Interrogatory.

17. Identify and describe in detail your knowledge of any person employed by you who provides asset protection planning services to the purchasers of your products or services.

**ANSWER:** Ariel Investments objects to this Interrogatory as vague and ambiguous as the phrases "asset protection planning services" and "detail your knowledge of any person" are undefined and have no obvious meaning in the context of this Interrogatory. Accordingly, Ariel Investments is unable to answer this Interrogatory.

18. Identify and describe in detail your knowledge of any person employed by you who provides retirement planning services to the purchasers of your products or services.

**ANSWER:** Ariel Investments objects to this Interrogatory as vague and ambiguous as the phrases "retirement planning services" and "detail your knowledge of any person" are undefined and have no obvious meaning in the context of this Interrogatory. Accordingly, Ariel Investments is unable to answer this Interrogatory.

Dated: March 16, 2016

By: */s/ Zachary J. Watters*
Arthur Gollwitzer III (6225038)
 agollwitzer@michaelbest.com
Luke W. DeMarte (6269621)
 lwdemarte@michaelbest.com
Larry L. Saret (2459337)
 llsaret@michaelbest.com
Zachary J. Watters (6310675)
 zjwatters@michaelbest.com
MICHAEL BEST & FRIEDRICH LLP
Two Prudential Plaza
180 N. Stetson Avenue, Suite 2000
Chicago, Illinois 60601
Tel: (312) 222-0800
Fax: (312) 222-0818

***Attorneys for Plaintiff Ariel Investments, LLC***

## Certificate of Service

I, Zachary J. Watters, an attorney of record in this matter, certify that on March 16, 2016, I caused a copy of the following document:

**Plaintiff's Answers to Defendant's First Set of Interrogatories**

to be served upon the following counsel of record via electronic mail delivery:

Adam Wolek
Brian Noack
Wolek and Noack
233 S. Wacker Drive
21st Floor
Chicago, IL 60606
adamw@wonoip.com
briann@wonoip.com

Christopher Paul Bray
Christopher P. Bray Associates, LLC
9115 Corsea Del Fontana Way, Suite 200
Naples, FL 34109
cpbray@cpbrayassociates.com

               */s/ Zachary J. Watters*
               Zachary J. Watters