**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ARIEL INVESTMENTS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15-cv-3717 |
| | ) | |
| ARIEL CAPITAL ADVISORS LLC, | ) | Hon. Judge Matthew F. Kennelly |
| | ) | |
| Defendant. | ) | |

**Plaintiff Ariel Investments, LLC's Response to Defendant Ariel Capital Advisors LLC's
Motion to Compel Plaintiff Ariel Investments, LLC to Produce Documents
and Respond to Defendant's First Set of Interrogatories**

Defendant Ariel Capital Advisors, LLC's Motion to compel is premature and presents an incorrect rendition of what has transpired during the course of discovery in this case.

*First*, Ariel Capital's Motion is premature because, by its own admission, defendant Ariel Capital sent a letter raising most of its complaints for the first time on Thursday, April 28 – just six days ago.  In that letter, Ariel Capital demanded a meet-and-confer within the next two business days.  After a lengthy email exchange on April 29, the parties agreed to meet-and-confer *today*, May 4.  Notably, plaintiff Ariel Investments, LLC produced nearly two hundred pages of market research and surveys on Monday, May 2 – nearly six hours *before* the defendant filed this Motion.  In addition, Ariel Investments' ESI vendor was already preparing to produce another 556 pages of documents *before* receiving Ariel Capital's Motion filed at 10:17 p.m. on Monday evening.   Put simply, Ariel Capital jumped the gun here.

*Second*, Ariel Capital's effort to paint Ariel Investments as the dilatory party is belied by the facts.  Plaintiff Ariel Investments first tried to schedule a meet-and-confer with Ariel Capital regarding the defendant's discovery responses on March 17.  At that time, the defendant's

principal and lead counsel, Mr. Bray, stated he would not confer with Ariel Investments until April 20 (a true and correct copy of Mr. Bray's March 18, 2016, email is attached as Exhibit A). After Ariel Investments had already drafted a motion to compel, Mr. Bray relented and agreed to confer on April 8. Two nights before that call, Mr. Bray demanded that the parties discuss Ariel Capital's unspecified complaints, followed by a list of demands sent by Mr. Bray's local counsel at 9:24 p.m. the evening before that conference (*See* Ex. C attached to the Motion).

Since that April 8 conference, Ariel Investments has taken the defendant's discovery complaint seriously, produced more than 6,000 pages of documents, and agreed to confer later today regarding any remaining issues. Therefore, Ariel Capital's Motion is premature, factually inaccurate, and should be denied.

### *Facts*

Ariel Investments filed this trademark infringement case against defendant Ariel Capital on April 28, 2015. (Dkt. 1.) For the next nine months, Ariel Capital fought over jurisdictional issues. That matter was put to rest in January 2016, and both parties promptly served discovery requests.

On February 16 Ariel Capital responded to Ariel Investments' production requests with 68 pages of documents and bare-bones, objection-filled interrogatory answers. Ariel Investments promptly asked to meet-and-confer regarding Ariel Capital's incomplete responses, starting with a letter dated March 14. When Mr. Bray refused to meet-and-confer (Ex. A), Ariel Investments drafted a motion to compel.

This case was set for a status conference on Monday, April 11. Likely fearing that Ariel Investments would raise its discovery complaints at that status conference, Mr. Bray belatedly agreed to confer on Friday, April 8. And then Ariel Capital's local attorneys raised some of their

own discovery complaints for the first time in an email sent at 9:24 p.m. on April 7, the evening before the parties meet-and-confer was scheduled.

Despite Ariel Capital's belated complaints, Ariel Investments agreed to look into certain issues. Ariel Investments also informed Ariel Capital that it would "stand on" certain objections – such as producing documents relating to trademarks not at issue in this case like images of gazelles and reptiles.

Since the parties' April 8 conference, both parties have made supplemental productions. Nevertheless, Ariel Capital wrote to Ariel Investments last Thursday, April 28, demanding another meet-and-confer the very next day or no later than Monday, May 2. In that letter, Ariel Capital raised never-before mentioned concerns about twenty-five discovery responses, so Ariel Investments asked for a few days to review and respond to those new complaints. At first, Ariel Capital balked, but the parties eventually agreed to confer on Wednesday, May 4.

In the meantime, Ariel Investments continued to process additional documents sought by Ariel Capital. As a result, Ariel Investments produced approximately 200 pages of market research and survey documents on Monday, May 2 – nearly six hours *before* Ariel Capital even filed this Motion. Moreover, only technical issues relating to document processing prevented Ariel Investments from producing another 556 pages on Monday, May 2. Instead, those documents were prepared and produced on Tuesday, May 3.

Even though Ariel Investments produced additional documents on Monday, and the parties already had agreed to meet-and-confer today, Ariel Capital filed this Motion after 10 p.m. Monday evening. And like its April 28 letter, Ariel Capital's Motion addresses requests *never discussed* until Ariel Capital's April 28 letter.

- 3 -

*Argument*

Ariel Capital's Motion is premature and substantively wrong.

## I.    Ariel Capital Disregarded the Meet-and-Confer Process.

The meet and confer process is not supposed to be a game or manipulated for tactical advantage.  Instead, courts expect the parties to regulate discovery on their own in a spirit of cooperation, turning to the courts only when they have good faith disputes about the permissible scope of discovery.  *See Merix Pharm. Corp. v. EMS Acquisition Corp.*, No. 09 CV 5871, 2010 U.S. Dist. LEXIS 98606, at *6-8 (N.D. Ill. Sep. 21, 2010) (denying a motion to compel for, among other reasons, failing to "make a good faith attempt to resolve any discovery disputes with the opposing party prior to bringing a motion" as required by LR 37.2).

Here, Ariel Capital has turned that process on its head.  First, Mr. Bray refused to confer for over a month regarding his discovery responses.  And now, Mr. Bray's local lawyers jumped the gun and filed this Motion in the midst of Ariel Investments' supplemental production and two days before the parties were already scheduled to meet-and-confer.  Tellingly, Ariel Capital states in its Motion (filed on May 2), that it sent a letter on April 28 (last Thursday) complaining about alleged discovery deficiencies without mentioning that on Friday, April 29 the parties agreed to discuss all of the issues raised in that letter today, May 4.  Put simply, Ariel Capital certified that the parties had met-and-conferred knowing full well that they were scheduled to discuss its complaints today.  For those reasons alone, the Court should deny this Motion.

## II.    Ariel Capital's Substantive Complaints Are Misplaced.

### A.    Ariel Capital's complaints about Ariel Investments' document production are incorrect.

Ariel Capital begins by stating that its "attempts [to obtain full discovery] were unsuccessful."  (Dkt. 77 at 2.)  On the same page of its Motion, Ariel Capital states that certain

documents still "have not been produced." (*Id.*) Ariel Capital is simply wrong. For example, in its Motion, Ariel Capital specifically complains about the lack of market research and surveys, arguing that Ariel Investments "has not produced a single document to that effect." (Dkt. 77 at 4.) In reality, as explained above, Ariel Investments produced those documents on May 2 nearly six hours ***before*** Ariel Capital filed this Motion. More generally, Ariel Investments has produced more than 6,000 pages of documents since the parties conferred on April 8 and was already scheduled to confer with Ariel Capital on May 4 regarding any further complaints.

Despite its bluster, Ariel Capital's only other specific document complaint is that Ariel Investments has not produced any documents relating to instances of confusion. (Dkt. 77 at 5.) Ariel Investments has no such documents beyond those protected from discovery by the attorney-client privilege or the work product doctrine. This is the type of information Ariel Investments was planning to share with Ariel Capital at today's meet-and-confer. Unfortunately, Ariel Capital omitted the necessary step of speaking with Ariel Investments before filing this Motion.

**B.     Ariel Capital's complaints about Ariel Investments' interrogatory responses are incorrect.**

Ariel Capital complains that Ariel Investments has not cited specific documents in interrogatory responses that rely on Rule 33(d). (Dkt. 77 at 3.) Ariel Capital is correct, and Ariel Investments was prepared to concede that point at the May 4 meet-and-confer. Ariel Investments had intended to supplement its responses once the document production is complete. In light of Ariel Capital's immediate need for the information, however, Ariel Investments will commit to providing this information no later than next Tuesday, May 10. Again, this information and resolution was available to Ariel Capital simply by meeting-and-conferring in good faith.

- 5 -

Ariel Capital complains about Ariel Investments' failure to identify "third-party brokers" and "organizations and events" in response to Interrogatory No. 8. (Dkt. 77 at 4.) Ariel Capital raised this complaint for the first time last Thursday, April 28. Nevertheless, Ariel Investments concedes that it can provide more information here; it was prepared to make this point to the defendant on May 4; and it will do so by May 10.

Ariel Capital complains that Ariel Investments did not fully respond to Interrogatory No. 10. Again, Ariel Capital raised this complaint for the first time last Thursday, April 28. Nevertheless, Ariel Investments was already working on its supplemental answer when it received this Motion and was prepared to make that known to Ariel Capital during the May 4 meet-and-confer. Ariel Investments will get this done by May 10.

Scraping away all of the issues that could have and would have been resolved during today's meet-and-confer, there is only one issue in dispute. Ariel Capital insists on discovery relating to Ariel Investments' use of animal illustrations not at issue in this case. Only the ARIEL and ARIEL INVESTMENTS marks are at issue in this case. Ariel Capital, however, demands discovery relating to Ariel Investments' use of images of gazelles and turtles. (Dkt. 77 at 3.) Ariel Investments has refused to produce such documents, things, and information because these requests are not relevant to the claims or defenses at issue in this case and are not proportionate to the needs of this simple case in which Ariel Capital's misuse of Ariel Investments' name is self-evident. Rule 26(b)(1); *Ossola v. Am. Express Co.*, No. 13 C 4836, 2015 U.S. Dist. LEXIS 117531, at *13 (N.D. Ill. Sep. 3, 2015) (denying a motion to compel and noting that the amendment to Rule 26(b)(1) narrowed the definition of relevancy and "signal[ed] to the court that it has the authority to confine discovery to the claims and defenses asserted in

the pleadings") (citation omitted). The Court should sustain Ariel Investments' objection to such requests.

**III.     No Sanctions Are Appropriate Here.**

Finally, Ariel Capital asks for an order that Ariel Investments has waived its objections and awards attorneys' fees. (Dkt. 77 at 4, 5.) The Court should deny Ariel Capital's requests for the reasons set forth above – defendant Ariel Capital is the party that ducked the meet-and-confer process and jumped the gun with this Motion.

In addition, there is no legal basis for ordering that Ariel Investments has waived its objections, and the defendant cites none. Ariel Capital may not like or agree with Ariel Investments' various discovery objections, but they were all specifically stated and timely made. Moreover, Ariel Capital's request for attorneys' fees is misplaced. While courts sometimes award attorneys' fees when a party provides disputed or dilatory discovery after a motion to compel has been filed, in this case, Ariel Investments was already providing additional documents *before* Ariel Capital filed this Motion, and the parties *had already agreed* to meet-and-confer on the remaining matters on May 4th – all in response to a letter penned by Ariel Capital just six days ago. Therefore, no award of fees is appropriate here.

*Conclusion*

For the foregoing reasons, the Court should deny Ariel Capital's Motion to compel because it is both premature and substantively misplaced in light of Ariel Investments' ongoing discovery efforts and the parties' already planned meet-and-confer.

- 7 -

Dated:  May 4, 2016

By: */s/ Zachary J. Watters*
Arthur Gollwitzer III (6225038)
   agollwitzer@michaelbest.com
Luke W. DeMarte (6269621)
   lwdemarte@michaelbest.com
Larry L. Saret (2459337)
   llsaret@michaelbest.com
Zachary J. Watters (6310675)
   zjwatters@michaelbest.com
MICHAEL BEST & FRIEDRICH LLP
Two Prudential Plaza
180 N. Stetson Avenue, Suite 2000
Chicago, Illinois  60601
Tel:  (312) 222-0800
Fax:  (312) 222-0818

***Attorneys for Plaintiff Ariel Investments, LLC***

- 8 -

## Certificate of Service

I, Zachary J. Watters, an attorney of record in this matter, certify that on May 4, 2016, I caused a copy of the following document:

**Plaintiff Ariel Investments, LLC's Response to Defendant Ariel Capital Advisors LLC's Motion to Compel Plaintiff Ariel Investments, LLC to Produce Documents and Respond to Defendant's First Set of Interrogatories**

to be filed with the Clerk of Court of the United States District Court for the Northern District of Illinois by electronic (ECF) filing, which provides service for the following counsel of record by e-mail delivery:

> Adam Wolek
> Brian Noack
> Wolek and Noack
> 233 S. Wacker Drive
> 21st Floor
> Chicago, IL 60606
> adamw@wonoip.com
> briann@wonoip.com
>
> Christopher Bray
> Christopher P. Bray Associates, LLC
> 9115 Corsea Del Fontana Way, Suite 200
> Naples, FL 34109
> cpbray@cpbrayassociates.com

> /s/ Zachary J. Watters
> Zachary J. Watters