# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ARIEL INVESTMENTS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15 C 3717 |
| ) | |
| ARIEL CAPITAL ADVISORS, LLC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Ariel Investments, LLC has moved to dismiss counts 4 and 5 of the counterclaim of Ariel Capital Advisors for failure to state a claim. For the following reasons, the Court grants the motion to dismiss.

## Background

Ariel Investments, LLC has sued Ariel Capital Advisors, LLC under the Lanham Act and Illinois law based on Ariel Advisors' use of a similar corporate name, allegedly in order to trade on Ariel Investments' name. The Court denied Ariel Advisors' motion to dismiss the complaint for lack of personal jurisdiction and proper venue or to transfer the case to the Middle District of Florida. Ariel Advisors then answered the complaint and asserted a multiple-count counterclaim.

Ariel Investments has answered the first three counts of the counterclaim—in which Ariel Advisors seeks cancellation of Ariel Investment's trademark registration or a declaratory judgment that the term Ariel cannot properly be trademarked. Ariel

Investments has moved to dismiss counts 4 and 5 of the counterclaim.  In count 4, Ariel Advisors alleges that, "upon information and belief," Ariel Investments committed fraud on the United States Patent and Trademark Office (USPTO) when it registered Federal Trademark Registration No. 1,286,420 for use of the name "Ariel."  Ans. & Counterclaim ¶ 94.  In count 5, Ariel Advisors alleges that Ariel Investments committed abuse of process when it retained certain experts to engage in "intentional deceit and willful fabrication" and by making "knowingly false" statements of fact.  *Id.* ¶ 97.

**Discussion**

When considering a motion to dismiss for failure to state a claim, a court accepts all well-pleaded allegations in the complaint or counterclaim as true and draws reasonable inferences from those allegations.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  A plaintiff need only state a claim for relief that is plausible on its face.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  But "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  FED. R. CIV. P. 9(b); *see also Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 507 (7th Cir. 2007).

**1.     Count 4 – alleged fraud on USPTO**

Ariel Advisors alleges that Ariel Investments committed fraud on the USPTO because it acted with "intent to deceive" the USPTO to obtain Federal Trademark Registration No. 1,286,420 for the name "Ariel."  Ans. & Counterclaim ¶ 95.  Ariel Advisors alleges that Ariel Investments submitted to the USPTO logos, drawings, and specimens that were not actually representative of use of the name "Ariel'" as a mark.  *Id.* ¶ 94.

2

Ariel Investments argues that Ariel Advisors failed to allege the circumstances of the fraud with sufficient particularity as required by Rule 9(b). A claim that "sounds in fraud" or is premised on fraudulent conduct triggers Rule 9(b)'s heightened pleading standard. *Borsellino,* 477 F.3d at 507. To satisfy this standard, allegations of fraud must include the "who, what, when, where and how" of the alleged fraudulent conduct. *See, e.g., DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990).

Ariel Advisors has not included in its counterclaim any factual allegations describing the who, what, when, where or how of the alleged fraud. First, Ariel Advisors argues—in entirely conclusory fashion—that the "29 allegations" incorporated in its counterclaim are sufficient to pass muster. This argument fails, for two reasons. First, nowhere in the cited "29 allegations" does Ariel Advisors describe any particulars about the alleged fraud on the USPTO. Second, Ariel Advisors seems to confuse the general requirements for pleading under Rule 8(a)(2) with the heightened requirements that Rule 9(b) imposes upon allegations of the circumstances constituting fraud. In its bare-bones response to this aspect of Ariel Investments' motion, Ariel Advisors argues that its allegations meet the pleading standard under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and in doing so it cites to a portion of *Iqbal* that deals with Rule 8(a)(2). *See* Ariel Resp. at 7 (citing *Iqbal*, 556 U.S. at 679).

The Court also notes that the operative allegations of Ariel Advisors' fraud claims are made "[u]pon information and belief." Ans. & Counterclaim ¶¶ 94-95. As a general rule, allegations made on information and belief are insufficient under Rule 9(b), "unless the plaintiff states the grounds for his or her suspicions," *Uni\*Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 924 (7th Cir. 1992), which Ariel Advisors has not done.

3

For these reasons, the Court dismisses count 4 of Ariel Advisors' counterclaim.

**2.      Count 5 – alleged abuse of process**

Ariel Advisors alleges in count 5 of its counterclaim that Ariel Investments committed the tort of abuse of process because it "misused the legal process as an inappropriate act" and "engage[d] in intentional deceit and willful fabrication" by hiring certain experts and by making "knowingly false statements." Ans. & Counterclaim ¶ 98. Ariel Investments contends that the facts that Ariel Advisors alleges do not give rise to a claim of abuse of process.

Abuse of process under Illinois law—which the parties appear to agree applies here—has two elements: (1) the existence of an ulterior purpose or motive for the use of regular court process and (2) an act in the use of process not proper in the regular prosecution of a suit. *McGrew v. Heinold Commodities, Inc.*, 147 Ill. App. 3d 104, 111, 497 N.E.2d 424, 430 (1986). Abuse of process requires the misuse of *process of the court*; it cannot be premised simply upon improper pleadings filed by litigants. *Slep-Tone Ent'mt Corp. v. Coyne*, No. 13 C 2298, 2015 WL 127836, at *7 (N.D. Ill. 2015); *Doyle v. Shlensky*, 120 Ill. App. 3d 807, 816, 458 N.E.2d 1120, 1128 (1983); *Holiday Magic, Inc. v. Scott*, 4 Ill. App. 3d 962, 968, 282 N.E.2d 452, 456 (1972) ("[p]leading must be distinguished from process . . . process is issued by the court, under its official seal."). For example, an Illinois court found a proper basis for a claim of abuse of process where defendants continually used process issued by the court—a writ of *capias ad respondendum*—for the purpose of forcing the plaintiff to borrow money and pledge personal credit to pay corporate debts, even though defendants knew the plaintiff had no funds to pay debts and was facing hardship in securing money for debt

payments. *See Kumar v. Bornstein*, 354 Ill. App. 3d 159, 168, 820 N.E.2d 1167, 1175 (2004) (discussing *Shatz v. Paul*, 7 Ill. App. 2d 223, 129 N.E.2d 348 (1955)). Similarly, an Illinois court found a proper basis for a claim of abuse of process where a defendant used a writ of *ne exeat* to have the plaintiff arrested in order to extract money from co-defendants, forcing the co-defendants into a position favorable to the defendant who sought the writ. *See Kumar*, 354 Ill. App. 3d at 169, 820 N.E.2d at 1176 (discussing *Exec. Commercial Servs., Ltd. v. Daskalakis*, 74 Ill. App. 3d 760, 393 N.E.2d 1365 (1979)). In both situations, parties misused process issued by the court to gain an advantage unrelated to the purpose of the particular type of court process. Because the deceit and fabrication Ariel Advisors alleges in count 5 of its counterclaim is contained in Ariel Investments' own pleadings, Ariel Advisors has no viable claim for abuse of process.

Ariel Advisors' claim would still be deficient even if litigant pleadings did constitute process for purposes of the tort of abuse of process, because Ariel Advisors has not alleged an improper act of the type required. To constitute "abuse" of process, there must be some act not proper in the regular course of proceedings, or a "misuse or perversion" of that process. *Holiday Magic, Inc.*, 4 Ill. App. 3d at 967, 969, 282 N.E.2d at 456-57. Ariel Advisors alleges that Ariel Investments committed an improper act when it retained John Shoenfelt, a private investigator, to "engage in intentional deceit and willful fabrication." Ans. & Counterclaim at 13. Ariel Advisors does not allege, however, what part of Shoenfelt's declaration contains deceitful or fabricated statements. Instead, Ariel Advisors cites generally to Shoenfelt's declaration after alleging that Ariel Investments "knowingly retained experts . . . to engage in intentional

5

deceit and willful fabrication," and it fails to elaborate further.  *Id.*

Second, Ariel Advisors alleges that Ariel Investments "knowingly and purposefully deceived" the court by making false statements in its court filings.  *Id.*  The purported false statements are, first, the statement that Christopher Bray, Ariel Advisors' founder, "read an interview with Ariel Investments' founder, John Rogers," and second, the statement that Bray "regularly reads a trade publication called *Investment Capital.*"  Def.'s Resp. to Pl.'s Mot. to Dismiss at 5.  Ariel Investments concedes that these statements contained errors.  Specifically, it concedes that Bray did not "read" an interview with Rogers but rather watched the interview on television.  Ariel Investments also concedes that Bray did not regularly read a periodical titled "*Investment Capital*" but instead read a periodical titled "*Investment Advisor.*"  Ariel Investments maintains that although these statements were mistakes, they do not constitute intentional or material errors.  The Court agrees that these are immaterial errors that cannot appropriately be characterized as a misuse or perversion of court process.

In sum, Ariel Advisors has not alleged facts that make plausible either element of the tort of abuse of process.  The Court therefore dismisses Count 5 of Ariel Advisors' counterclaim.

## Conclusion

For the reasons stated above, this Court grants plaintiff Ariel Investments' motion to dismiss [dkt. no. 67] and dismisses counts 4 and 5 of defendant Ariel Advisors' counterclaim for failure to state a claim.

Date:  May 16, 2016

_____
MATTHEW F. KENNELLY
United States District Judge