UNITED STATED DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARIEL INVESTMENTS, LLC | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case Number: 15-cv-3717 ) ) Hon. Judge Matthew F. Kennelly |
| ARIEL CAPITAL ADVISORS LLC, | ) ) |
| Defendant. | ) ) |

**DEFENDANT ACAS MOTION TO COMPEL JOHN ROGERS' DEPOSITION**

Despite identifying John Rogers as the source of the Complaint's allegations, the source of information provided to the USPTO to get the asserted trademarks allowed, and as the creator of the asserted marks and knowledgeable of their uses, Plaintiff Ariel Investments, LLC ("Plaintiff") now refuses to let John Rogers be deposed. His knowledge relates to the scope of the marks' protection, its validity, and Plaintiff's ability to enforce the mark. Plaintiff claims, however, that producing John Rogers would be "unduly burdensome and disproportionate to the needs of this case." Yet it concedes he created the asserted mark, signed the USPTO submissions, is the source of the "facts" in this suit, and is listed in 7 interrogatories responses. His testimony is accordingly very relevant. Plaintiff's further claim that **two** depositions of its executives is "unduly burdensome" is further belied by it requesting **four** depositions of ACA's executives.[1] At its core, Plaintiff argues the limitations it seeks of ACA should not apply to it.

Because John Rogers has knowledge related to the use of the marks, and their scope and validity, his deposition is highly relevant and should be compelled.

---

[1] Plaintiff previously had agreed to allow ten depositions in total. *See also* F.R.C.P. 30(a) (permitting 10 depositions without leave of court).

1

## RULE 37.2 STATEMENT

Counsel for Ariel Capital Advisors LLC ("ACA"), Christopher Bray and Adam Wolek, met and conferred with Plaintiff's counsel, Zachary Watters, by a telephone conference on May 13, 2016, starting at 11 AM CST, and by several email exchanges, in a good faith attempt to have Plaintiff produce John Rogers for a deposition. Plaintiff stated that it will not produce him under any circumstances unless ordered by the Court.

## BACKGROUND

On May 2, 2016, Defendant ACA properly noticed for May 19 a deposition for John Rogers, Plaintiff's CIO/CEO, founder, and creator of the "Ariel" trademark asserted in this case. Exh. A. Plaintiff did not object that the notice was inadequate, or that any other formal requirements were not met.

The parties exchanged at least six more emails about deposition scheduling, and Plaintiff had not objected once to John Rogers' deposition. On May 4, the parties met and conferred about various documents and interrogatories that Plaintiff had not produced or answered. At the end of the conference, Plaintiff's counsel said it would get back to ACA soon with available deposition dates. Plaintiff made no mention of any objections to John Rogers being deposed.

After not hearing back about the deposition dates, ACA again asked on Monday, May 9 about scheduling John Rogers' deposition. Exh. B. Later that night, Plaintiff for the first time objected to producing John Rogers. The next day, ACA replied as to why his testimony was relevant. Plaintiff responded in turn that it was available for a meet-and-confer Friday, May 13.

During the May 13 meet-and-confer, ACA again imparted why John Rogers' testimony is relevant, but Plaintiff stated that it would not produce him under any circumstances unless ordered by the Court. ACA filed the instant motion.

**ARGUMENT**

John Rogers' deposition should be compelled because as creator of the asserted mark and as Plaintiff's CEO, he has relevant knowledge about the validity of the marks, their use, factors relating to the likelihood of confusion and damage analyses, and Plaintiff even cited him as having information about seven interrogatories. To that end, ACA sought his deposition because it was relevant. *See* FRCP 30(a)(1) (a party may "depose any person, including a party…"); *and see* FRCP 26(b)(1). Indeed, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense" as long as it is:

> "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

FRCP 26(b)(1). The information "need not be admissible in evidence to be discoverable." *Id.*

In a motion to compel, courts consider whether the information being sought in the deposition is relevant under FRCP 26(b)(1). *See Richard Wolf Med. Instruments Corp. v. Dory*, No. 87 C 1254, 1989 WL 51127, at *3 (N.D. Ill. May 9, 1989). "'Relevant'…has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

The party opposing the deposition must not only prove the deposition is duplicative, but unreasonably so. *Richard Wolf v. Dory*, 1989 WL 51127, at *3. A deposition is not unreasonable where there is a factual basis for seeking the deposition, and where counsel is not "seeking the deposition in bad faith, or solely for harassment or delay." *Id.* (compelling a deposition of a corporate officer because it sought his knowledge about various issues raised in

3

discovery even though it would be cumulative of a prior deposition); *see also Grant v. Standard Ins.*, No. 11 CV 6454, 2013 WL 2434698, at *1 (N.D. Ill. June 4, 2013) (compelling deposition to provide another opportunity to probe for any bias, and stating that depositions were far more effective than written discovery); *Samsung Elec. Co. v. Rambus, Inc.*, 386 F. Supp. 2d 708, 718 (E.D. Va. 2005) ("[w]hen reasonably possible, live testimony is preferred to other means of presenting evidence").

> **1.** ***John Rogers Should Testify Because He Created the Asserted Trademarks, and Has Knowledge of the USPTO Filings, the Mark's Validity and Uses***

John Rogers picked the name "Ariel" for his company, was responsible for the specimens submitted before the USPTO, signed the declarations to get the asserted trademarks allowed, and has knowledge of their "first use in commerce" and Plaintiff's services and products. He accordingly may know more about these issues than any other person, so he is the most relevant witness to the claims and defenses in this suit.

His knowledge about the marks' first uses and USPTO submissions is particularly relevant because it goes to the first element of Plaintiff's trademark infringement count: that the asserted trademark is valid. *See Platinum Home Mortg. Corp. v. Platinum Fin. Grp.,* 149 F.3d 722, 726 (7th Cir. 1998) ("In a trademark infringement claim, the plaintiff must demonstrate: (1) the validity of its trademark; and (2) the infringement of that mark."). Because validity is an element of Plaintiff's cause of action, ACA has a right to investigate whether the mark is indeed valid and was properly registered. Indeed, contradictory evidence of the "first use in commerce" of the "Ariel" mark has already been introduced, and ACA has a right to investigate whether it impacts the mark's validity. *See* Exhs. C & F ("ARIEL" mark's application lists its "first use in commerce" as March 23, 1983, but response to Rog. No. 2 suggests it was September 30, 1983);

4

*see also Aycock Eng'g, Inc. v. Airflite, Inc.*, 560 F.3d 1350, 1357 (Fed. Cir. 2009) ("the registration of a mark that does not meet the use requirement is void *ab initio*.").

John Rogers also has knowledge about what services and products the marks were used on. That directly impacts whether and to what extent Plaintiff's and ACA's services overlap, which bears on factors in the likelihood of confusion analysis like similarity of the products, areas of concurrent use, and the degree of care exercised by consumers. This knowledge also relates to the damages analysis to determine if ACA benefited from the infringement or if Plaintiff lost competing sales – as Plaintiff asserts – because of purported overlapping services.

### 2. *Plaintiff Identified John Rogers in Seven Interrogatories for Having Information About Validity of the Marks and to Factors Used in the Likelihood of Confusion Analysis*

Plaintiff made John Rogers' testimony relevant by identifying him as having knowledge in its Answers to Interrogatories Nos. 1, 11, 14, 15, 16, 17 and 18. *See* Exhs. D & E. In other words, Plaintiff opened the door on John Rogers' knowledge, scope of that knowledge and credibility thereof by citing him in its interrogatory answers. Accordingly, that knowledge and its credibility is at issue in this suit and thus relevant.

For instance, Plaintiff cited John Rogers as having knowledge to several interrogatories relating to the likelihood of confusion and damage analyses. For example, Plaintiff listed John Rogers has having knowledge about various services he provides for Ariel Investments, and to services that Plaintiff performs. Exh. E (Resp. to Interrogatories Nos. 15, 16, 17 & 18). Whether and to what extent Plaintiff's and ACA's services overlap are factors in the likelihood of confusion analysis like product similarity, area of concurrent use and customer sophistication, and also are factors in the damages analysis to determine if ACA benefited from the alleged infringement, or that Plaintiff lost business, because of purported overlapping services.

Plaintiff also answered interrogatories that John Rogers' has information about the use, adoption and USPTO filings related to the asserted marks, which can bear on Plaintiff's ability to enforce the mark, the scope of its protection, and the mark's validity. Exh. D (Rogs. 1, 11 & 14).

Tellingly, Plaintiff did not object to the relevancy of those interrogatories when it answered by citing John Rogers' knowledge, so why would his knowledge not be relevant now when it was before? In short, Plaintiff on one hand concedes that these are relevant questions and states that John Rogers has the answers, but on the other hand, it argues that John Rogers should not have to testify to these topics because it burdens him as an executive.

### 3. *Producing John Rogers Would Not be Unduly Burdensome*

Plaintiff has argued that producing **two** executives for depositions would be "unduly burdensome and disproportionate to the needs of this case." Exh. B at 2. Yet Plaintiff itself noticed **four** of ACA's executives, including ACA's Managing Director, ACA's Director of Operations, and its Chief Investment Officer (a title shared by John Rogers). In effect, Plaintiff argues that what is good for the goose *is not* good for the gander.

Nevertheless, any burden on Plaintiff is outweighed by Defendants' right to discover John Rogers' knowledge about whether the Ariel trademark's registration was valid, and the degree of overlap of the parties' services.

Plaintiff has accordingly not met its obligations under FRCP 30, and ACA is entitled to depose John Rogers on these material issues relevant to this case. Accordingly, ACA respectfully requests that the Court order Plaintiff to produce John Rogers to be deposed pursuant to FRCP 37(a)(3)(B)(i), that all of Plaintiff's objections be waived, and that ACA be awarded its attorney's fees and costs in preparing this motion pursuant to FRCP 37(a)(5).

Dated:  May 19, 2016 By:/s/ Adam Wolek
Adam Wolek
Brian Noack
Wolek & Noack
233 S. Wacker Drive
21st Floor
Chicago, IL  60606
P: 312.860.9006
F: 708.843.0509
adamw@wonoip.com
briann@wonoip.com
*Local Counsel for Defendant Ariel Capital Advisors, LLC*

Christopher P. Bray
Christopher P. Bray Associates, LLC
9115 Corsea Del Fontana Way, Ste 200
Naples, FL  34109
P: 239.651.6008
F: 239.431.3914
cpbray@cpbrayassociates.com
*Lead Counsel for Defendant Ariel Capital Advisors, LLC*

## CERTIFICATE OF SERVICE

The undersigned certifies that, on May 19, 2016, he caused this document to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of filing to counsel of record for each party.

Arthur Gollwitzer III
agollwitzer@michaelbest.com
Luke W. DeMarte
lwdemarte@michaelbest.com
Larry L. Saret
llsaret@michaelbest.com
Zachary J. Watters
zjwatters@michaelbest.com
Michael Best & Friedrich LLP
Two Prudential Plaza
180 N. Stetson Ave., Suite 2000
Chicago, Illinois 60601

Mareile Bayard Cusack
mcusack@arielinvestments.com
David Allyn Miley
dmiley@arielinvestments.com
Ariel Investments, LLC
200 East Randolph Street, Ste 2900
Chicago, Illinois 60601-6505

                                              By:/s/_Adam Wolek_____
                                                  Adam Wolek