UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARIEL INVESTMENTS, LLC, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 1:15-cv-3717 |
| ) | Hon. Judge Matthew F. Kennelly |
| ARIEL CAPITAL ADVISORS LLC, ) | |
| Defendant. ) | |

**MOTION FOR LEAVE TO AMEND ANSWER**
**BASED ON NEWLY RECEIVED EVIDENCE**

Pursuant Federal Rule of Civil Procedure 15(a)(2), Defendant Ariel Capital Advisors LLC ("ACA") hereby requests to amend its Answer based on Plaintiff's recently produced discovery to add Affirmative Defenses of Inequitable Conduct under 15 U.S.C. § 1051(a) and § 1115(b)(1), and Abandonment under § 1127.[1] The proposed amendments are in the interests of justice and will not prejudice Plaintiff.

**ACA's Motion is Based on Newly Received Evidence and**
**Will Not Prejudice the Parties or Delay This Case**

ACA's leave to amend is in the interest of justice because it just received Plaintiff's discovery production, discovery already covered the topics at issue in its amendments, and no prejudice or delay will result. *See Crest Hill Land Dev., LLC v. City of Joliet,* 396 F.3d 801, 804 (7th Cir. 2005) (leave to amend a pleading "shall be freely given when justice so requires"). A court that denies leave must give a "justifying reason" for its actions to avoid reversal. *Foman*, 371 U.S. 178, 182 (1962) (leave to amend should be "freely given); *see also, Ferguson v. Roberts*, 11 F.3d 696, 706 (7th Cir. 1993). It should only be denied where (1) the amendment

---

[1] A copy of ACA's proposed amendments are attached hereto as Exhibit A, followed by the amended answer. Exh. B.

1

would be prejudicial to the opposing party, (2) there has been bad faith or undue delay by the moving party, or (3) the amendment would be futile. *Id*. ACA's proposed amendments will not prejudice the Plaintiff, affect any dates set by the court, and are in the interests of justice.

1. *Plaintiff Will Not be Unduly Prejudiced Because it Already Addressed These Issues*

Plaintiff will not be unduly burdened or prejudiced by Defendant's amendment to add affirmative defenses because each defense is based on discovery already conducted by Plaintiff, on topics Plaintiff had the burden to prove, and the proposed amendment will not cause any delay in this case. In fact, Plaintiff's newly produced discovery responses, and information that was solely in its possession, is what revealed these defenses. Because Plaintiff controlled and had all of this evidence, it will not be substantially prejudiced. *See A. Cherney Disposal Co. v. Chi. & Sub. Refuse Disposal Corp.*, 68 F.R.D. 383, 385 (N.D. Ill. 1975) (holding an amendment should only be denied where substantial prejudice is demonstrated). Substantial prejudice does not result unless: (a) the motion comes on the eve of trial; (b) the amendment would cause undue delay; (c) the amendment brings in entirely new and separate claims or adds new parties, (d) witnesses have become unavailable for examination; or (e) the amendment would require expensive and time-consuming new discovery. *Id*. None of these "substantial prejudice" factors apply to this case.

*First*, no new information needs to be collected because the issued discovery already addressed the trademark's validity and abandonment. For instance, ACA had requested documents relevant to both the trademark's validity, abandonment and inequitable conduct on the USPTO relevant to its amendments during discovery. For example, ACA requested documents demonstrating Plaintiff's first use of the mark in January 1983, and its first use in

March 1983, and when it first began providing its services. *See* Exh. C at Doc. Req. Nos. 7, 8.[2] These requests all relate to when Plaintiff first used the "Ariel" trademark. ACA similarly asked about the terms of Ariel mark licenses and Plaintiff's knowledge of third parties using its marks, which address what controls it kept over the use of its mark by third-parties and how well it policed its mark. *See* Exhs. E, F & G at Rog. Nos. 8, 10 and Doc. Req. Nos. 40, 42. Because Plaintiff has responded to these requests with specific interrogatory responses and documents, and these requests go to the central issue of Plaintiff's trademark's invalidity as well as and how Plaintiff controls and polices that trademark, neither Plaintiff nor ACA will need to conduct additional discovery.

*Second*, the addition of the affirmative defense that the trademark is invalid will not unduly prejudice Plaintiff because validity of Plaintiff's trademark is an element that Plaintiff already has the burden of proving. *See Platinum Home Mortgage Corp. v. Platinum Fin. Grp., Inc.*, 149 F.3d 722, 726 (7th Cir. 1998) ("In a trademark infringement claim, the plaintiff must demonstrate: (1) ***the validity of its trademark***; and (2) the infringement of the mark) (emphasis added). Similarly, ACA's abandonment defense addresses the second element of Plaintiff's trademark infringement claim because it bears directly to the strength of the mark in the likelihood of confusion analysis. *See Fort James Corp. v. Kimberly-Clark Tissue Co.*, No. 98 C 7834, 1999 WL 966144, at *4 (N.D. Ill. 1999) (degree of policing the mark affects strength of the mark). Thus, ACA's affirmative defenses are based on the same basic fact pattern and address the same elements that Plaintiff already had to prove. In short, such a minor change will not alter the scope of this case or affect the burden on the parties.

---

[2] ACA included only the relevant pages for its Interrogatories and Document Requests, but is happy to produce the full copy upon the Court's request.

*Third*, the case will not be delayed because the parties already conducted discovery on the issues of trademark validity, Plaintiff's control over its mark, and Plaintiff's enforcement of its mark. Plaintiff already stated it had either produced all of the documents related to these issues, or will by end of fact discovery, so no deadlines need to be moved.

### 2. *ACA Filed this Motion Without Delay Once it Learned Plaintiff's Trademark Was Invalid*

ACA only learned through Plaintiff's May 10, 2016 discovery responses that Plaintiff's trademark was improperly registered with the USPTO. Once ACA received Plaintiff's responses, it met and conferred with Plaintiff (May 18) and filed this motion to amend the next day. *See Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 793 (7th Cir. 2004) (delay alone is an insufficient ground to deny a motion for leave to amend). For instance, ACA discovered facts on May 10, 2016, when Plaintiff supplemented its answers to ACA's interrogatories that the earliest date Plaintiff used the "Ariel" trademark was over seven months after it represented to the UPSTO it had first used the trademark.[3] Exh. D. As a result, it was not until then that ACA learned the facts that support its proposed affirmative defense. *See Farr v. United Airlines, Inc.*, 84 F.R.D. 618, 620 (N.D. Ill. 1979) (a defendant may amend its pleadings in light of facts disclosed in discovery that lead to new claims or defenses).

Lastly, any delay will not prejudice Plaintiff because Plaintiff will not lose evidence or witnesses as a result of ACA's proposed amendments. *See King v. Cooke,* 26 F.3d 720, 724 (7th Cir. 1994) (delay which does not result in the loss of evidence or witnesses generally does not result in prejudice for the opposing party). Plaintiff has already stated it has produced all documents and evidence relating to the validity of its mark. Exh. C. Similarly, Plaintiff has

---

[3] A prior admission of the trademark's later use was made in a March 16, 2016 response, but that response was incomplete as Plaintiff had stated that it would still supplement that response with additional information.

4

already produced documents regarding its enforcement and control over third parties that use its mark. Exhs. E, F & G. In addition, Plaintiff stated its CEO John Rogers also has knowledge of Plaintiff's registration of the mark, and he lives in Chicago.

ACA did not delay, and even if a minor delay is found, it will not prejudice Plaintiff.

### 3. *ACA's Proposed Amendment Is Not Futile and Is In the Interest of Justice Because ACA Just Learned This Information From Plaintiff's Production*

ACA's proposed amendment is not futile because ACA is likely to succeed in showing that Plaintiff's mark is void due to improper registration, and that ACA properly pled its defense. First, Plaintiff's mark is void because it was not "used in commerce" at the time of registration. *See Aycock Eng'g, Inc. v. Airflite, Inc.*, 560 F.3d 1350, 1357 (Fed. Cir. 2009) ("The registration of a mark that does not meet the use requirement is void *ab initio*."). For instance, Plaintiff stated in its response that it did not use the "Ariel" mark in commerce until September 30, 1983 (Exh. D at Rog. No. 2), but it stated to the USPTO that it first used it in March 1983. Exh. H.

Plaintiff further stated in its May 10 responses that it had licensed its trademark to third-parties. Exh. G at Rog No. 10. But it did not produce any documents relating to quality control or the terms it used to control those marks. To be sure, failing to control the use of its trademarks is tantamount to a "naked license", which abandons the mark.

Not only is ACA's proposed amendment not futile, the new information from Plaintiff's recent discovery production allow it to pass heightened pleading standards for inequitable conduct. *See Crestview Village Apts. v. U.S. Dep't H.U.D.*, 383 F.3d 552, 558 (7th Cir. 2004) (where discovery is not yet closed and summary judgment motions are not yet briefed, an amendment is not futile if it can survive a motion to dismiss). Thus, ACA need only allege enough facts to state a claim plausible on its face (*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)), but do so with particularity. *See* F.R.C.P. 9(b); *see also Borsellino v. Goldman Sachs*

5

*Grp.*, 477 F.3d 502, 507 (7th Cir. 2007). In its amendment, ACA alleges the "who, what, when, where, and how" of the circumstances of the alleged inequitable conduct. *See, e.g., Slep-Tone Entm't Corp. v.* 75 F. Supp. 3d at 906 (N.D. Ill. 2014) (granting a motion to amend and finding that Rule 9(b) was met where a defendant alleged that plaintiff materially misrepresented to the USPTO that a mark was "used in commerce" in its trademark application).

ACA recently learned of and now alleges that Plaintiff made material misrepresentations to the USPTO about its first use of the "Ariel" mark, thereby fulfilling the "who" (Plaintiff and its CEO John Rogers), "what" (first use date), and "where" (to the USPTO) requirements. Exh. A. ACA further satisfies the "how" requirement because it alleges that Plaintiff made the misrepresentations by claiming that the mark had been "used in commerce" since March 23, 1983, whereas it conceded that its first service was provided in September 30, 1983. Exh. D at Rog. No. 2. Lastly, ACA alleges that Plaintiff made the misrepresentations in its trademark application to the USPTO on or about June 20, 1983 (the "when"). Therefore, ACA's claims satisfy Rule 9(b).

Therefore, ACA respectfully requests that the Court grant it leave to amend its Answer and add its proposed Affirmative Defenses of Inequitable Conduct and Abandonment because, as set forth above, ACA's amendment will not unduly prejudice Plaintiff as discovery on these issues is complete, ACA did not act in bad faith or with delay, and ACA's alleged claims are likely to succeed on the merits and satisfy the heightened pleading standards of Rule 9(b).

Dated:  May 19, 2016					By:/s/ Adam Wolek
						Adam Wolek
						Brian Noack
						Wolek & Noack
						233 S. Wacker Drive
						21st Floor
						Chicago, IL  60606
						P: 312.860.9006
						F: 708.843.0509
						adamw@wonoip.com
						briann@wonoip.com
						*Local Counsel for Defendant Ariel Capital Advisors, LLC*

						Christopher P. Bray
						Christopher P. Bray Associates, LLC
						9115 Corsea Del Fontana Way, Ste 200
						Naples, FL  34109
						P: 239.651.6008
						F: 239.431.3914
						cpbray@cpbrayassociates.com
						*Lead Counsel for Defendant Ariel Capital Advisors, LLC*

**CERTIFICATE OF SERVICE**

       The undersigned certifies that, on May 19, 2016, he caused this document to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of filing to counsel of record for each party.

Arthur Gollwitzer III
agollwitzer@michaelbest.com
Luke W. DeMarte
lwdemarte@michaelbest.com
Larry L. Saret
llsaret@michaelbest.com
Zachary J. Watters
zjwatters@michaelbest.com
Michael Best & Friedrich LLP
Two Prudential Plaza
180 N. Stetson Ave., Suite 2000
Chicago, Illinois 60601

Mareile Bayard Cusack
mcusack@arielinvestments.com
David Allyn Miley
dmiley@arielinvestments.com
Ariel Investments, LLC
200 East Randolph Street, Ste 2900
Chicago, Illinois 60601-6505

                                                   By:/s/ Adam Wolek_____
                                                   Adam Wolek