# Exhibit A

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARIEL INVESTMENTS, LLC, )<br>           Plaintiff, )<br>)<br>v. )<br>)<br>ARIEL CAPITAL ADVISORS LLC, )<br>           Defendant. ) | Case No.: 1:15-cv-3717<br>Hon. Judge: Matthew F. Kennelly |

### AMENDED ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 15(a)(2), Ariel Capital Advisors LLC proposes the following amendment to its Answer.

### AFFIRMATIVE DEFENSE I
#### Plaintiff's Inequitable Conduct Before the USPTO

56. On June 20, 1983, Plaintiff represented to the USPTO that its first use in commerce of its ARIEL trademark for "Management of Investments and Investment Funds" was March 23, 1983.

57. On March 16, 2016, Plaintiff listed that it offered its products or services in its response to Defendant's Interrogatory No. 2 for the first time on September 30, 1983, but stated that it would supplement that response.

58. On May 10, 2016, Plaintiff again listed in a supplemental response that that the first time it offered its products or services was September 30, 1983, this time without qualification.

59. Because Plaintiff's actual use in commerce of September 30, 1983 postdated its statement to the UPSTO that it used its mark in March 23, 1983, that was a material misrepresentation and Plaintiff's mark is void ab initio.

60. Plaintiff had a duty of candor in its application to the USPTO.

61. Because Plaintiff's actual use in commerce of September 30, 1983 postdated the date it filed its trademark application for the ARIEL trademark with the UPSTO on June 20, 1983, that was a material misrepresentation and Plaintiff's mark is void ab initio.

62. Use in commerce is a requirement in a trademark use application, thus Plaintiff's misrepresentation to the USPTO that it was using the mark when it filed its trademark application, and by stating that it used the mark in commerce on March 23, 1983, were material misrepresentations.

63. Therefore, Plaintiff made a material misrepresentation to the USPTO which constitutes inequitable conduct and its trademark is void.

## AFFIRMATIVE DEFENSE II
### Abandonment Due to Naked Licensing and Failure to Police

64. Plaintiff stated it licenses its ARIEL and ARIEL INVESTMENTS trademarks to third party brokers in connection with offering its mutual funds.

65. Plaintiff has failed to show that its licensing agreements with third party brokers place quality control requirements on licensees.

66. Plaintiff has failed to show that its licensing agreements with third party brokers provide Plaintiff with the power to supervise or control licensees.

67. Because Plaintiff has failed to show that it controls or supervises its trademark, its conduct amounts to naked licensing.

68. Plaintiff also fails to make reasonable efforts to police infringement of its ARIEL trademark because Plaintiff knows of or is willfully blind or ignores parties who use its marks for similar products and services but does not attempt to enforce its rights against those parties.

69. Therefore, because Plaintiff issues naked licenses and does not reasonably police

or enforce its marks, Plaintiff has abandoned its mark.