# Exhibit C

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ARIEL INVESTMENTS, LLC ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 15-cv-3717 |
| ) | |
| ARIEL CAPITAL ADVISORS LLC ) | |
| ) | |
| Defendant. ) | |

**Plaintiff's Responses to Defendant's First Set of Requests for Production**

Plaintiff Ariel Investments, LLC, ("Ariel Investments" or "Plaintiff") responds to Defendant Ariel Capital Advisors LLC's ("Ariel Capital") First Set of Requests for Production dated January 25, 2016, pursuant to Federal Rules of Civil Procedure 26 and 34 as follows:

*General Objections*

The following General Objections are expressly incorporated by reference into Plaintiff's responses to each of the Requests set forth below. Each of Plaintiff's responses is made without waiver or prejudice to these General Objections.

A. Plaintiff objects to these Requests to the extent that they seek documents or things that are protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Any documents withheld on these grounds will be identified on a separate privilege log in line with Rule 26(b)(5). To the extent that these Requests seek privileged materials that were created since the beginning of this litigation, April 28, 2015, solely for the purpose of this litigation, Plaintiff will not identify those materials on a privilege log.

research or surveys related to a "reptile" are not relevant to any claim or defense in this litigation. Ariel Investments will not produce documents responsive to this Request.

**6.    Each specimen provided with the original and any amended application for trademark filed with the USPTO for the "Ariel" mark.**

**RESPONSE:**    Subject to and without waiving its general objections, Ariel Investments will produce responsive, non-privileged documents within its possession, custody, or control within thirty days. Ariel Investments has not yet identified any documents it is withholding based on its objections.

**7.    Each document related to the "Ariel" mark's first use on January 10, 1983.**

**RESPONSE:**    Ariel Investments objects to this Request on the grounds that it is not relevant to any party's claim or defense.

Subject to and without waiving its general and specific objections, Ariel Investments will produce responsive, non-privileged documents within its possession, custody, or control within thirty days. Ariel Investments has not yet identified any documents it is withholding based on its objections.

**8.    Each document related to the "Ariel" mark's first use in interstate commerce on March 23, 1983.**

**RESPONSE:**    Ariel Investments objects to this Request on the grounds that it is not relevant to any party's claim or defense. Ariel Investments also objects to this Request on the grounds that it is overly broad and unduly burdensome, particularly to the extent it seeks "[e]ach" document where documents sufficient to show Ariel Investments' first use of the "Ariel" mark in interstate commerce would suffice.

Subject to and without waiving its general and specific objections, Ariel Investments will produce responsive, non-privileged documents sufficient to show Ariel Investments'' first use of the "Ariel" mark in interstate commerce within its possession, custody, or control within thirty

days. Ariel Investments has not yet identified any documents it is withholding based on its objections.

**9. Each document related to any explanation of the reason you adopted a representation of an ariel gazelle for use in your promotional materials.**

**RESPONSE:** Ariel Investments objects to this Request on the grounds that it is overly broad and unduly burdensome, particularly to the extent it seeks "[e]ach" document where documents sufficient to explain or show Ariel's reasons would suffice. Ariel Investments also objects to this Request on the grounds that it is not relevant to any party's claim or defense in this matter. Ariel Capital's infringement arises from its use of Ariel Investments' ARIEL mark and is not related to any graphic representation of a gazelle, or any other graphic. Ariel Investments will not produce documents responsive to this Request.

**10. Each document related to any explanation of the reason you registered the "Ariel Investments" mark with the USPTO after your registration of the "Ariel" mark.**

**RESPONSE:** Ariel Investments objects to this Request on the grounds that it is overly broad and unduly burdensome, particularly to the extent it seeks "[e]ach" document where documents sufficient to show Ariel's reasons would suffice. Ariel Investments also objects to this Request on the grounds that it is not relevant to any party's claim or defense in this matter. The reason(s) why Ariel Investments chose to register certain marks is not relevant to any claim or defense in this matter. Ariel Investments will not produce documents responsive to this Request.

**11. Each document related to any explanation of the reason you abandoned any use of an ariel gazelle for use in your promotional materials.**

**RESPONSE:** Ariel Investments objects to this Request on the grounds that it is overly broad and unduly burdensome, particularly to the extent it seeks "[e]ach" document where documents sufficient to show Ariel's reasons would suffice. Ariel Investments also objects to

the grounds that it is overly broad and unduly burdensome, particularly to the extent it seeks "[e]ach" document where documents sufficient to identify such "standards" would suffice. Ariel Investments will not produce documents responsive to this Request.

**21.     Each document that identifies your standards when providing asset protection advice to your customers.**

**<u>RESPONSE:</u>**     Ariel Investments objects to this Request as vague and ambiguous as the word "standards" and the phrase "asset protection advice" are undefined and have no obvious meaning in the context of this Request.  Moreover, Ariel Investments objects to this Request on the grounds that it is overly broad and unduly burdensome, particularly to the extent it seeks "[e]ach" document where documents sufficient to identify such "standards" would suffice. Ariel Investments will not produce documents responsive to this Request.

Dated:  March 14, 2016

By: <u>/s/ Zachary J. Watters</u>
Arthur Gollwitzer III (6225038)
  agollwitzer@michaelbest.com
Luke W. DeMarte (6269621)
  lwdemarte@michaelbest.com
Larry L. Saret (2459337)
  llsaret@michaelbest.com
Zachary J. Watters (6310675)
  zjwatters@michaelbest.com
MICHAEL BEST & FRIEDRICH LLP
Two Prudential Plaza
180 N. Stetson Avenue, Suite 2000
Chicago, Illinois  60601
Tel:  (312) 222-0800
Fax:  (312) 222-0818

***Attorneys for Plaintiff Ariel Investments, LLC***

## Certificate of Service

I, Zachary J. Watters, an attorney of record in this matter, certify that on March 14, 2016, I caused a copy of the following document:

**Plaintiff's Responses to Defendant's First Set of Requests for Production**

to be served upon the following counsel of record via U.S. Mail and electronic mail delivery:

Adam Wolek
Brian Noack
Wolek and Noack
233 S. Wacker Drive
21st Floor
Chicago, IL 60606
adamw@wonoip.com
briann@wonoip.com

Christopher Paul Bray
Christopher P. Bray Associates, LLC
9115 Corsea Del Fontana Way, Suite 200
Naples, FL 34109
cpbray@cpbrayassociates.com

／s/ *Zachary J. Watters*
Zachary J. Watters