# Exhibit E

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ARIEL INVESTMENTS, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15-cv-3717 |
| | ) | |
| ARIEL CAPITAL ADVISORS LLC | ) | |
| | ) | |
| Defendant. | ) | |

**Plaintiff's Responses to Defendant's Second Set of Requests for Production**

Plaintiff Ariel Investments, LLC, ("Ariel Investments" or "Plaintiff") responds to

Defendant Ariel Capital Advisors LLC's ("Ariel Capital") Second Set of Requests for

Production dated April 8, 2016, pursuant to Federal Rules of Civil Procedure 26 and 34 as

follows:

*General Objections*

The following General Objections are expressly incorporated by reference into Plaintiff's

responses to each of the Requests set forth below. Each of Plaintiff's responses is made without

waiver or prejudice to these General Objections.

A. Plaintiff objects to these Requests to the extent that they seek documents or things

that are protected from discovery by the attorney-client privilege, the attorney work product

doctrine, or any other applicable privilege. Any documents withheld on these grounds will be

identified on a separate privilege log in line with Rule 26(b)(5). To the extent that these

Requests seek privileged materials that were created since the beginning of this litigation, April

28, 2015, solely for the purpose of this litigation, Plaintiff will not identify those materials on a

privilege log.

B.      Plaintiff objects to these Requests to the extent they seek documents or things that contain confidential or proprietary information belonging to Plaintiff unless all such documents and things are produced pursuant to a confidentiality order entered by the Court (Dkt. 38).

C.      Plaintiff objects to these Requests to the extent that the accompanying four pages of "Instructions" and "Definitions" purport to impose upon Plaintiff duties or responsibilities greater than or different from those imposed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of Illinois, and the orders of this Court as further explained below:

a.      Plaintiff objects to definitions of "You," or "Your" as they purport to include all agents, employees, and consultants, among others.  These definitions are overly broad, burdensome, and impracticable.  Moreover, this instruction would require Plaintiff to produce documents beyond its possession, custody, or control as required by Rule 34.

b.      Plaintiff objects to Instruction No. 1 to the extent it purports to require information on a privilege log beyond that which is required by Fed. R. Civ. P. 26(b)(5)(A).  Plaintiff will log withheld documents according to Rule 26(b)(5)(A).

c.      Plaintiff objects to Instruction No. 2 to the extent that it is an interrogatory recast as an "instruction."  No rule requires Plaintiff to provide the requested information as a matter of course.

extent Ariel Investments understands this Request, by May 27, 2016.  In line with its objections,

Ariel Investments will not produce "all" related documents.

**39.     All documents referring or relating to marketing and internal business definitions of AIL's investment services and products, financial and investment advisory services and products, and mutual funds used by AIL in the normal course of business.**

**RESPONSE:**          Ariel Investments objects to this Request as over broad and unduly

burdensome to the extent it requests "all documents" when document sufficient to show the

requested information will suffice.  This Request also is vague as Ariel Investments cannot be

sure what Ariel Capital is seeking in its request for "marketing and internal business definitions

of AIL's investment services and products . . . "

Subject to and without waiving its specific or general objections, Ariel Investments will

produce responsive, non-privileged documents within its possession, custody, or control

sufficient to show "marketing and internal business definitions of AIL's investment services and

products . . ." to the extent Ariel Investments understands this Request, by May 27, 2016.

**40.     Please produce all documents, communications or writings related to AIL requesting or demanding a third party, including all communications to that party or their representative, to cease using any instance of "Ariel."**

**RESPONSE:**          Ariel Investments objects to this Request to the extent it calls for

production of documents protected from discovery by the attorney-client privilege or the work

product doctrine.  Ariel Investments also objects to this Request because it is cumulative of

Request No. 14, and Ariel Investments has already searched for and produced Responsive

documents.

Subject to and without waiving its specific or general objections, Ariel Investments will

produce responsive, non-privileged documents within its possession, custody, or control to the

extent not already produced by May 27, 2016.

**41.     Please produce all prosecution histories, file wrappers, and correspondence or documents shared with or received from the USPTO for each trademark asserted against Defendant.**

**RESPONSE:**     Ariel Investments objects to this Request to the extent it is cumulative of

Request No. 6, and Ariel Investments has already searched for and produced responsive

trademark registration materials.

Subject to and without waiving its general objections, Ariel Investments will produce

responsive, non-privileged documents within its possession, custody, or control to the extent not

already produced by May 27, 2016.

**42.     Please produce all documents relating to any agreements, contracts, licenses, or assignments that grant any rights to use any trademark containing Ariel.**

**RESPONSE:**     Ariel Investments objects to this Request to the extent it calls for

production of documents protected from discovery by the attorney-client privilege or the work

product doctrine.  Ariel Investments also objects to this Request as over broad and unduly

burdensome to the extent it requests "all documents" when document sufficient to show the

requested information will suffice.  Finally, this Request is overbroad and unduly burdensome

because not all documents "relating to" the requested agreements are related to the claims or

defenses in this case.

Subject to and without waiving its specific or general objections, Ariel Investments will

produce the requested final or executed agreements, if any exist, within its possession, custody,

or control by May 27, 2016.   In line with its objections, Ariel Investments will not produce "all"

related documents.

Dated:  May 12, 2016    By: */s/ Arthur Gollwitzer III*

Arthur Gollwitzer III (6225038)
  agollwitzer@michaelbest.com
Luke W. DeMarte (6269621)
  lwdemarte@michaelbest.com
Larry L. Saret (2459337)
  llsaret@michaelbest.com
Zachary J. Watters (6310675)
  zjwatters@michaelbest.com
MICHAEL BEST & FRIEDRICH LLP
Two Prudential Plaza
180 N. Stetson Avenue, Suite 2000
Chicago, Illinois  60601
Tel:  (312) 222-0800
Fax:  (312) 222-0818

***Attorneys for Plaintiff Ariel Investments, LLC***

**Certificate of Service**

I, Arthur Gollwitzer III, an attorney of record in this matter, certify that on May 12, 2016, I caused a copy of the following document:

**Plaintiff's Responses to Defendant's Second Set of Requests for Production**

to be served upon the following counsel of record via electronic mail delivery:


Adam Wolek
Brian Noack
Wolek and Noack
233 S. Wacker Drive
21st Floor
Chicago, IL 60606
adamw@wonoip.com
briann@wonoip.com

Christopher Paul Bray
Christopher P. Bray Associates, LLC
9115 Corsea Del Fontana Way, Suite 200
Naples, FL 34109
cpbray@cpbrayassociates.com


/s/ Arthur Gollwitzer III
Arthur Gollwitzer III