# Exhibit F

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ARIEL INVESTMENTS, LLC )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ARIEL CAPITAL ADVISORS LLC )<br>)<br>Defendant. ) | Case No. 15-cv-3717 |

**Plaintiff's Supplemental Answers to Defendant's First Set of Interrogatories**

Plaintiff Ariel Investments, LLC, ("Ariel Investments" or "Plaintiff") supplements its response to Defendant Ariel Capital Advisors LLC's ("Ariel Capital") First Set of Interrogatories dated January 27, 2016, pursuant to Federal Rules of Civil Procedure 26 and 33 as follows:

*General Objections*

The following General Objections are expressly incorporated by reference into Plaintiff's responses to each of the Interrogatories set forth below. Each of Plaintiff's responses is made without waiving these General Objections.

A. Plaintiff objects to these Interrogatories to the extent that they seek documents or information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. To the extent these Interrogatories seek privileged materials created since the beginning of this litigation, April 28, 2015, solely for the purpose of this litigation, Plaintiff will not identify those materials on a privilege log.

B. Plaintiff objects to these Interrogatories to the extent they seek documents or information that contain confidential or proprietary information belonging to Plaintiff unless all

7. Identify each market, consumer, and/or trade survey or investigation conducted by you or on your behalf which related in any way to consumer recognition or awareness of your marks, all documents which relate in any way to such survey or investigation, each person who conducted or is conducting such survey or investigation, the results of such survey or investigation, and all documents which relate in any way to such survey or investigation.

**ANSWER:** Ariel Investments objects to this Interrogatory as vague and ambiguous as the phrase "and/or" is not a proper English word and has an ambiguous meaning. Moreover, Ariel Investments objects to this Interrogatory as broad and unduly burdensome to the extent it requests information related to marks not at issue in this case. Additionally, Ariel Investments objects to this Interrogatory to the extent it requests information protected from discovery by the work-product doctrine.

Subject to the foregoing specific and general objections, Ariel Investments answers this Interrogatory by producing non-privileged, business records pursuant to Federal Rule of Civil Procedure 33(d). Ariel Investments will make this production within 30 days.

*Supplemental Answer:*

Ariel Investments further answers this Interrogatory by producing business records bearing Bates Nos. AI005336-005375 and AI005420-005496 pursuant to Federal Rule of Civil Procedure 33(d).

8. Identify each person to whom you have licensed or authorized the use of your marks and identify the products and/or services that you have licensed or authorized for such person(s).

**ANSWER:** Ariel Investments objects to this Interrogatory as vague and ambiguous as the phrase "and/or" is not a proper English word and has an ambiguous meaning. Moreover, Ariel Investments objects to this Interrogatory as broad and unduly burdensome to the extent it requests information related to marks not at issue in this case, such as information related to licenses and authorizations outside the financial services industry, and information related to

- 4 -

licenses and authorizations which occurred prior to the inception of Ariel Capital. Ariel Investments will limit its answer to the marks at issue in this case.

Subject to and without waiving its general and specific objections, Ariel Investments responds that it licenses the marks identified in the Complaint at paragraph 12 to the following entities: Ariel Investment Trust, Ariel Distributors LLC, Ariel Education Initiative (f/k/a Ariel Foundation), and Ariel Community Academy. Additionally, Ariel Investments licenses the marks identified in the Complaint at paragraph 12 for use by third-party brokers in connection with offering Ariel Investment's mutual funds. Finally, Ariel Investments licenses the marks identified in the Complaint at paragraph 12 to organizations and events that Ariel Investments sponsors.

***Supplemental Answer:***

Upon further investigation, Ariel Investments authorizes third-party brokers, organizations, and events that Ariel Investments sponsors to use the marks identified in the Complaint at Paragraph 12. Ariel Investments further answers this Interrogatory by producing non-privileged, business records bearing Bates Nos. AI005936-5938 pursuant to Federal Rule of Civil Procedure 33(d).

10. Identify and describe in detail your knowledge of any person, not a party to this Action, which has used or is using any of your marks and identify each such person, each such mark, the products and services sold or offered for sale in connection with each such mark, the circumstances under which you learned of the use, and identify all documents related to the response to this Interrogatory.

**ANSWER:** Ariel Investments objects to this Interrogatory as vague and ambiguous because the phrase "detail you knowledge of any person responsible" is unclear. Moreover, Ariel Investments objects to this Interrogatory as broad and unduly burdensome to the extent it requests information related to marks not at issue in this case. To the extent that this

- 7 -

Dated:  May 10, 2016    By: */s/ Arthur Gollwitzer III*
Arthur Gollwitzer III (6225038)
  agollwitzer@michaelbest.com
Luke W. DeMarte (6269621)
  lwdemarte@michaelbest.com
Larry L. Saret (2459337)
  llsaret@michaelbest.com
Zachary J. Watters (6310675)
  zjwatters@michaelbest.com
MICHAEL BEST & FRIEDRICH LLP
Two Prudential Plaza
180 N. Stetson Avenue, Suite 2000
Chicago, Illinois  60601
Tel:  (312) 222-0800
Fax:  (312) 222-0818

***Attorneys for Plaintiff Ariel Investments, LLC***

## Certificate of Service

I, Arthur Gollwitzer III, an attorney of record in this matter, certify that on May 10, 2016, I caused a copy of the following document:

**Plaintiff's Supplemental Answers to Defendant's First Set of Interrogatories**

to be served upon the following counsel of record via electronic mail delivery:

Adam Wolek
Brian Noack
Wolek and Noack
233 S. Wacker Drive
21st Floor
Chicago, IL 60606
adamw@wonoip.com
briann@wonoip.com

Christopher Paul Bray
Christopher P. Bray Associates, LLC
9115 Corsea Del Fontana Way, Suite 200
Naples, FL 34109
cpbray@cpbrayassociates.com

                                                   */s/ Arthur Gollwitzer III*
                                                   Arthur Gollwitzer III