UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARIEL INVESTMENTS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 15-cv-3717 |
| ) | |
| ARIEL CAPITAL ADVISORS LLC, ) | Hon. Judge Matthew F. Kennelly |
| ) | |
| Defendant. ) | |

**Plaintiff's Reply in Support of Its**
**Motion to Strike Defendant's First Affirmative Defense**

Defendant Ariel Capital Advisors LLC's ("Ariel Capital") Response to Plaintiff's Motion To Strike Its First Affirmative Defense makes three things clear: (1) Ariel Capital cannot identify a "who" responsible for the alleged fraud in its Defense; (2) Ariel Capital cannot identify a "what" or "how" in its Defense because, among several reasons, it erroneously equates alleged "misrepresentation" or "falsity" with "fraud;" and (3) Ariel Capital recognizes its Defense's many deficiencies and is attempting to supplement the Defense's insufficient allegations through its response brief. But Ariel Capital's attempted supplements highlight that its Defense is baseless. Furthermore, the arguments for the Defense rest solely on an interrogatory answer and a 1996 magazine article that actually contradict and plainly do not support the inferences Ariel Capital draws from them, as described subsequently.

**I. There Is No "Who"**

For the first time, Ariel Capital identifies the "who" as one or more of three entities: "Plaintiff, Jessica Berger, and its CEO John Rogers" (Dkt. 94 at p. 6). This three-headed "who" does not match the "who" alleged in the Defense, where Ariel Capital identified only "Plaintiff." (Dkt. 85-1 ¶¶ 56-63). As described in Ariel Investments' Motion to Strike, identifying a

corporate "who" rather than an individual is not legally sufficient. (Dkt. 92 at p. 8.) Therefore, Ariel Capital has now resorted to the even more vague version of "who" by listing in its Response three possible entities or persons because it does not know anyone in particular responsible for the alleged fraud.

The question is not, as Ariel Capital argues, whether Ariel Investments has "notice" of what Ariel Capital intends by its Defense; the question is whether Ariel Capital has adequately pleaded its Defense. The answer is no, and the Court should strike Ariel Capital's Defense based on this "who" deficiency alone.

## II.     There Is No "What"

Ariel Capital argues that it "pled facts alleging that Plaintiff was <u>deceptive</u> by falsely telling the USPTO that it was using its mark in commerce when it was not." (Dkt. 94 at p. 8 (emphasis added).) Ariel Capital did not actually use the word "deceptive" in its Defense. Even with Ariel Capital's supplemental word-smithing, an allegedly *mistaken* or *false* date is not tantamount to *fraud*. It is not enough for Ariel Capital to allege that a date is false; to satisfy the pleading requirements of fraud, the Defense must allege facts plausibly suggesting "knowledge" that the date is false and "intent" to deceive someone. *In re Bose Corp.*, 580 F.3d 1240, 1243 (Fed. Cir. 2009) (there is "a material legal distinction between a 'false' representation and a 'fraudulent' one, the latter involving an intent to deceive.")

Ariel Capital has not included in the Defense factual allegations that anyone "knew" a date was false or that the date assertion was made "with intent to deceive." Moreover, these are not, as Ariel Capital wrongly argues, mere omissions of "keywords." (Dkt. 94 at p. 8). These omissions critically distinguish a mistaken or false representation from a "fraudulent" one. (Dkt. 92 at p. 9).

**III.     Ariel Capital's Response Cannot Substitute for Its Defense**

Ariel Capital's Response makes statements about its Defense as if supporting facts are actually alleged. Ariel Capital, however, has not and cannot allege supporting facts.

First, apparently Ariel Capital has abandoned its allegation in paragraph 59 of the Defense ("Plaintiff's actual use in commerce … postdated its statement … it used its mark in [sic] March 23, 1983"), because Ariel Capital makes no effort to justify its Defense on that basis. Moreover, that allegation, even if true, is not material. (Dkt. 92 at p. 6).

Second, Ariel Capital incorrectly frames the parties' argument as to whether use of "a trademark in commerce" is material. (Dkt. 94 at p. 5). That is not the issue. The issue is whether the Defense alleges fraud based on the allegation in paragraph 61 that Ariel Investments' "actual use in commerce … postdated the date it filed its trademark application." Ariel Capital's Response shows that this allegation arises from Ariel Capital taking unjustified liberties in construing the answer to interrogatory 2 which states in part: "Small-cap value (September 30, 1983 – present)." That is not a statement showing Ariel Investments' "actual use in commerce…postdated the date it filed its trademark application"; it merely identifies the start date of one separately managed account. Further, Ariel Capital ignores the fact that its Interrogatory No. 2 *does not ask* when the ARIEL trademark was first "used in commerce"; rather, it asks "when the product or service was first made available to consumers." Seeing in the Defense that Ariel Capital was misconstruing the answer as a first use date, Ariel Investments supplemented its answer to make clear that its use of its ARIEL mark "was at least as early as

3

January 10, 1983," which pre-dates the application filing date.[1] Ariel Capital's first use date argument is actually contradicted by the interrogatory answer on which it is based.

Third, Ariel Capital argues in its Response (but does not allege in its Defense) that "John Rogers also stated in public interviews that Plaintiff did not service its first customer until *eighteen months* after opening." (Emphasis in original, Dkt. 94 at p. 2). Ariel Capital does not cite support for this, but it attaches as Exhibit C to its Response an article about John Rogers from a 1996 issue of N'DIGO magazine. That 1996 article actually states that "John and Ariel … [got] their first million dollar account after 18 months." A first "million dollar account" is a far cry from a "first customer." If that article is Ariel Capital's support, then Ariel Capital's statement is another example of taking unjustified liberty with the truth.[2]

*Conclusion*

The Defense is insufficient on its face and the Response does not cure its many deficiencies. For the foregoing reasons and those stated in Ariel Investments' motion, the Defense should be stricken. Also, as the Defense is Ariel Capital's excuse for deposing John Rogers, Ariel Capital's Motion to Compel John Rogers' Deposition should also be denied.

---

[1] Ariel Capital disingenuously also argues that the "application specimens" (brochures) submitted with the application are "insufficient to demonstrate 'use in commerce'" because they are "advertising material," when Ariel Capital knows or should know that brochures are proper specimens for service marks. The Trademark Manual of Examining Procedure ("TMEP") specifically states that brochures and other advertisements are acceptable specimens for service marks. ("The specimen must show the mark as actually used by the applicant in selling or advertising the services. 37 C.F.R. § 2.56(b)(2). Acceptable specimens may include newspaper and magazine advertisements, brochures, billboards, handbills, direct-mail leaflets, menus (for restaurants), press releases that are publicly available (e.g., on the applicant's website), and the like.") TMEP § 1301.04(a) (underline added).

[2] An enlarged copy of the relevant page of Exhibit C is attached hereto.

Dated: June 22, 2016  By: */s/ Larry L. Saret*
Arthur Gollwitzer III (6225038)
agollwitzer@michaelbest.com
Luke W. DeMarte (6269621)
lwdemarte@michaelbest.com
Larry L. Saret (2459337)
llsaret@michaelbest.com
Zachary J. Watters (6310675)
zjwatters@michaelbest.com
MICHAEL BEST & FRIEDRICH LLP
Two Prudential Plaza
180 N. Stetson Avenue, Suite 2000
Chicago, Illinois 60601
Tel: (312) 222-0800
Fax: (312) 222-0818
***Attorneys for Plaintiff Ariel Investments, LLC***

## **CERTIFICATE OF SERVICE**

I, Larry Saret, an attorney of record in this matter, certify that on June 22, 2016, I caused a copy of the following document:

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE DEFENDANT'S FIRST AFFIRMATIVE DEFENSE**

to be filed with the Clerk of Court of the United States District Court for the Northern District of Illinois by electronic (ECF) filing, which provides service for the following counsel of record by e-mail delivery:

>Adam Wolek
>Brian Noack
>Wolek and Noack
>233 S. Wacker Drive
>21st Floor
>Chicago, IL 60606
>adamw@wonoip.com
>briann@wonoip.com
>
>Christopher Bray
>Christopher P. Bray Associates, LLC
>9115 Corsea Del Fontana Way, Suite 200
>Naples, FL 34109
>cpbray@cpbrayassociates.com

>>*/s/ Larry Saret*
>>Larry Saret