**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ARIEL INVESTMENTS, LLC, | ) |
| Plaintiff, | ) |
| | ) Case No.: 1:15-cv-3717 |
| v. | ) |
| | ) Hon. Judge Matthew F. Kennelly |
| ARIEL CAPITAL ADVISORS LLC, | ) |
| Defendant. | ) |

## ANSWER TO COMPLAINT AND COUNTERCLAIMS

Defendant Ariel Capital Advisors LLC ("ACA"), in answer to plaintiff's Complaint states as follows:

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1, except that defendant admits that a copy of Federal Trademark Registration No. 1,286,420, among others, is attached to the complaint as Exhibit A and specifically denies that said registration is valid and that ARIEL is a trademark.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 and therefore denies same.

3. Defendant admits the allegations of Paragraph 3, except that defendant's correct address is 9115 Corsea Del Fontana Way, Suite 200, Naples, Florida 34109.

4. Defendant admits the allegations of Paragraph 4.

5. Defendant admits the allegations of Paragraph 5.

6. Defendant denies the allegations of Paragraph 6, except that defendant admits that this Court has dismissed defendant's motion to dismiss this matter for lack of personal jurisdiction over defendant.

7.    Defendant denies the allegations of Paragraph 7, except that defendant admits that this Court has dismissed defendant's motion to transfer venue of this matter.

8.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 and therefore denies same.

9.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 and therefore denies same.

10.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 and therefore denies same.

11.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 and therefore denies same.

12.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12, except that defendant admits that a copy of Federal Trademark Registration No. 1,286,420, among others, is attached to the complaint as Exhibit A and specifically denies that said registration is valid and that ARIEL is a trademark.

13.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13, except that defendant admits that a copy of Federal Trademark Registration No. 1,286,420, among others, is attached to the complaint as Exhibit A and specifically denies that said registration is valid and that ARIEL is a trademark.

14.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14, except that defendant admits that a copy of Federal Trademark Registration No. 1,286,420, among others, is attached to the complaint

as Exhibit A and specifically denies that said registration is valid and that ARIEL is a trademark.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 and therefore denies same.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 and therefore denies same.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 and therefore denies same.

18. Defendant denies the allegations of Paragraph 18.

19. Defendant denies the allegations of Paragraph 19.

20. Defendant denies the allegations of Paragraph 20 and specifically denies that it has used ARIEL as a trademark, except that defendant admits that a copy of Federal Trademark Registration No. 1,286,420, among others, is attached to the complaint as Exhibit A and specifically denies that said registration is valid and that ARIEL is a trademark.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 and therefore denies same, except that defendant admits that it registered the domain name arielcapitaladvisors.com in or about January 2014. Defendant specifically denies that is has used ARIEL as a trademark.

22. Defendant admits the allegations of Paragraph 22.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23, except that defendant specifically denies that it has used ARIEL as a trademark.

24.  Defendant admits that plaintiff sent a demand letter attached to the complaint as Exhibit C.

25.  Defendant admits the allegations of Paragraph 25 that defendant's counsel responded in writing to plaintiff's counsel, along with supporting evidence, informing plaintiff that the term "Ariel" was an ancient Biblical name with a provenance in excess of five millennia.  Defendant's counsel also informed plaintiff's counsel that any claimed ownership over the term "Ariel" was invalid since the term was a Hebrew name meaning "Lion of God," the term was a geographical term for the 5,000 year old city of Jerusalem as set forth in Isaiah 29:1, and the term was therefore generic.  Defendant admits that this letter is attached to the complaint as Exhibit D.

26.  Defendant denies the allegations of Paragraph 26.

27.  Defendant denies the allegations of Paragraph 27, except that defendant admits that defendant's counsel informed plaintiff's counsel that any claimed ownership over the term "Ariel" was invalid since the term was a Hebrew name meaning "Lion of God," the term "Ariel" was an ancient Biblical name with a provenance in excess of five millennia, the term was a geographical term for the 5,000 year old city of Jerusalem as set forth in Isaiah 29:1, and the term was therefore generic.

28.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28.

## COUNT I
## Violation of The Lanham Act − Federal Service Mark Infringement

29.  Defendant realleges its responses to Paragraphs 1 through 28.

30.  Defendant denies the allegations of Paragraph 30 and specifically denies that

it has used Ariel as a trademark.

31. Defendant denies the allegations of Paragraph 31 and specifically denies that it has used Ariel as a trademark.

32. Defendant denies the allegations of Paragraph 32 and specifically denies that it has used Ariel as a trademark.

## COUNT II
## Violation of The Lanham Act – Federal Unfair Competition

33. Defendant realleges its responses to Paragraphs 1 through 28.

34. Defendant denies the allegations of Paragraph 34.

35. Defendant denies the allegations of Paragraph 35.

36. Defendant denies the allegations of Paragraph 36.

## COUNT III
## Illinois Deceptive Trade Practices

37. Defendant realleges its responses to Paragraphs 1 through 28.

38. Defendant denies the allegations of Paragraph 38 and specifically denies that plaintiff's registration of the term Ariel is valid and that the term Ariel is a trademark. Defendant specifically denies that it has used Ariel as a trademark.

39. Defendant denies the allegations of Paragraph 39 and specifically denies that plaintiff's registration of the term Ariel is valid and that the term Ariel is a trademark. Defendant specifically denies that it has used Ariel as a trademark.

40. Defendant denies the allegations of Paragraph 40.

41. Defendant denies the allegations of Paragraph 41.

42. Defendant denies the allegations of Paragraph 42.

43. Defendant denies the allegations of Paragraph 43.

## COUNT IV
## Violation of Illinois Common Law

44. Defendant realleges its responses to Paragraphs 1 through 28.

45. Defendant denies the allegations of Paragraph 45 and specifically denies that plaintiff's registration of the term Ariel is valid and that the term Ariel is a trademark.

46. Defendant denies the allegations of Paragraph 46 and specifically denies that plaintiff's registration of the term Ariel is valid and that the term Ariel is a trademark. Defendant specifically denies that it has used Ariel as a trademark.

47. Defendant denies the allegations of Paragraph 47.

48. Defendant denies the allegations of Paragraph 48.

## COUNT V
## Violation of Lanham Act – Anticybersquatting Consumer Protection Act

49. Defendant realleges its responses to Paragraphs 1 through 28.

50. Defendant denies the allegations of Paragraph 50.

51. Defendant denies the allegations of Paragraph 51.

52. Defendant denies the allegations of Paragraph 52.

53. Defendant denies the allegations of Paragraph 53.

54. Defendant denies the allegations of Paragraph 54.

55. Defendant denies the allegations of Paragraph 55.

## AFFIRMATIVE DEFENSES

56. Plaintiff's alleged "ARIEL" mark is a generic term, not entitled to trademark protection.

57. Plaintiff's alleged "ARIEL" mark is a term which is so highly descriptive that it is incapable of becoming a trademark.

58. Plaintiff's alleged "ARIEL" mark is weak and not distinctive.

59. Plaintiff's alleged "ARIEL" mark has no secondary meaning.

60. Plaintiff's alleged "ARIEL" mark does not result in any likelihood of confusion with Defendant's use of the term Ariel.

61. Defendant's use of the term Ariel is fair use.

62. Plaintiff, on information and belief, is guilty of unclean hands in attempting to claim and maintain exclusive rights to the term Ariel through the trademark registration process before the United States Patent And Trademark Office (USPTO) despite knowledge of widespread third-party use of those terms as descriptors, and on that basis it is not entitled to equitable relief.

63. Plaintiff, on information and belief, is guilty of unclean hands in attempting to claim and assert exclusive rights to the term Ariel by instituting and maintaining this action against defendant despite knowledge of widespread third-party use of those terms as descriptors, and on that basis it is not entitled to equitable relief.

## AMENDED AFFIRMATIVE DEFENSE I
### Plaintiff's Inequitable Conduct Before the USPTO

64. In January 1983, John Rogers founded Ariel Capital Management and began serving as its President.

65. As its President, and given the small number of employees, John Rogers likely exercised a high degree of control over his employees.

66. Ariel Capital Management later changed its name to Ariel Investments, LLC,

7

and is the predecessor to Plaintiff.

67.  In 1983, Jessica E. Berger was Vice President and Secretary of Ariel Capital Management.

68. John Rogers was Jessica E. Berger's supervisor, and as such, he had control over her.

69.  In June 1983, John Rogers directed Jessica E. Berger to file a trademark application for "Ariel", now registered as Trademark Reg. No. 1,286,420.

70.  The ARIEL mark was not being used in commerce in June 1983.

71.  John Rogers knew ARIEL had not been used in commerce at that time.

72.  John Rogers stated that when he started Ariel Capital Management he "had no money to manage, no clients", and that Ariel did not get its first account until 18 months after its founding.

73.  In its discovery responses, Ariel Investments, LLC also represented ARIEL was not used in commerce until September 1983.

74.  Given the small size of the company and her significant role in its affairs, Jessica E. Berger knew ARIEL was not being used in commerce in June 1983.

75.  Jessica E. Berger signed the ARIEL trademark application on June 14, 1983 and it received a filing date of June 20, 1983.

76.  In the ARIEL application, Jessica E. Berger knowingly falsely represented to the USPTO that ARIEL had been used in commerce since March 1983.

77.  Because "use in commerce" must be as of the trademark application filing date and the ARIEL mark was not being used in commerce as of the filing date, Jessica

8

E. Berger's misrepresentation to the USPTO was material.

78.  Jessica E. Berger knowingly misstated to the USPTO that the ARIEL mark had been used in commerce in order to obtain a trademark registration despite knowing that it was not used in commerce.

79.  Jessica E. Berger misrepresented the first use in commerce date for the purpose of securing ARIEL's trademark registration.

80.  Because Jessica E. Burger's material misrepresentation to the USPTO constitutes inequitable conduct or fraud, the ARIEL trademark is void.

## AMENDED AFFIRMATIVE DEFENSE II
### Abandonment Due to Naked Licensing and Failure to Police

81.  Plaintiff stated it licenses its ARIEL and ARIEL INVESTMENTS trademarks to third party brokers in connection with offering its mutual funds.

82.  Plaintiff has failed to show that its licensing agreements with third party brokers place quality control requirements on licensees.

83.  Plaintiff has failed to show that its licensing agreements with third party brokers provide Plaintiff with the power to supervise or control licensees.

84.  Because Plaintiff has failed to show that it controls or supervises its trademark, its conduct amounts to naked licensing.

85.  Plaintiff also failed to make reasonable efforts to police infringement of its ARIEL trademark because Plaintiff knows of or is willfully blind or ignores parties who use its marks for similar products and services but does not attempt to enforce its rights against those parties.

86.  Therefore, because Plaintiff issues naked licenses and does not reasonably

police or enforce its marks, Plaintiff has abandoned its mark.

## COUNTERCLAIMS

Defendant and Counterclaim Plaintiff, Ariel Capital Advisors, LLC ("ACA") pleads the following counterclaims against Plaintiff and Counterclaim Defendant, Ariel Investments, LLC ("AIL").

### Parties

87.  Counterclaim Plaintiff ACA is a Florida limited liability company, having a regular and established place of business in Naples, Florida.

88.  On Information and belief, Counterclaim Defendant AIL is a Delaware corporation having a regular and established place of business in Chicago, Illinois.

### Jurisdiction and Venue

89.  This is a counterclaim for declaratory judgment pursuant to 28 U.S.C. §2201 in regard to an actual controversy between Counterclaim Plaintiff ACA and Counterclaim Defendant AIL and for cancellation of federal trademark registration pursuant to 15 U.S.C. §1119.

90.  Subject matter jurisdiction of this Counterclaim arises under 28 U.S.C. §1367 in that the Counterclaim forms part of the same case or controversy as AIL's claims in the complaint, and under 28 U.S.C. §1331 and §1338(a) and 15 U.S.C. §1119 and §1121(a).

91.  Venue is proper in this judicial district under 28 U.S.C. §1391 (b) and (c), in that AIL transacts business affairs within this District, and filed its Complaint in this Court.

### COUNTERCLAIM I
### Declaratory Judgment

92. Counterclaim Plaintiff ACA hereby realleges Paragraphs 87 through 91, as if fully set forth herein.

93. On information and belief, Counterclaim Defendant AIL owns Federal Trademark Registration No. 1,286,420 for ARIEL, in connection with management of investments and investment funds, in International Class 36.

94. On information and belief, Counterclaim Defendant AIL owns Federal Trademark Registration No. 3,506,141 for ARIEL INVESTMENTS, in connection with investment advisory services, in International Class 36. Federal Trademark Registration No. 3,506,141 disclaims any exclusive rights in the word "INVESTMENTS" apart from the mark as shown.

95. Counterclaim Plaintiff, ACA, has been providing personal services to individuals and family organizations in the form of investment planning and management, financial planning, tax planning, and estate planning, primarily in Ohio and Florida since January 24, 2014.

96. The word, Ariel, is a commonly used generic term.

97. The word, Ariel, is a common descriptive word for a lion, a gazelle, or Jerusalem.

98. The word, Ariel, is so highly descriptive of boldness, quickness, and agility that it is incapable of functioning as a trademark irrespective of how much use, advertising, or promotion of the term is made.

99. The word, Ariel, is prohibited from registration as a trademark by Section 2(e)(1) of the Trademark Act.

100.  The existence of Federal Trademark Registration No. 1,286,420 is damaging to Counterclaim Plaintiff ACA.  Counterclaim Defendant AIL has charged ACA with trademark infringement, claiming exclusive rights in the Biblical word, Ariel, based on its ownership of Federal Trademark Registration No. 1,286,420, and demanding that ACA cease and desist from any further use of the Biblical word, Ariel, in connection with providing its personal services, first through written cease and desist demands and then through its Complaint in the present case, all to the detriment of ACA.

## COUNTERCLAIM II
## Trademark Cancellation - Generic

101.  Counterclaim Plaintiff ACA hereby realleges Paragraphs 87 through 91 and 93 through 100, as if fully set forth herein.

102.  Through its own actions, Counterclaim Defendant AIL acknowledges that the mark, ARIEL, is generic and therefore not subject to trademark protection. Recognizing the weakness of the word, ARIEL, alone as a mark Counterclaim Defendant AIL has subsequently registered the following marks in the same International Class 36, ARIEL FUND, ARIEL INVESTMENTS, ARIEL FOCUS FUND, ARIEL'S ABC'S OF MONEY, and ARIEL PREMIER GROWTH FUND.  If the word, ARIEL, alone was eligible for trademark protection in International Class 36 for management of investments and investment funds, Counterclaim Defendant AIL would not have expended the time and resources to register ARIEL in combination with other generic marks (e.g., INVESTMENTS) as composite marks to obtain protection that presumably already exists for ARIEL.

103.  On information and belief, a significant number of third-party users have

used the ARIEL mark in connection with management of investments and investment funds (including, Ariel Wealth Advisors, LLC and Ariel Fund, Ltd., among others) for so long and without any policing effort by Counterclaim Defendant AIL that the mark has become so weak and highly diluted that it is incapable of trademark protection as generic.

104.  Counterclaim Plaintiff ACA sought no federal trademark protection for the Biblical word, "Ariel," as the term is generic.  The word, Ariel, means "lion of God" in Hebrew and is Biblical name for the ancient city of Jerusalem (Isaiah 29:1).  The Ariel Gazelle is also a species of antelope "found in Arabia and adjacent countries."  Webster's Revised Unabridged Dictionary.

105.  Counterclaim Plaintiff ACA sought no federal trademark protection for the term "capital," as the word is generic and commonly used in the management of wealth.

106.  Counterclaim Plaintiff ACA sought no federal trademark protection for the term "advisors," as the word is a commonly used generic term for an expert who provides professional advice.

107.  The term "Ariel," alone or in compound expression with any other generic word, is incapable of functioning as a trademark irrespective of how much use, advertising, or promotion of the term "Ariel" is made.

108.  Federal Trademark Registration No. 1,286,420 for ARIEL should be cancelled pursuant to 15 U.S.C. §1064(3), as the term Ariel is generic.

## COUNTERCLAIM III
## Trademark Cancellation - Abandonment

109.  Counterclaim Plaintiff ACA hereby realleges Paragraphs 87 through 91 and 93 through 100 and 100 through 108, as if fully set forth herein.

110.  On information and belief, Counterclaim Defendant AIL obtained Federal Trademark Registration No. 1,286,420 for ARIEL, in connection with logos, drawings, and specimens related to the Ariel Gazelle, recognized for its small size, quickness, and agility.

111.  On information and belief, Counterclaim Defendant AIL currently uses the word ARIEL in commerce as a mark directly connected with a turtle and the phrase "slow and steady."   Counterclaim Defendant AIL's current use of a mark that employs a turtle with "slow and steady" specifically contradicts Counterclaim Defendant AIL's registered mark that employs a gazelle which is quick and agile.

112.  Counterclaim Defendant AIL has abandoned its use of Federal Trademark Registration No. 1,286,420 for another mark, completely different than its registered mark.

113.  Upon information and belief, such abandonment commenced more than three years from the date of this Counterclaim.

114.  Upon information and belief, such abandonment was performed by Counterclaim Defendant AIL with the intent not to resume such use, if any, in the United States.

115.  The aforesaid acts constitute Counterclaim Defendant AIL's abandonment of Federal Trademark Registration No. 1,286,420 in the United States.

## **JURY DEMAND**

ACA demands a jury trial on all issues so triable.

WHEREFORE, Defendant and Counterclaim Plaintiff ACA prays for relief as follows:

a. That this Court enter judgment for Defendant and Counterclaim Plaintiff ACA on all claims in Plaintiff and Counterclaim Defendant AIL's Compliant;

b. That this Court grant and enter a judgment that ACA's use of the word, Ariel, does not infringe, dilute, or violate AIL's rights under the trademark laws of the United States or any other trademark right of AIL;

c. That this Court grant and enter a judgment that Ariel is a generic term, and that Federal Trademark Registration No. 1,286,420 for Ariel, be cancelled, and that the Director of the USPTO be provided with a certified Order of same;

d. That this Court grant and enter a judgment that AIL has abandoned Federal Trademark Registration No. 1,286,420, and that Federal Trademark Registration No. 1,286,420 for Ariel, be cancelled, and that the Director of the USPTO be provided with a certified Order of same;

e. That this Court grant and enter a judgment that AIL's registration of Federal Trademark Registration No. 1,286,420 constituted a fraud on the USPTO, and that Federal Trademark Registration No. 1,286,420 for Ariel, be cancelled, and that the Director of the USPTO be provided with a certified Order of same;

f. That AIL and its agents, officers, attorneys, representatives, and those acting in concert and/or privity with them be preliminarily and permanently enjoined by this Court from suing, threatening to sue, or making any charges that ACA has committed any acts of trademark infringement, unfair competition, or dilution respecting the term Ariel.

g. That this Court assess the costs of this action, and attorney's fees against AIL, under the provisions of the Trademark Act based upon findings that this case is exceptional, pursuant to 15 U.S.C. §1117;

15

h. And that ACA have such other further relief as the Court may deem just.

Dated: July 7, 2016

By:/s/ Christopher P. Bray
Christopher P. Bray
Christopher P. Bray Associates, LLC
9115 Corsea Del Fontana Way, Ste 200
Naples, Florida 34109
P 239.651.6008
F 239.431.3914
*Attorney for Defendant*
*Ariel Capital Advisors, LLC*


Adam Wolek
Brian Noack
Wolek & Noack
233 S. Wacker Drive
21st Floor
Chicago, Il 60606
adamw@wonoip.com
briann@wonoip.com
*Local Counsel for Defendant*
*Ariel Capital Advisors, LLC*

**CERTIFICATE OF SERVICE**

The undersigned certifies that, on July 7, 2016, he caused this document to be served upon the following counsel of record via electronic mail delivery:


Arthur Gollwitzer III
agollwitzer@michaelbest.com
Luke W. DeMarte
lwdemarte@michaelbest.com
Larry L. Saret
llsaret@michaelbest.com
Zachary J. Watters
zjwatters@michaelbest.com
Michael Best & Friedrich LLP
Two Prudential Plaza
180 N. Stetson Ave., Suite 2000
Chicago, Illinois 60601

Mareile Bayard Cusack
mcusack@arielinvestments.com
David Allyn Miley
dmiley@arielinvestments.com
Ariel Investments, LLC
200 East Randolph Street, Ste 2900
Chicago, Illinois 60601-6505


By:/s/     Brian T. Noack_____
Brian T. Noack