UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARIEL INVESTMENTS, LLC ) | |
| ) | |
| Plaintiff/Counter-Defendant, ) | |
| ) | |
| v. ) | Case No. 15-cv-3717 |
| ) | |
| ARIEL CAPITAL ADVISORS LLC ) | |
| ) | |
| Defendant/Counter-Plaintiff. ) | |

**Plaintiff/Counter-Defendant Ariel Investments' Answer to
<u>Ariel Capital Advisors' Counterclaims</u>**

Plaintiff/Counter-Defendant, Ariel Investments, LLC ("Ariel") answers the Counterclaims filed by Defendant/Counter-Plaintiff, Ariel Capital Advisors LLC ("Ariel Capital") as follows:

## <u>Parties</u>

87. Counterclaim Plaintiff ACA is a Florida limited liability company, having a regular and established place of business in Naples, Florida.

**<u>ANSWER</u>:** Ariel admits the allegations set forth in Paragraph 87 of the Counterclaims.

88. On Information and belief, Counterclaim Defendant AIL is a Delaware corporation having a regular and established place of business in Chicago, Illinois.

**<u>ANSWER</u>:** Ariel admits the allegations set forth in Paragraph 88 of the Counterclaims.

## <u>Jurisdiction and Venue</u>

89. This is a counterclaim for declaratory judgment pursuant to 28 U.S.C. §2201 in regard to an actual controversy between Counterclaim Plaintiff ACA and Counterclaim Defendant AIL and for cancellation of federal trademark registration pursuant to 15 U.S.C. § 1119.

**<u>ANSWER</u>:** Ariel admits that Counterclaims I-III are actions for declaratory judgment and cancellation of federal trademark registration. Ariel denies all of the remaining allegations set forth in Paragraph 89 of the Counterclaims.

90. Subject matter jurisdiction of this Counterclaim arises under 28 U.S.C. §1367 in that the Counterclaim forms part of the same case or controversy as AIL's claims in the complaint, and under 28 U.S.C. §1331 and §1338(a) and 15 U.S.C. §1119 and §1121(a).

**ANSWER:** Ariel admits the allegations set forth in Paragraph 90 of the Counterclaims.

91. Venue is proper in this judicial district under 28 U.S.C. §1391 (b) and (c), in that AIL transacts business affairs within this District, and filed its Complaint in this Court.

**ANSWER:** Ariel admits the allegations set forth in Paragraph 91 of the Counterclaims.

### COUNTERCLAIM I
### Declaratory Judgment

92. Counterclaim Plaintiff ACA hereby realleges Paragraphs 87 through 91, as if fully set forth herein.

**ANSWER:** Ariel restates its answers to Paragraphs 87 through 91 of the Counterclaims as if fully set forth herein.

93. On information and belief, Counterclaim Defendant AIL owns Federal Trademark Registration No. 1,286,420 for ARIEL, in connection with management of investments and investment funds, in International Class 36.

**ANSWER:** Ariel admits the allegations set forth in Paragraph 93 of the Counterclaims.

94. On information and belief, Counterclaim Defendant AIL owns Federal Trademark Registration No. 3,506,141 for ARIEL INVESTMENTS, in connection with investment advisory services, in International Class 36. Federal Trademark Registration No. 3,506,141 disclaims any exclusive rights in the word "INVESTMENTS" apart from the mark as shown.

**ANSWER:** Ariel admits that Federal Trademark Registration No. 3,506,141 disclaims any exclusive rights in the word "INVESTEMENTS" apart from the mark as shown. Ariel denies all of the remaining allegations set forth in Paragraph 94 of the Counterclaims.

95. Counterclaim Plaintiff, ACA, has been providing personal services to individuals and family organizations in the form of investment planning and management, financial planning, tax planning, and estate planning, primarily in Ohio and Florida since January 24, 2014.

**ANSWER:** Ariel admits the allegations set forth in Paragraph 95 of the Counterclaims.

96. The word, Ariel, is a commonly used generic term.

**ANSWER:** Ariel denies the allegations set forth in Paragraph 96 of the Counterclaims.

97. The word, Ariel, is a common descriptive word for lion, a gazelle, or Jerusalem.

**ANSWER:** Ariel denies the allegations set forth in Paragraph 97 of the Counterclaims.

98. The word, Ariel, is so highly descriptive of boldness, quickness, and agility that it is incapable of functioning as a trademark irrespective of how much use, advertising, or promotion of the term is made.

**ANSWER:** Ariel denies the allegations set forth in Paragraph 98 of the Counterclaims.

99. The word, Ariel, is prohibited from registration as a trademark by Section 2(e)(1) of the Trademark Act.

**ANSWER:** Ariel denies the allegations set forth in Paragraph 99 of the Counterclaims.

100. The existence of Federal Trademark Registration No. 1,286,420 is damaging to Counterclaim Plaintiff ACA. Counterclaim Defendant AIL has charged ACA with trademark infringement, claiming exclusive rights in the Biblical word, Ariel, based on its ownership of Federal Trademark Registration No. 1,286,420, and demanding that ACA cease and desist from any further use of the Biblical word, Ariel, in connection with providing its personal services, first through written cease and desist demands and then through its Complaint in the present case, all to the detriment of ACA.

**ANSWER:** Ariel admits that it has accused Ariel Capital of infringing various trademarks and has demanded that Ariel Capital cease and desist infringing via cease and desist demands and then through the instant litigation. Ariel denies all of the remaining allegations set forth in Paragraph 100 of the Counterclaims.

### COUNTERCLAIM II
### Trademark Cancellation – Generic

101. Counterclaim Plaintiff ACA hereby realleges Paragraphs 87 through 91 and 93 through 100, as if fully set forth herein.

**ANSWER:** Ariel restates its answers to Paragraphs 87 through 91 and 93 through 100 of the Counterclaims as if fully set forth herein.

102. Through its own actions, Counterclaim Defendant AIL acknowledges that the mark, ARIEL, is generic and therefore not subject to trademark protection. Recognizing the

weakness of the word, ARIEL, alone as a mark Counterclaim Defendant AIL has subsequently registered the following marks in the same International Class 36, ARIEL FUND, ARIEL INVESTMENTS, ARIEL FOCUS FUND, ARIEL'S ABC'S OF MONEY, and ARIEL PREMIER GROWTH FUND.  If the word, ARIEL, alone was eligible for trademark protection in International Class 36 for management of investments and investment funds, Counterclaim Defendant AIL would not have expended the time and resources to register ARIEL in combination with other generic marks (e.g., INVESTMENTS) as composite marks to obtain protection that presumably already exists for ARIEL.

**ANSWER:**     Ariel admits it has federally registered the marks ARIEL, ARIEL FUND, ARIEL INVESTMENTS, ARIEL FOCUS FUND, ARIEL'S ABC'S OF MONEY, and ARIEL PREMIER GROWTH FUND.  Ariel denies all of the remaining allegations set forth in Paragraph 102 of the Counterclaims.

103.    On information and belief, a significant number of third-party users have used the ARIEL mark in connection with management of investments and investment funds (including, Ariel Wealth Advisors, LLC and Ariel Fund, Ltd., among others) for so long and without any policing effort by Counterclaim Defendant AIL that the mark has become so weak and highly diluted that it is incapable of trademark protection as generic.

**ANSWER:**     Ariel denies the allegations set forth in Paragraph 103 of the Counterclaims.

104.    Counterclaim Plaintiff ACA sought no federal trademark protection for the Biblical word, "Ariel," as the term is generic.  The word, Ariel, means "lion of God" in Hebrew and is Biblical name for the ancient city of Jerusalem (Isaiah 29:1).  The Ariel Gazelle is also a species of antelope "found in Arabia and adjacent countries."  Webster's Revised Unabridged Dictionary.

**ANSWER:**     Ariel admits that Ariel Capital sought no federal trademark protection for the mark ARIEL.  Further, Ariel admits that Ariel is a Biblical name for Jerusalem.  Ariel lacks information sufficient to form a belief about the truth of all the remaining allegations set forth in Paragraph 104 of the Counterclaims.

105.    Counterclaim Plaintiff ACA sought no federal trademark protection for the term "capital," as the word is generic and commonly used in the management of wealth.

**ANSWER:**     Ariel admits the allegations set forth in Paragraph 105 of the Counterclaims.

106.    Counterclaim Plaintiff ACA sought no federal trademark protection for the term "advisors," as the word is a commonly used generic term for an expert who provides professional advice.

**ANSWER:** Ariel admits the allegations set forth in Paragraph 106 of the Counterclaims.

107. The term "Ariel," alone or in compound expression with any other generic word, is incapable of functioning as a trademark irrespective of how much use, advertising, or promotion of the term "Ariel" is made.

**ANSWER:** Ariel denies the allegations set forth in Paragraph 107 of the Counterclaims.

108. Federal Trademark Registration No. 1,286,420 for ARIEL should be cancelled pursuant to 15 U.S.C. §1064(3), as the term Ariel is generic.

**ANSWER:** Ariel denies the allegations set forth in Paragraph 108 of the Counterclaims.

### COUNTERCLAIM III
### Trademark Cancellation – Abandonment

109. Counterclaim Plaintiff ACA hereby realleges Paragraphs 87 through 91 and 93 through 100 and 100 through 108, as if fully set forth herein.

**ANSWER:** Ariel restates its answers to Paragraphs 87 through 91 and 93 through 108 of the Counterclaims as if fully set forth herein.

110. On information and belief, Counterclaim Defendant AIL obtained Federal Trademark Registration No. 1,286,420 for ARIEL, in connection with logos, drawings, and specimens related to the Ariel Gazelle, recognized for its small size, quickness, and agility.

**ANSWER:** Ariel admits that it owns Federal Trademark Registration No. 1,286,420 for ARIEL. Ariel denies all of the remaining allegations set forth in Paragraph 110 of the Counterclaims.

111. On information and belief, Counterclaim Defendant AIL currently uses the word ARIEL in commerce as a mark directly connected with a turtle and the phrase "slow and steady." Counterclaim Defendant AIL's current use of a mark that employs a turtle with "slow and steady" specifically contradicts Counterclaim Defendant AIL's registered mark that employs a gazelle which is quick and agile.

**ANSWER:** Ariel admits that it currently uses the word ARIEL in commerce and sometimes with additional service marks including an image of a turtle and the phrase "SLOW AND STEADY." Ariel denies all of the remaining allegations set forth in Paragraph 111 of the Counterclaims.

112. Counterclaim Defendant AIL has abandoned its use of Federal Trademark Registration No. 1,286,420 for another mark, completely different than its registered mark.

**ANSWER:** Ariel denies the allegations set forth in Paragraph 112 of the Counterclaims.

113. Upon information and belief, such abandonment commenced more than three years from the date of this Counterclaim.

**ANSWER:** Ariel denies the allegations set forth in Paragraph 113 of the Counterclaims.

114. Upon information and belief, such abandonment was performed by Counterclaim Defendant AIL with the intent not to resume such use, if any, in the United States.

**ANSWER:** Ariel denies the allegations set forth in Paragraph 114 of the Counterclaims.

115. The aforesaid acts constitute Counterclaim Defendant AIL's abandonment of Federal Trademark Registration No. 1,286,420 in the United States.

**ANSWER:** Ariel denies the allegations set forth in Paragraph 115 of the Counterclaims.

Dated: November 2, 2016

By: */s/ Arthur Gollwitzer III*
Arthur Gollwitzer III (6225038)
  agollwitzer@michaelbest.com
Luke W. DeMarte (6269621)
  lwdemarte@michaelbest.com
Larry L. Saret (2459337)
  llsaret@michaelbest.com
Zachary J. Watters (6310675)
  zjwatters@michaelbest.com
MICHAEL BEST & FRIEDRICH LLP
Two Prudential Plaza
180 N. Stetson Avenue, Suite 2000
Chicago, Illinois 60601
Tel: (312) 222-0800
Fax: (312) 222-0818

*Attorneys for Plaintiff/Counter-Defendant Ariel Investments, LLC*

**Certificate of Service**

       I, Arthur Gollwitzer III, an attorney of record in this matter, certify that on November 2, 2016, I caused a copy of the following document:

**Plaintiff/Counter-Defendant Ariel Investments' Answer to  
Ariel Capital Advisors' Counterclaims**

to be filed with the Clerk of Court of the United States District Court for the Northern District of Illinois by electronic (ECF) filing, which provides service for the following counsel of record by email delivery:

    Adam Wolek  
    Brian Noack  
    Wolek and Noack  
    333 South Wabash Avenue  
    Suite 2700  
    Chicago, IL 60604  
    adamw@wonoip.com  
    briann@wonoip.com

    Christopher Paul Bray  
    Christopher P. Bray Associates, LLC  
    9115 Corsea Del Fontana Way, Suite 200  
    Naples, FL 34109  
    cpbray@cpbrayassociates.com

                                                 */s/ Arthur Gollwitzer III*  
                                               Arthur Gollwitzer III