UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARIEL INVESTMENTS, LLC ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 15-cv-3717 |
| ) | |
| ARIEL CAPITAL ADVISORS LLC ) | |
| ) | |
| Defendant. ) | |

**Plaintiff Ariel Investments' Motion to Strike Jury Demand**

Plaintiff Ariel Investments respectfully moves to strike defendant Ariel Capital's jury demand. Ariel Investments seeks only equitable relief in this case and has waived its own jury demand. Thus, the upcoming trial should be tried to the Court under Federal Rules of Civil Procedure 38 and 39. In making this request, Ariel Investments does not want to delay or alter the existing trial schedule in any way. Indeed, if this request is granted, the trial will proceed on schedule but more efficiently and faster. Regardless of the outcome of this Motion, Ariel Investments is prepared for trial on February 6.

*Facts*

In April 2015, Ariel Investments filed this suit alleging (i) trademark infringement under section 32 of the Lanham Act, (ii) federal unfair competition under section 43 of the Lanham Act, (iii) violation of the Illinois Deceptive Trade Practices Act, (iv) unfair competition under Illinois common law, and (v) violation of the Anticybersquatting Consumer Protection Act.[1] Importantly, Ariel Investments is not pursuing legal remedies for its claims but only equitable relief – a permanent injunction and disgorgement of

---

[1] The Court dismissed Count V in its Order dated January 21, 2017. (Dkt. 170.)

profits – as well as other relief reserved to the Court's discretion, such as enhanced damages, attorneys' fees, and litigation costs.

In its answers to the Complaint, defendant Ariel Capital has raised counterclaims and demanded trial by jury. (*See e.g.* Dkt. 98.) But Ariel Capital's counterclaims for declaratory judgment and trademark cancellation likewise seek no legal remedies.

On January 21, 2017, the Court resolved the parties' pending summary judgment motions (Dkt. 170), and on January 23, Ariel Investments formally waived its jury demand. This matter is set for a final pretrial conference on February 2 and trial is scheduled to begin on February 6. (Dkt. 65.)

### *Argument*

The Court can strike a jury demand where there is no federal right to a jury trial. *See* Fed. R. Civ. P. 39(a)(2); *FN Herstal SA v. Clyde Armory, Inc.*, 838 F.3d 1071, 1088 (11th Cir. 2016). Whether this matter should be tried to a jury depends on whether the claims implicate a right to a jury trial under the Seventh Amendment to the United States Constitution. *See* Fed. R. Civ. P. 38(a); *FN Herstal SA*, 838 F.3d at 1088.

The Seventh Amendment does not create a jury trial right; rather, it preserves that right where it existed under English common law. *Black & Decker Corp. v. Positec USA Inc.*, 118 F. Supp. 3d 1056, 1060 (N.D. Ill. 2015). Determining whether an action gives rise to a jury trial right is a two-step process. The first step is to compare the action to 18th century actions brought in the courts of England before the merger of law and equity. *Id.* at 1060 (citing *Int'l Fin. Servs. Corp. v. Chromax Techs. Canada, Inc.*, 356 F.3d 731, 735 (7th Cir. 2004)). The second is to examine the remedy sought and determine whether it is legal or equitable in nature. *Id*.

Therefore, the Court should examine the nature of Ariel Investments' infringement claims first. The Lanham Act contains no statutory right to a jury trial. *Visible Sys. Corp. v. Unisys Corp.*, 551 F.3d 65, 78 (1st Cir. 2008). The same is true for unfair competition claims and deceptive trade practices claims under Illinois law. *See Unique Concepts, Inc. v. Manuel*, 1990 U.S. Dist. LEXIS 1937, at *4 (N.D. Ill. Feb. 22, 1990) (holding that a claim under the Deceptive Trade Practices Act "provides only for injunctive relief" and thus does not trigger a right to a jury trial); *Bonner v. Westbound Records, Inc.*, 49 Ill. App. 3d 543, 551 (Ill. App. Ct. 1977) (holding that with regard to a claim for unfair competition, "equity has jurisdiction [. . .] to grant relief by way of injunction").

Next, the Court should determine whether Ariel Investments' claimed remedies were historically cognizable at law or considered equitable. *FN Herstal*, 838 F.3d at 1088. In this case, there is no doubt that Ariel Investments' claim for injunctive relief raises equitable and not legal claims that do not give rise to a jury trial right under the Seventh Amendment. *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 719 (1999); *FN Herstal*, 838 F.3d at 1088. Likewise, claims for attorneys' fees and costs are equitable. *See Guthrie Healthcare Sys. v. ContextMedia, Inc.*, 2014 WL 185222 (S.D.N.Y. Jan. 15, 2014), *rev'd in part on other grounds*, *Guthrie Healthcare Sys. v. ContextMedia, Inc.*, 826 F.3d 27 (2d Cir. 2016). Finally, Ariel Capital's counterclaims for declaratory judgment and cancellation of marks are equitable. *Id.*

Therefore, the only issue is whether Ariel Investments' claim for disgorgement of Ariel Capital's profits under 15 U.S.C. § 1117(a) is one for legal or equitable relief. The *Visible* court and at least two other Circuits have decided it is equitable. *See, e.g.*, *Fifty-*

*Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1074 (9th Cir. 2015) (holding a claim for profits under the Lanham Act is equitable); *Ferrari S.P.A. v. Roberts*, 944 F.2d 1235, 1248 (6th Cir. 1991) (same). On the other hand, there is contrary authority. *See, e.g.*, *Black & Decker*, 118 F. Supp. 3d at 1060; Federal Pattern Civil Jury Instructions for the Seventh Circuit, 13.6.4 Defendant's Profits (2005).

Nevertheless, the better understanding of a claim for profits under Section 1117(a) is that it is akin to the equitable remedy of an accounting for profits, so it does not give rise to a jury trial right. An accounting for profits is generally described as an equitable remedy. *Visible Sys.*, 551 F.3d at 78. Indeed, Section 35(a) of the Lanham Act expressly cites to "principles of equity" in its provision for recovery of a defendant's profits. 15 U.S.C. § 1117(a). Likewise, in *Fifty-Six Hope*, the Ninth Circuit held that a claim for profits was equitable notwithstanding an earlier Supreme Court decision finding a jury trial right. 778 F.3d at 1075 (distinguishing *Dairy Queen, Inc. v. Wood*, 369 U.S. 469 (1962) on the grounds that the claim in *Dairy Queen* was legal).

Other courts, however, have found exceptions to the general rule, such as when the accounting can implicate legal issues, and the best example may be when the accounting of profits is just a proxy for legal damages. *See, e.g.*, *Black & Decker*, 118 F. Supp. 3d at 1064. In *Black & Decker*, Judge Dow carefully reviewed the *Dairy Queen* decision and subsequent case law and determined that there were three competing lines of cases: (i) those holding that all claims for profits in trademark cases are legal in nature, (ii) those holding that claims for profits are only legal where the profits are a proxy for damages, and (iii) those holding that disgorgement is always an equitable remedy. *Id.* at 1063. The court noted that neither the Supreme Court nor the Seventh Circuit had

addressed which view is correct. *Id*. It then held that the first two views are more persuasive than the third and denied a motion to strike, erring on the side of holding a jury trial. *Id*. at 1064. Notably, however, in *Black & Decker*, the plaintiff also had patent infringement claims that undoubtedly implicated a jury trial. Therefore, even if the court followed the second view, it still would have had to empanel a jury in that case. Moreover, in *Black & Decker*, there also was evidence that the plaintiff's claim for profits was just a proxy for actual damages. *Id*. at 1067.

Following the rationale of second line of cases discussed in *Black & Decker*, there is no right to a jury trial in this case because plaintiff Ariel Investments is not seeking any actual damages and is not seeking the defendant's profits as compensation or a proxy for actual damages. Unlike the result in *Black & Decker*, the jury demand should be stricken here because Ariel Investments is seeking nothing more than an equitable accounting for Ariel Capital's unjust enrichment, and neither party has other legal claims that would require a jury, such as the patent infringement claims that existed in *Black & Decker*.

A bench trial also benefits the Court and the parties. Indeed, trying this case to the Court will almost certainly be shorter and less complex than a jury trial – *e.g*., there would be no jury selection, no jury instructions, shorter opening and closing arguments, fewer breaks, and less sensitivity to lawyer arguments and objections. A bench trial in this case likely could be concluded in two days. Overall, a bench trial is a more efficient use of the Court's and the parties' resources.

In sum, this Court should follow either the second or third lines of cases that recognize the equitable nature of an accounting for profits. Ariel Capital's profits are unjust enrichment and not a proxy for actual damages, and there are no other legal claims

in this case. *See also* Ending the Seventh Amendment Confusion: A Critical Analysis of the Right to a Jury Trial in Trademark Cases, Mark Thurmon, 11 Tex. Intell. Prop. L.J. 1 (2002) (concluding that a claim for profits is equitable).

In the alternative, even if the Court decides that profit disgorgement is a legal and not an equitable remedy, thereby giving rise to a jury trial right, then Ariel Investments is prepared to drop its demand for profits. At that point, Ariel Investments would only be seeking an equitable injunction, in addition to attorneys' fees and costs. Without profits as a remedy in this case, there can be no doubt that there is no jury trial right. *FN Herstal*, 838 F.3d at 1088-89 (the right to a jury trial is determined by the issues and not the pleadings; therefore, the pretrial order supersedes the pleadings and nothing more formal than expressly waiving legal claims is required).

Finally, a prior jury demand does not preclude a party from withdrawing that consent on the eve of trial. *Kramer v. Banc of Am. Sec., LLC*, 355 F.3d 961, 967-68 (7th Cir. 2004); *FN Herstal*, 838 F.3d at 1089. In *FN Herstal*, both parties initially requested a jury trial in a trademark dispute. *Id*. at 1078. After summary judgment, the parties jointly prepared a proposed pretrial order, attended a pretrial conference, and agreed that neither party was seeking damages. *Id*. After the pretrial conference, the plaintiff-trademark holder moved to strike the parties' jury demands because all remaining claims were equitable. *Id*. at 1079. The court agreed, noting that when no right to a jury trial exists, a party may unilaterally withdraw its consent to a jury trial. Moreover, the court found no unfair prejudice despite the late change of course as "a bench trial would likely require less preparation than a jury trial." *Id*.

Accordingly, the Court should strike Ariel Capital's jury demand under Rule 38(a) and 39(a)(2).

## *Conclusion*

For these reasons, Ariel Investments respectfully requests the Court strike Ariel Capital's jury demand and conduct a bench trial of the remaining issues in this case as scheduled on February 6, 2017.

Dated:  January 23, 2017  By: */s/ Zachary J. Watters*
Arthur Gollwitzer III (6225038)
  agollwitzer@michaelbest.com
Luke W. DeMarte (6269621)
  lwdemarte@michaelbest.com
Larry L. Saret (2459337)
  llsaret@michaelbest.com
Zachary J. Watters (6310675)
  zjwatters@michaelbest.com
MICHAEL BEST & FRIEDRICH LLP
River Point
444 W. Lake Street, Suite 3200
Chicago, Illinois  60606
Tel:  (312) 222-0800
Fax:  (312) 222-0818

*Attorneys for Plaintiff Ariel Investments, LLC*

- 8 -

**Certificate of Service**

      I, Zachary J. Watters, an attorney of record in this matter, certify that on January 23, 2017, I caused a copy of the following document:

**Plaintiff Ariel Investments' Motion to Strike Jury Demand**

to be filed with the Clerk of Court of the United States District Court for the Northern District of Illinois by electronic (ECF) filing, which provides service for the following counsel of record by email delivery:

    Adam Wolek
    Brian Noack
    Wolek and Noack
    333 South Wabash Avenue
    Suite 2700
    Chicago, IL 60604
    adamw@wonoip.com
    briann@wonoip.com

    Christopher Paul Bray
    Christopher P. Bray Associates, LLC
    9115 Corsea Del Fontana Way, Suite 200
    Naples, FL 34109
    cpbray@cpbrayassociates.com

                                        */s/ Zachary J. Watters*
                                        Zachary J. Watters