# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ARIEL INVESTMENTS, LLC ) | |
| ) | |
| Plaintiff/Counter-Defendant, ) | |
| ) | |
| v. ) | Case No. 15-cv-3717 |
| ) | |
| ARIEL CAPITAL ADVISORS LLC ) | |
| ) | |
| Defendant/Counter-Plaintiff. ) | |

## Plaintiff Ariel's Response to Defendant Ariel Capital's Combined Motions *In Limine*

Dated: January 26, 2017

By: /s/ Zachary J. Watters
Arthur Gollwitzer III (6225038)
  agollwitzer@michaelbest.com
Luke W. DeMarte (6269621)
  lwdemarte@michaelbest.com
Larry L. Saret (2459337)
  llsaret@michaelbest.com
Zachary J. Watters (6310675)
  zjwatters@michaelbest.com
Michael Best & Friedrich LLP
River Point
444 W. Lake Street, Suite 3200
Chicago, Illinois 60606

***Attorneys for Plaintiff Ariel Investments, LLC***

# TABLE OF CONTENTS

Ariel Capital's Motion Nos. 1-5:  Actual Confusion Evidence ..........................1

Ariel Capital's Motion No. 6:  Testimony of Potential Confusion.....................2

Ariel Capital's Motion No. 7:  Evidence of Ariel's Advertising Awards,
Advertising Expenditures, and Sponsorships .......................................................3

Ariel Capital's Motion No. 8:  Testimony about the Similarity of Ariel's
Products and Ariel Capital's Services..................................................................4

Ariel Capital's Motion No. 9:  Past Testimony of Ariel Capital's Profits............5

Ariel Capital's Motion No. 10:  Evidence of Ariel's Alleged Damages ..............7

Ariel Capital's Motion No. 11:  New Evidence of Use in Commerce of "ARIEL"
Before June 20, 1983 ...........................................................................................8

Ariel Capital's Motion No. 12:  Purported Bad Faith Intent Evidence ...............8

Ariel Capital's Motion No. 13:  Evidence of Online Search Evidence ...............9

Ariel Capital's Motion Nos. 14-15:  Preclude Ariel from Referring to Itself
as "Ariel" and from Calling ACA "Ariel Capital" .............................................10

Ariel Capital's Motion No. 16:  Testimony about George Lucas......................12

The Court should deny the 16 motions *in limine* filed by defendant Ariel Capital. At bottom, these motions either raise arguments and objections rejected by the Court in its summary judgment ruling (Dkt. 170) or improperly attempt to bar admissible evidence simply because it supports plaintiff Ariel's claims. The Court should see through Ariel Capital's attempts to dictate how Ariel tries its case and deny these requests.

**Ariel Capital's Motion Nos. 1-5:**     **Actual Confusion Evidence: the Phyllis Brady Call, Marielé Cusack Call, Justin Land, David Boone, and Monica Schandel**

The Court should deny Ariel Capital's first five Motions because the Court rejected the same arguments and objections they raise in the Court's recent summary judgment opinion. (Dkt. 170 at 22-25.) Indeed, at summary judgment Ariel Capital argued that

- Evidence of Brady's call is inadmissible hearsay, irrelevant, and unfairly prejudicial. (*See* Dkt. 131 at 5-6; Dkt. 132 at 63-64, 91; Dkt. 148 at 7; Dkt. 150 at 60-61.)

- Evidence of the call to Cusack is inadmissible hearsay, irrelevant, and unfairly prejudicial. (*See* Dkt. 131 at 5-6; Dkt. 132 at 64-65, 91; Dkt. 148 at 7; Dkt. 150 at 60-61.)

- Land's testimony is inadmissible double hearsay, irrelevant, and unfairly prejudicial. (*See* Dkt. 131 at 4-6; Dkt. 132 at 48-50, 89-90; Dkt. 148 at 8; Dkt. 150 at 57-58, 61.)

- Boone's call is irrelevant and unreliable. (*See* Dkt. 131 at 4, 6; Dkt. 132 at 50-60, 89-90; Dkt. 148 at 7-9; Dkt. 150 at 56-57, 71-72.)

- Schandel's deposition testimony and e-mail are irrelevant and unfairly prejudicial. (*See* Dkt. 131 at 5-6; Dkt. 132 at 60-62, 90-91; Dkt. 148 at 9; Dkt. 150 at 58-61. 60-61.)

The Court, however, rejected these arguments in its summary judgment opinion. (Dkt. 170 at 23-25.) Moreover, nothing has changed since that ruling. That is, Ariel Capital has not presented any new law or facts that warrant reconsideration of that decision. Therefore, the Court should deny Ariel Capital's Motion Nos. 1-5.

**<u>Ariel Capital's Motion No. 6</u>:     Testimony of Potential Confusion**

The Court should deny Ariel Capital's Motion to bar Ariel's witnesses from testifying about (i) "third-parties' propensity for *potential* confusion" between the parties, and (ii) "consumers' state of mind about their familiarity" with Ariel. (Dkt. 169 at 6.) According to Ariel Capital, this testimony is inadmissible because it is not based on personal knowledge under Rule 602; it constitutes improper opinion testimony from lay witnesses under Rules 701 and 702; and it was not disclosed during discovery. (Dkt. 169 at 6-7.)

Ariel Capital's Motion should be denied because it is vague, confusing, and nonsensical. Indeed, Ariel Capital is seeking to bar testimony for lack of personal observation or knowledge about events that by definition have not yet occurred. (*See id.* at 7 (deeming such testimony improper "because Plaintiff's witnesses have not personally observed potential confusion").) As a matter of simple common sense, no witness can observe "potential" events that may happen in the future. And witnesses of course can and should be able to testify about their actual confusion.

The confusing nature of this Motion is likely a Trojan Horse effort to hamstring Ariel from proving likelihood of confusion at trial (by using the word "potential" instead of "likely"). But the Court should reject Ariel Capital's attempt to impose *any* limitation on Ariel's ability to argue that confusion is likely between the marks and names at issue in this case. Not surprisingly, none of the case law cited by Ariel Capital supports limiting Ariel from arguing

likelihood of confusion. Indeed, this case, like most trademark cases, depends in part on whether confusion is "likely" to occur in light of various factors, such as similarity in names, marks, and services. *See CAE, Inc. v. Clean Air Eng'g, Inc.*, 267 F.3d 660, 677-78 (7th Cir. 2001) (citing confusion factors and directing courts to evaluate the totality of the circumstances). Thus, Ariel should not and cannot be barred from arguing likelihood of confusion in light of the evidence adduced at trial and in support of its entitlement to injunctive relief and disgorgement of profits.

**Ariel Capital's Motion No. 7:**     **Evidence of Ariel's Advertising Awards, Advertising Expenditures, and Sponsorships**

The Court should deny this Motion, which seeks to exclude essentially all of Ariel's evidence to support the strength of the ARIEL Marks. (Dkt. 169 at 8-10.) Ariel Capital rehashes the same arguments and objections it made at summary judgment: that Ariel's advertising awards, advertising expenditures, and promotions are irrelevant and likely to confuse and mislead the jury. (*See* Dkt. 129 at 17; Dkt. 131 at 13; Dkt. 132 at 17-20; Dkt. 148 at 11; Dkt. 150 at 54.) The Court, however, disagreed, holding that Ariel Capital's challenges go to the *weight* of this evidence and not its admissibility. Specifically, the Court expressly noted Ariel's advertising, awards, and sponsorships as evidence of brand awareness. (*See* Dkt. 170 at 21.) Ariel Capital is of course free to argue to the factfinder that Ariel's advertising awards, advertising expenditures, and sponsorships do not *prove* that ARIEL Marks are strong. But this evidence is plainly *admissible*.

The same principle negates Ariel Capital's argument that expert testimony is needed to establish correlations between brand recognition and awards, expenditures, and sponsorships (*See* Dkt. 169 at 10.) Not surprisingly, Ariel Capital cites no case law *requiring* expert testimony to prove the strength of a mark, which makes sense because there is no reason why a factfinder cannot evaluate this evidence for itself. *See JIPC Mgmt. v. Incredible Pizza Co.*, 2009

3

U.S. Dist. LEXIS 133019, at *19-20 (C.D. Cal. July 14, 2009) (excluding expert testimony in a trademark infringement case regarding "common sense concepts not outside of the understanding of a lay juror" and holding that the "court will instruct the jury that the distinctiveness of a mark and the strength of a mark are considerations in determining likelihood of confusion" and it is "not the job of an expert witness to do so[.]"). And it should be noted, Ariel Capital itself offers no expert testimony either to counter Ariel's evidence. The Court should deny this Motion.

**Ariel Capital's Motion No. 8:** **Testimony About the Similarity of Ariel's Products and Ariel Capital's Services**

The Court should deny this baseless Motion, which seeks to bar Ariel from offering any proof of the similarity of the parties' services, one of the factors relevant to determine likelihood of confusion. *See CAE, Inc.*, 267 F.3d at 677-78. Ariel Capital again recycles two baseless objections that it raised during summary judgment briefing: that Ariel's evidence is inadmissible because proving similarity of services requires expert testimony and because evidence was not properly disclosed. (*See* Dkt. 132 at 35-46.) The Court, however, already rejected these arguments and evaluated the non-expert evidence submitted by both parties when weighing the parties' cross-motions for summary judgment, concluding that "[b]oth Ariel and Ariel Capital offer services related to wealth management and financial planning." (Dkt.170 at 18.) Indeed, this conclusion is consistent with other courts' evaluation of the similarity factor in the financial services industry. *See Lexington Mgmt. Corp v. Lexington Capital Partners*, 10 F. Supp. 2d 271, 284-85 (S.D.N.Y. 1998) (rejecting urged thin distinction between retail brokerage services and managing and selling mutual funds, noting that "both companies seek individuals with disposable income who desire investment opportunities."); *Dreyfus Fund, Inc. v. Royal Bank of Can.*, 525 F. Supp. 1108, 1118-19 (S.D.N.Y. 1981) (plaintiff's mutual fund services are similar

to retail banking services because both parties "seek to assist companies and individuals in making money"); *see also Nat'l Fin. Partners Corp. v. Paycom Software, Inc.*, 2015 U.S. Dist. LEXIS 74700, at *15 (N.D. Ill. June 10, 2015) (though plaintiff primarily offered consulting and financial services and defendant offered software products, "a consumer reasonably would think that one company offered all of these services"); *Am. Nat'l Ins. Co. v. Am. Nat'l Inv. Advisors*, 2014 U.S. Dist. LEXIS 163294, at *36-37 (N.D. Ill. Nov. 21, 2014) (companies that provided financial planning and investment services deemed similar because their services "in the minds of consumers, might be put out by a single producer").

In reaching this conclusion, the Court was most certainly correct in considering Ariel's evidence, as a matter of law and of common sense. Notably, Ariel Capital cites no authority that evaluating the similarity of two businesses requires an expert. And for good reason, because a factfinder can readily and easily make this call. Indeed, some of the proffered evidence comes from the parties' websites and other public representations, descriptions of services that are easy to access, understand, and evaluate. Under Ariel Capital's logic, two companies that both use their marks in conjunction with the sale of hammers would be required to enlist expert testimony that their hammers are similar products. Ariel Capital's position defies common sense and its Motion should be denied.

**Ariel Capital's Motion No. 9:** **Past Testimony of Ariel Capital's Profits**

The Court should deny this Motion for several reasons. To review, Christopher Bray is Ariel Capital's president, its sole owner, its Rule 30(b)(6) designee and deponent, and a fact witness who will testify at trial. During his Rule 30(b)(6) deposition, Mr. Bray was asked about Ariel Capital's revenue and net profits in 2014 and 2015, and he answered the questions. (*See* Dkt. 169, Ex. C.)

Ariel Capital now argues that Mr. Bray's deposition testimony is inadmissible because profits were not a designated topic in the Rule 30(b)(6) notice. (Dkt.169 at 12.) This argument is a nonstarter because Ariel Capital's counsel ***never objected*** that revenues and profits were outside the scope of the deposition and because Mr. Bray actually answered the questions. So Ariel Capital waived this supposed error. Regardless, the testimony is admissible because Mr. Bray is also a fact witness who was asked questions well within his personal knowledge and relevant to this case, specifically, to Ariel's claim for disgorgement of profits. *See First Fin. Bank, N.A. v. Bauknecht*, 2014 U.S. Dist. LEXIS 31394, at *9-11 (N.D. Ill. March 11, 2014) (court "finds the majority view persuasive, and agrees that once a witness is produced pursuant to a 30(b)(6) notice of deposition, all relevant questions for that witness may be asked under the general rules of depositions"). In sum, Ariel should be free to use this testimony affirmatively or for impeachment.

Ariel Capital also argues that Mr. Bray's Rule 30(b)(6) testimony regarding profits should be barred because "there is no nexus between damages and Ariel Capital's use of its name." (Dkt. 169 at 14.) This argument, however, attacks a straw man because Plaintiff is not seeking "damages" but rather disgorgement of profits, an equitable accounting for Ariel Capital's unjust enrichment. (*See generally* Dkt. 172.) And disgorgement is an equitable remedy that can be awarded without evidence of actual diverted sales. Indeed, the Lanham Act's plain language makes no mention of a nexus and Ariel Capital cites no case law suggesting it is required. 15 U.S.C. § 1117(a); *see also Roulo v. Russ Berrie & Co.*, 886 F.2d 931, 941 (7th Cir. 1989) ("Where plaintiff seeks an award of ***damages***, plaintiff must show that defendant's infringement caused those losses. Here, however, an award of ***profits*** was appropriate under either a deterrence or unjust enrichment theory even if plaintiff's actual sustained losses may

6

have been less.") (emphasis added); *Badger Meter, Inc. v. Grinnell Corp.*, 13 F.3d 1145, 1157 (7th Cir. 1994).

In any event, even if a nexus is required, the Court should reject Ariel Capital's argument that Ariel cannot prove profits without establishing that nexus because the burden is on ***Ariel Capital*** to prove independent profits. *See* 15 U.S.C. § 1117(a) ("defendant must prove all elements of cost or deduction claimed"); 7th Circuit Pattern Instruction 13.6.4 (2008) Comment 2 (citing *Mishawaka Rubber & Woolen Mfg. Co. v. S.S. Kresge Co.*, 316 U.S. 203, 206-07 (1942) ("The burden is the infringer's to prove that his infringement had no cash value in sales made by him. If he does not do so, the profits made on sales of goods bearing the infringing mark properly belong to the owner of the mark. There may be a windfall to the trade-mark owner where it is impossible to isolate the profits which are attributable to the use of the infringing mark. But to hold otherwise would give the windfall to the wrongdoer.")).

Ariel Capital's remaining arguments are frivolous. (Dkt. 169 at 12-13.) There is of course no requirement that evidence is only admissible if elicited through written discovery. Nor does Ariel Capital's characterization of this testimony as speculative render it ***inadmissible***. This argument goes to the weight of Mr. Bray's testimony not its admissibility. Moreover, who better to describe the company's profits than its President and sole owner?

**Ariel Capital's Motion No. 10:**     **Evidence of Ariel's Alleged Damages**

The Court should deny this Motion as moot because Ariel is not seeking legal damages. Specifically, Ariel Capital urges this Court "to bar any evidence of [Ariel's] losses or damages allegedly attributable to [Ariel Capital's] use of 'Ariel' in its name because [Ariel] failed to provide such evidence during discovery." (Dkt. 169 at 13.) But as Ariel made clear in its recent request to strike Ariel Capital's jury demand (and to proceed to a bench trial), it is not pursuing

legal damages. (*See* Dkt. 172.) Instead, Ariel is seeking Ariel Capital's profits as an equitable accounting for Ariel Capital's unjust enrichment, not as actual damages or as a proxy for actual damages. (*Id.* at 5.) Thus, the Court should deny Ariel Capital's tenth Motion as moot.

**Ariel Capital's Motion No. 11:**  **New Evidence of Use in Commerce of "ARIEL" Before June 20, 1983**

The Court should deny this Motion as moot because it seeks to bar evidence to rebut Ariel Capital's now-defunct fraud affirmative defense, which will not be an issue at trial. (*See* Dkt. 170 at 14 ("The Court concludes that Ariel Capital has not offered evidence sufficient to support a defense to the incontestability of the registered mark.").) Indeed, Ariel Capital lodged the same arguments and objections *ad nauseum* at summary judgment. (Dkt. 129 at 6-9; Dkt. 131 at 2-3; Dkt. 132 at 8-10, 16, 83; Dkt. 148 at 1-4; Dkt. 150 at 7-11, 20-21, 26-35, 72-73.) The Court, however, rejected these arguments in its summary judgment opinion. (Dkt. 170 at 13-14.) Moreover, nothing has changed since that ruling. That is, Ariel Capital has not presented any new law or facts that warrant reconsideration of that decision. (*See* Dkt. 169 at 14-16.) Therefore, the Court should deny Ariel Capital's Motion No. 11.

**Ariel Capital's Motion No. 12:**  **Purported Bad Faith Intent Evidence**

The Court should deny Ariel Capital's twelfth Motion, which asks this Court to bar as irrelevant evidence of its actions after it chose the name Ariel Capital Advisors. This evidence, however, is plainly relevant because it tends to make more or less probable a fact of consequence in the case, *see* Fed. R. Evid. 401, specifically whether Ariel Capital acted willfully or with indifference to Ariel's trademark rights. *See Autozone, Inc. v. Strick*, 543 F.3d 923, 929 (7th Cir. 2008) (noting importance of intent in confusion determination); 15 U.S.C. § 1117(a) (permitting recovery of enhanced damages and, in "exceptional cases," an award of attorney fees). Ariel Capital argues that its refusal to change its name when confronted with its infringement is

irrelevant because it occurred after Mr. Bray chose the name. (Dkt. 131 at 7.) But Mr. Bray's steadfast refusal to change – and specifically the manner in which he acted toward Ariel before this lawsuit was even filed – reinforces the inference that he selected the name while deliberately disregarding Ariel's superior trademark rights. This is of course relevant both to proving intent as one of the confusion factors and to whether Ariel Capital acted with indifference to Ariel's trademark rights for purposes of enhanced damages and an award of attorney fees.

Indeed, Ariel Capital does not cite a single case adopting the categorical exclusion of post-naming evidence it seeks. Instead, the one case it does cite does not support barring the evidence here. (Dkt. 169 at 17 (citing *Henri's Food Prod. Co. v. Kraft, Inc.*, 717 F.2d 352, 359 (7th Cir. 1983)).) *Henri's Food* did not even address, let alone preclude, evidence of post-naming actions to address the issue of an infringer's intent. Accordingly, the Court should deny this Motion.

**Ariel Capital's Motion No. 13:**     **Evidence of Online Search Evidence**

The Court should deny Ariel Capital's Motion to bar "any evidence of search engine results" as speculative and unfairly prejudicial. (*See* Dkt. 169 at 17.) This Motion is misguided for at least three reasons.

*First*, the Motion should be denied because it does not specify what evidence should be excluded. That is, Ariel Capital does not clearly identify what evidence it wishes to exclude from this trial. This record is replete with evidence of Google searches involving several witnesses and various issues in the case, including actual confusion, intent, and Ariel Capital's willfulness or conscious disregard of Ariel's trademark rights. But Ariel Capital's motion fails to identify which evidence should be excluded and why. Thus, the Court should deny this Motion on this basis alone.

9

***Second***, Ariel Capital already raised these arguments and objections at summary judgment. (Dkt. 131 at 6-7; Dkt. 132 at 55-57, 64-65, 70-72.) The Court, however, rejected these arguments in its summary judgment opinion. (Dkt. 170 at 22, 25.) Moreover, nothing has changed since that ruling. That is, Ariel Capital has not presented any new law or facts that warrant reconsideration of that decision. (*See* Dkt. 169 at 17.)

***Third***, although Ariel Capital expressly moves to bar ***any*** search engine evidence, it may only be seeking exclusion of the 2015 Google search conducted by Ariel which revealed Ariel's existence immediately. Ariel Capital argues this evidence is inadmissibly speculative, a claim that goes to the weight to be placed on this evidence and not its admissibility. Ariel Capital is free to challenge this evidence at trial, where the factfinder can either credit or reject the evidence as it sees fit.

For all these reasons, the Court should deny Ariel Capital's Motion No. 13.

**<u>Ariel Capital's Motion Nos. 14-15:</u>**          **Preclude Ariel from Referring to Itself as "Ariel" and from Calling ACA "Ariel Capital"**

The Court should reject these Motions, in which Ariel Capital essentially tries to dictate how Ariel presents its own case. There is no reason why Ariel cannot refer to itself as "Ariel," because that is its name. Ariel indisputably uses that name to identify its business, products, and services every day. 15 U.S.C. § 1127 (defining "trade name" as "any name used by a person to identify his or her business."). Moreover, Ariel ***actually owns*** the mark "Ariel," which is an incontestable, registered trademark.

Ariel Capital contends that Ariel cannot use its own name because doing so "would suggest that [Ariel] is publicly recognized by that nickname when it produced no such evidence." (*See* Dkt. 169 at 18 (citing *Nat'l Cable Ass'n, Inc. v. Am. Cinema Editors, Inc.*, 937 F.2d 1572, 1577 (Fed. Cir. 1991)).) *National Cable* has nothing to do with how a party refers to itself at

trial. Instead, in that case, the court merely remarked in the context of assessing likelihood of confusion that a trade name's nickname ***may receive protection*** even if it is only used by the public. In the end, arguing that Ariel cannot use its own registered name to refer to itself at trial borders on frivolous.

Ariel Capital's true motive is revealed in its fifteenth motion, which seeks an order requiring Ariel to refer to the defendant as "Ariel Capital Advisors," "ACA," or "Defendant," and prohibiting Ariel from using "Ariel Capital." (Dkt. 169 at 18.) Ariel Capital argues that referring to it as such is misleading to the jury because Ariel formerly used the name "Ariel Capital Management" before 2008. (*Id.*) But there is nothing ***unfairly*** prejudicial about Ariel using Ariel Capital to identify the defendant in front of the jury, as any prejudice to Ariel Capital would stem from its insistence on using the Ariel Capital name in the face of Ariel's superior trademark rights.

There also is nothing misleading about referring to defendant as Ariel Capital because various trial exhibits reveal Ariel Capital's logo, which emphasizes the words "Ariel Capital" in large font on top of the smaller words "Advisors LLC." It is therefore not a stretch to think that consumers might recognize Defendant by the name "Ariel Capital."

These motions actually highlight the central issue in this case, namely, whether Ariel Capital is creating a likelihood of confusion. And at bottom, Ariel Capital's Motions 14 and 15 are nothing more than an attempt shape the outcome of this case by precluding Ariel from presenting the essence of this case to the jury – that defendant Ariel Capital selected and insists on using a name that is confusingly similar to Ariel's superior trademarks  Ariel also has concern that counsel or the witnesses may inadvertently violate a court order about how to identify the

parties. If there is a specific question at trial that unfairly creates ambiguity, counsel can object and the Court can rule at that time.

**Ariel Capital's Motion No. 16:** **Testimony about George Lucas**

Finally, the Court should deny as moot Ariel Capital's motion to bar references to Ariel's or Hobson's relationship with George Lucas or his museum. Ariel does not intend to present evidence or make argument regarding Lucas, but reserves the right to revisit the issue if Ariel Capital opens the door at trial.

**Certificate of Service**

       I, Zachary J. Watters, an attorney of record in this matter, certify that on January 26, 2017, I caused a copy of **Plaintiff Ariel's Response to Ariel Capital's Combined Motions *in Limine*** to be filed with the Clerk of Court of the United States District Court for the Northern District of Illinois by electronic (ECF) filing, which provides service for the following counsel of record by e-mail delivery:

Adam Wolek
Brian Noack
Wolek and Noack
333 South Wabash Avenue
Suite 2700
Chicago, IL 60604
adamw@wonoip.com
briann@wonoip.com

Christopher Paul Bray
Christopher P. Bray Associates, LLC
9115 Corsea Del Fontana Way, Suite 200
Naples, FL 34109
cpbray@cpbrayassociates.com

                                                            */s/* Zachary J. Watters
                                                            Zachary J. Watters