**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ARIEL INVESTMENTS, LLC | ) | |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | |
| | ) | |
| v. | ) | Case No. 15-cv-3717 |
| | ) | |
| ARIEL CAPITAL ADVISORS LLC | ) | |
| | ) | |
| Defendant/Counter-Plaintiff. | ) | |

**Exhibit G – Voir Dire Questions and Objections**

*Proposed Questions*

The parties jointly respectfully request that the Court read the following additional *voir dire* questions:

1. What magazines or newspapers do you read on a regular basis?

2. Has any member of the panel ever purchased shares in a mutual fund?

3. Has any member of the panel ever been in a legal dispute involving the name of a business or product? If so, were you the plaintiff or the defendant?

4. Has any member of the panel or a family member ever started a business? If so, how did you, he, or she choose the name for the business?

5. Do you have a Financial Advisor?

6. Have you, or a family member, ever filed a lawsuit of any type? If so, briefly describe the lawsuit.

7. Have you, or a family member, ever been sued? If so, briefly describe the lawsuit.

8. Have you ever applied for a trademark?

9. Do you know who [insert each witness name] is?

10. Do you have a 401(k)? If so, do you know which funds you are invested in?

11.     Have you ever worked in finance or accounting?  If so, in what capacity?

Plaintiff Ariel Investments respectfully requests that the Court read the following additional *voir dire* questions:

1.     Are each of you familiar with performing searches of the Internet through search engines such as Google?

### Objections

**FRE 401/402, 403:**  Plaintiff's Proposed Question does not help with selection of jurors for this suit as it has no relevance to this case, is futile for selecting jurors, and because it will imprint this concept into juror's minds such that any probative value is substantially outweighed by the risk of potential prejudice to ACA. It will further be prejudicial because it will predispose jurors to Plaintiff's intent argument, and further risks coaxing jurors to perform their own online searches. *See* Dkt. 40-2 at 2 (Google "search results are not only based on the relevance of each web page to the search term, but also on which websites the user (or someone else using the same browser) visited through previous search results"); *see also* MOZ, Google Algorithm Change History, https://moz.com/google-algorithm-change (Google's search algorithm is changed "500-600 times" yearly, and that "[w]hile most of these changes are minor, Google occasionally rolls out a 'major' algorithmic update…that affects search results in significant ways.") (last visited Jan. 12, 2017).

Defendant Ariel Capital Advisors respectfully requests that the Court read the following additional *voir dire* questions:[1]

1.    What did you think about the George Lucas Museum plans for Chicago?

## *Objections*

Ariel Investments objects to Ariel Capital Advisors' Proposed Question. George Lucas and the proposed Lucas museum are not relevant to this action. Indeed, there is no need to draw or insinuate any connection between Ariel Investments or its officers and Mr. Lucas or his museum during the jury selection process.

> **ACA RESPONSE:** ACA is open to striking Ariel Capital Advisors' Proposed Question if its Motion in Limine No. 16 is granted, and if the Court asks whether any jurors know Mellody Hobson. Dkt. 167, at 18.

---

[1] Defendant would also like to incorporates questions 1-15, 28 of Judge Kennelly's "Civil Personal Injury Jury Questionnaire" into this section, to the extent they are not on the "general" Jury Questionnaire.