# EXHIBIT B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARIEL INVESTMENTS, LLC           ) | |
|       )                          | |
|    Plaintiff/Counter-Defendant,   ) | |
|       ) | |
|    v.                                        )  | Case No. 15-cv-3717 |
|       )                          | |
| ARIEL CAPITAL ADVISORS LLC   ) | |
|       )                          | |
|    Defendant/Counter-Plaintiff.   ) | |

**[DRAFT] Pretrial Order**

Plaintiff Ariel Investments, LLC and defendant Ariel Capital Advisors LLC respectfully submit this Pretrial Order pursuant to this Court's Order dated December 11, 2016. (Dkt. 151.)

1. **Jurisdiction**: This is an action seeking damages and injunctive relief under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*, the Illinois Deceptive Trade Practices Act, 815 ILCS §§ 510/1 to 510/7, and Illinois common law. Therefore this Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367(a). Ariel Investments contends that a substantial part of the events giving rise to this action have occurred or will occur in the Northern District of Illinois and, therefore, the Court has personal jurisdiction over the defendant and venue is proper in this District. Ariel Capital Advisors disputes whether personal jurisdiction and venue are proper and filed a motion to dismiss on those grounds. (Dkt. 16.) The Court denied Ariel Capital Advisor's motion and found that personal jurisdiction and venue are proper in this District. (Dkt. 44.)

2. **Claims**: Plaintiff Ariel Investments and its predecessors, including Ariel Capital Management, Inc., have provided a wide range of investment services under their ARIEL name and family of trademarks since 1983. Nevertheless, in 2014, Christopher Bray founded defendant Ariel Capital Advisors and decided to use "Ariel" in the name for his investment services business,

1

"Ariel Capital Advisors LLC." Recognizing that confusion between the two companies was likely, Ariel Investments asked Mr. Bray to stop using the term "Ariel" in connection with investment services. Mr. Bray, however, refused to change his company's name. In light of Mr. Bray's refusal to change the name of his firm or stop using the www.arielcapitaladvisors.com website, Ariel Investments had no choice but to bring this suit for: (i) infringement of its federally registered trademark rights, (ii) unfair competition in violation of the federal Lanham Act, (iii) violation of the Illinois Deceptive Trade Practices Act, (iv) unfair competition under Illinois law, and (v) violation of the Anticybersquatting Consumer Protection Act.

*[Defendant's Insert]*

3. **Relief Sought**: Ariel Investments is requesting both injunctive relief and damages. Specifically, Ariel Investments is seeking:

- judgment that Ariel Capital Advisors has willfully infringed and is willfully infringing the ARIEL Marks and Ariel Investments' trade name;

- disgorgement of Ariel Capital Advisors' profits and unjust enrichment to Ariel Investments in the amount of $435,000 or, alternatively, an equitable accounting of Ariel Capital Advisors' profits and unjust enrichment;

- enhanced damages to fully compensate Ariel Investments;

- punitive damages under Illinois common law for the willful and wanton nature of Ariel Capital Advisors' wrongful acts;

- an award of statutory damages under the Anticybersquatting Consumer Protection Act;

- transfer of the registration of the domain name arielcapitaladvisors.com to Ariel Investments;

- an order temporarily, preliminarily, and permanently enjoining and restraining Ariel Capital Advisors and its officers, agents, servants, employees, successors, assigns,

parents, subsidiaries, affiliated or related companies, attorneys, and all others in active concert or participation with them who receive notice of this injunction from:

    i) using any of the ARIEL Marks or any confusingly similar mark, name, domain name, or colorable imitation thereof, in connection with Ariel Capital Advisors' business that may in any way mislead or confuse anyone as to the source, affiliation, or sponsorship of such business;

    ii) registering, trafficking, using or maintaining the registration of the domain name arielcapitaladvisors.com or any other domain name that is identical or confusingly similar to any of the ARIEL Marks;

    iii) otherwise infringing or diluting the distinctive quality of the ARIEL Marks;

    iv) injuring Ariel Investments' business reputation and the goodwill associated with the ARIEL Marks and from otherwise unfairly competing, directly or indirectly, with Ariel Investments; and

    v) causing a likelihood of confusion or misunderstanding as to source, sponsorship, association, affiliation, approval, or certification with or by Ariel Investments, or engaging in conduct tending to create a false commercial impression of Ariel Investments' services or any other conduct which tends to pass off Ariel Capital Advisors' services as those of Ariel Investments or creates a likelihood of confusion or misunderstanding or false representation;

- an order directing Ariel Capital Advisors to file with the Court (and to serve on Ariel Investments), within thirty (30) days after entry of the above injunction, a report in writing, under oath, setting forth in detail the manner and form in which it has complied with the injunction;

- an award to Ariel Investments of its costs and expenses, including all reasonable attorneys' fees recoverable under the Lanham Act, the Illinois Deceptive Trade Practices Act, and the common law, or any other applicable law or rule; and

- an award to Ariel Investments of pre-judgment and post-judgment interest.

4. **Witnesses**: Ariel Investments may call the following witnesses at trial:

| Witness | Address | Objections |
|---|---|---|
| Mellody Hobson | Ariel Investments<br>200 E. Randolph St., Ste. 2900<br>Chicago, Illinois 60601 | |
| Merrilyn Kosier | Ariel Investments<br>200 E. Randolph St., Ste. 2900<br>Chicago, Illinois 60601 | |
| Todd Trubey | Ariel Investments<br>200 E. Randolph St., Ste. 2900<br>Chicago, Illinois 60601 | |
| Marielé Cusack | Ariel Investments<br>200 E. Randolph St., Ste. 2900<br>Chicago, Illinois 60601 | |
| Phyllis Brady | Ariel Investments<br>200 E. Randolph St., Ste. 2900<br>Chicago, Illinois 60601 | |
| Roger Schmitt | Ariel Investments<br>200 E. Randolph St., Ste. 2900<br>Chicago, Illinois 60601 | |
| Christopher Bray | Ariel Capital Advisors<br>9115 Corsea Del Fontana Way, Ste. 200<br>Naples, FL 34109 | |
| Marcie Rebardo | Ariel Capital Advisors<br>9115 Corsea Del Fontana Way, Ste. 200<br>Naples, FL 34109 | |

| Witness | Address | Objections |
|---|---|---|
| Kimberly Wilmore | Ariel Capital Advisors<br>9115 Corsea Del Fontana Way, Ste. 200<br>Naples, FL 34109 | |
| David Boone | 2522 Waverly Pl.<br>Scotch Plains, NJ 07076 | |
| Monica Schandel | Blue Oceans Financial Planning<br>2265 NE 24th St.<br>Lighthouse Point, FL 33064 | |

Ariel Investments anticipates playing the video-taped deposition testimony of Rebardo, Wilmore, Boone, and Schandel as set forth in Exhibit A to this Pretrial Order.

    5.    **Exhibits**:  Ariel Investments has included a list of the exhibits that it may introduce at trial, other than exhibits that Ariel Investments may use solely in rebuttal, as Exhibit B to this Pretrial Order.

    6.    **Type and Length of Trial**:  Ariel Investments believes this case can be tried in five days or less.

    7.    **Proposed Voir Dire Questions**:  The parties propose the voir dire questions set forth in Exhibit C to this Pretrial Order.

    8.    **Proposed Jury Instructions**:  The parties propose the jury instructions set forth in Exhibit D to this Pretrial Order.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ARIEL INVESTMENTS, LLC | ) |
| | ) |
| Plaintiff/Counter-Defendant, | ) |
| | ) |
| v. | ) Case No. 15-cv-3717 |
| | ) |
| ARIEL CAPITAL ADVISORS LLC | ) |
| | ) |
| Defendant/Counter-Plaintiff. | ) |

**Exhibit D – Jury Instructions**

25

**Instruction No. 27:   Defendant's Profits**

~~In addition to Plaintiff's damages,~~ Ariel Investments may recover the profits Ariel Capital Advisors gained from the trademark infringement. ~~You may not, however, include in any award of profits any amount that you took into account in determining actual damages.~~

Profit is determined by deducting expenses from gross revenue. Gross revenue is all of the money Ariel Capital Advisors received due to its use of "ARIEL CAPITAL ADVISORS."

Ariel Investments is required only to prove Ariel Capital Advisors' gross revenue. Ariel Capital Advisors is required to prove any expenses that it argues should be deducted in determining its profits.

~~Plaintiff is entitled to recover Defendant's total profits from its use of the trademark, unless Defendant proves that a portion of the profit is due to factors other than use of the trademark.~~

---

SOURCE:  7th Circuit Pattern Instruction 13.6.4 (2008) (modified).

**Instruction No. 29:   Common Law Infringement—Damages**

In addition, Illinois law permits you under certain circumstances to award punitive damages.  If you find that Ariel Capital Advisors' conduct was intentional or willful and wanton and proximately caused damage to Ariel Investments, and if you believe that justice and the public good require it, you may award an amount of money which will punish Ariel Capital Advisors and discourage it and others from similar conduct.

In arriving at your decision as to the amount of punitive damages, you should consider the following three questions.  The first question is the most important to determine the amount of punitive damages:

1.How reprehensible was Ariel Capital Advisors' conduct?

2.What actual and potential harm did Ariel Capital Advisors conduct cause to Ariel Investments in this case?

3.What amount of money is necessary to punish Ariel Capital Advisors and discourage Ariel Capital Advisors and others from future conduct?

The amount of punitive damages must be reasonable and in proportion to the actual and potential harm suffered by Ariel Investments.

---

SOURCE:  Illinois Pattern Jury Instructions (2007) (modified); *JCS Invs., Inc. v. Novelty, Inc.*, 482 F.3d 910, 917-19 (7th Cir. 2007).