UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ARIEL INVESTMENTS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15-cv-3717 |
| | ) | |
| ARIEL CAPITAL ADVISORS LLC, | ) | Hon. Judge Matthew F. Kennelly |
| | ) | |
| Defendant. | ) | |

**Plaintiff Ariel Investments' Motion to Quash the Trial Subpoena Served on John Rogers**

Just yesterday,[1] Defendant Ariel Capital requested counsel for plaintiff Ariel Investments ("Ariel") accept service of a trial subpoena on the Chief Executive Officer and Chairman of the Board of plaintiff Ariel, even though it had not identified Mr. Rogers in the parties' Final Pretrial Order. The Court should quash the trial subpoena for at least three reasons. ***First***, Mr. Rogers is barred from testifying at trial under this Court's Case Procedures and Federal Rule 16 because Ariel Capital did not designate him as a trial witness and Ariel Capital cannot show good cause for amending the Pretrial Order. ***Second***, Mr. Rogers' trial testimony would be irrelevant and unnecessary because Ariel Capital's fraud defense has been rejected at summary judgment and will not be an issue at trial. And other Ariel witnesses will be called by Ariel Capital to address the remaining issues in the case. ***Third,*** this eleventh hour subpoena is unduly burdensome and unfair. This is especially true because Mr. Rogers is Ariel's chief executive, who cannot and should not be expected to appear and testify at trial on six days' notice.

---

[1] In light of the upcoming trial date and Pretrial Conference, Ariel has noticed this Motion for presentment at the February 2, 2016, Pretrial Conference.

*Facts*

Ariel Capital served a notice of deposition of Mr. Rogers on May 2, 2016, less than a month before the close of fact discovery. (*See* Ex. A, 5/2/16 Notice of Deposition.) One week later, Ariel advised Ariel Capital that it objected to deposing Mr. Rogers. (*See* Ex. B, 5/9/16 E-mail from A. Gollwitzer to A. Wolek.)

Ariel Capital moved to compel Mr. Rogers to appear at deposition on May 19, 2016 (Dkt. 83), a request this Court denied on June 23 (Dkt. 96). Although the Court denied Ariel Capital's motion, it also informed Ariel Capital that it could revisit the request if it did not learn sufficient information from the depositions of Ariel's Rule 30(b)(6) witness or from the deposition of Mellody Hobson (Ariel's president). (*See* Dkt. 96.) Ultimately, however, Ariel Capital chose not to pursue deposing Mr. Rogers any further and did not even depose Ms. Hobson, presumably because it had whatever it needed from other sources. Indeed, Ariel Capital did depose Merrillyn Kosier, Ariel's corporate designee under Rule 30(b)(6), a deposition that covered all of the topics identified by Ariel Capital in its motion to compel Mr. Rogers.

On January 26, the parties filed their final Pretrial Order, which listed all of the witnesses and evidence to be presented at trial. (Dkt. 177.) Ariel Capital did not identify Mr. Rogers but did designate Ms. Kosier and Ms. Hobson. Ariel also has no plans to call Mr. Rogers to testify at trial. Indeed, Ariel addressed Mr. Rogers in one of its five motions *in limine*, asking the Court to preclude Ariel Capital from making any argument that suggests an adverse inference from Mr. Rogers' not testifying at trial. (Dkt. 165.) Ariel Capital's response did not even address this request nor did it evince any intention to serve a trial subpoena on Mr. Rogers. (Dkt. 179.)

Nevertheless, yesterday, January 30, counsel for Ariel Capital e-mailed a trial subpoena to Ariel's counsel requesting that counsel accept service. (Ex. C, 1/30/17 Subpoena and E-mail

from A. Wolek to A. Gollwitzer.)  In the e-mail, Ariel Capital asserted only that "Given your recent request for a bench trial, Defendant Ariel Capital Advisors will now have to adjust its trial strategy." (*Id.*)  As a professional courtesy, Ariel's counsel accepted service subject to these objections, alerting Ariel Capital that Ariel would file this motion to quash.

*Argument*

The Court should quash the trial subpoena for three reasons.

*First,* Ariel Capital waived any opportunity to call Mr. Rogers at trial by failing to identify Mr. Rogers as a witness in the Final Pretrial Order.  This Court's Case Procedures are clear:  "***Any witness not listed in the final pretrial order will be precluded from testifying absent a showing of good cause***, except that each party reserves the right to call such rebuttal witnesses (who are not presently identifiable) as may be necessary." Final Pretrial Order Rule 4 (emphasis added).  Here, Ariel Capital did not identify Mr. Rogers as a potential trial witness and only belatedly seeks to require him to testify for its case-in-chief, so he is barred from testifying at trial.

Moreover, Ariel Capital cannot possibly demonstrate "good cause" to compel Mr. Rogers to appear at trial.  Ariel Capital's only explanation for its untimely subpoena is Ariel's motion to strike Ariel Capital's jury demand.  But this is pretextual nonsense on several fronts.  As a threshold matter, Ariel filed this motion three days *before* the Final Pretrial Order, so Ariel Capital was well aware of the motion to strike ahead of time and could have easily identified Mr. Rogers in the final Pretrial Order as required.  Second, the Court has not even ruled on Ariel's request, so the disingenuous need to change trial strategy may never come to pass.  Finally, there is no nexus between Mr. Rogers' appearance at trial and how this case is tried.  That is, Ariel

Capital cannot possibly explain why it is necessary for Mr. Rogers to testify in a bench trial but not in a jury trial.

*Second*, Mr. Rogers' testimony is irrelevant and unnecessary. Indeed, Ariel Capital repeatedly asserted that his testimony was necessary to substantiate its claim that the ARIEL mark was invalid because Ariel allegedly made material misrepresentations to the U.S. Patent & Trademark Office. (*See* Dkt. 83 at 4-5.) But the Court rejected this defense at summary judgment and it will not be an issue at trial. (*See* Dkt. 170 at 14 ("The Court concludes that Ariel Capital has not offered evidence sufficient to support a defense to the incontestability of the registered mark.").) Moreover, to the extent Ariel Capital will question Mr. Rogers on other topics, such as the confusion factors, such testimony would be unnecessary and cumulative, as it is already armed with Ariel's Rule 30(b)(6) deposition testimony covering such topics. Moreover, Ariel Capital has identified Ariel's 30(b)(6) witness, Kosier, as well as Hobson (Ariel's president) as trial witnesses. Thus, Mr. Rogers is not the sole nor even best source of evidence on matters relevant to the remaining claims and defenses in this case.

*Third*, the Court should quash this subpoena because it is unduly burdensome and unfair. *See* Fed. R. Civ. P. 45(d)(3)(iv). Mr. Rogers is chief executive of a company which manages billions of dollars in assets and should not be compelled to appear and testify at trial on six days' notice. That is a woefully deficient amount of time to both prepare and schedule for testimony, especially in light of his demanding schedule and important responsibilities. *See Amazon.com, Inc. v. Comm'r,* 108 T.C.M. 588, at *10-12 (T.C. 2014) (quashing subpoena of party CEO due to the cumulative nature of the testimony and the undue burden of preparing a major CEO for a full day of trial); *cf. Naylor Farms, Inc. v. Anadarko OGC Co.*, 2011 U.S. Dist. LEXIS 68940, at *3-4 (D. Colo. June 27, 2011) ("The apex doctrine developed as courts recognized that high ranking

and important executives can easily be subjected to unwarranted harassment and abuse and should therefore be protected.") (citation and quotation omitted).  This Court previously denied Ariel Capital's motion to compel Mr. Rogers' deposition, and Ariel Capital offers no explanation why his trial testimony should be treated differently.

### *Conclusion*

For these reasons, Ariel respectfully asks the Court to quash the trial subpoena served on John Rogers.

Dated:  January 31, 2017

By: /s/ Zachary J. Watters
Arthur Gollwitzer III (6225038)
  agollwitzer@michaelbest.com
Luke W. DeMarte (6269621)
  lwdemarte@michaelbest.com
Larry L. Saret (2459337)
  llsaret@michaelbest.com
Zachary J. Watters (6310675)
  zjwatters@michaelbest.com
Michael Best & Friedrich LLP
River Point
444 W. Lake Street, Suite 3200
Chicago, Illinois 60606

***Attorneys for Plaintiff Ariel Investments, LLC***

**Certificate of Service**

        I, Zachary J. Watters, an attorney of record in this matter, certify that on January 31, 2017, I caused a copy of ***Plaintiff Ariel Investments' Motion to Quash the Trial Subpoena Served on John Rogers*** to be filed with the Clerk of Court of the United States District Court for the Northern District of Illinois by electronic (ECF) filing, which provides service for the following counsel of record by e-mail delivery:

Adam Wolek
Brian Noack
Wolek and Noack
333 South Wabash Avenue
Suite 2700
Chicago, IL 60604
adamw@wonoip.com
briann@wonoip.com

Christopher Paul Bray
Christopher P. Bray Associates, LLC
9115 Corsea Del Fontana Way, Suite 200
Naples, FL 34109
cpbray@cpbrayassociates.com

                                              */s/* Zachary J. Watters
                                              Zachary J. Watters