UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARIEL INVESTMENTS, LLC, <br> Plaintiff, <br> v. <br> ARIEL CAPITAL ADVISORS LLC, <br> Defendant. | ) <br> ) <br> ) Case No.: 1:15-cv-3717 <br> ) <br> ) Judge: Hon. Matthew F. Kennelly <br> ) <br> ) |

**Defendant Ariel Capital Advisors' Objection to Plaintiff's Proposed Order and Motion for Stay of Permanent Injunction Pending Appeal**

Defendant Ariel Capital Advisors LLC ("ACA"), by counsel, objects to Plaintiff's proposed order, specifically the timing of the permanent injunction and its requirements, and respectfully moves this Court to stay enforcement of the permanent injunction pending appeal to the Seventh Circuit.

ACA does not object to a disclaimer on its website during the pendency of the appeal, like the proposed disclaimer in Plaintiff's proposed order (Dkt. 193, at ¶ 7), but requests 14 days to effectuate it. Such a disclaimer would be placed on its website, social media pages (*e.g.*, LinkedIn and Facebook), electronic communications, and other Internet pages.

**Legal Standard**

Whether to issue a stay of enforcement of a permanent injunction pending appeal is within the discretion of the Court. Fed. R. Civ. P. 62(c). To determine whether to grant a stay, courts consider "the moving party's likelihood of success on the merits, the irreparable harm that will result to each side if the stay is either granted or denied in error, and whether the public interest favors one side or the other." *In re A & F Enters., Inc. II,* 742 F.3d 763, 766 (7th Cir. 2014); *Hinrichs v. Bosma*, 440 F.3d 393, 396 (7th Cir. 2006). Stays pending appeal are intended

"to minimize the costs of error" and can be "necessary to mitigate the damage that can be done during the interim period before a legal issue is finally resolved on its merits." *In re A & F Enters., Inc. II,* 742 F.3d at 766; *Pennsylvania Chiropractic Ass'n v. Blue Cross Blue Shield Ass'n*, No. 09 C 5619, 2014 WL 7466573, at *1 (N.D. Ill. Aug. 21, 2014) (J. Kennelly) (same).

*Argument*

**I.     ACA is Likely to Succeed on the Merits.**

"[A] party seeking a stay need not show that it is more than 50% likely to succeed on appeal; otherwise, no district court would ever grant a stay. It is enough that the [party] have a substantial case on the merits." *Thomas v. City of Evanston*, 636 F. Supp. 587, 590 (N.D. Ill. 1986). Additionally, a stay may be proper where appeal presents fair questions upon which reasonable minds could differ. *Pennsylvania Chiropractic Ass'n v. Blue Cross Blue Shield Ass'n*, No. 09 C 5619, 2014 WL 7466573, at *1 (N.D. Ill. Aug. 21, 2014) (J. Kennelly).

A stay is warranted here because reasonable minds could differ whether there was likelihood of confusion between Plaintiff's marks and ACA. In fact, the Court acknowledged that the likelihood of confusion factors were split among both parties. Indeed, Plaintiff could not show that there were no facts in dispute in summary judgment.

ACA also has a strong claim that personal jurisdiction was not proper before this Court. ACA showed, and Plaintiff did not dispute or produce any evidence contradicting, that ACA did not have any clients, property, offices, employees, or agents in Illinois, that ACA has never advertised to or sought clients in Illinois, nor did it intentionally target or direct its activities toward this District. (*See* Dkts. 16, 17, 40, 49, 50, & 54.)

ACA further has a strong likelihood of prevailing on its right to a jury trial, and that it was prejudiced by a change to a bench trial three days before the trial began. ACA was entitled

2

to a jury because Plaintiff sought damages, which are a legal remedy for a jury to decide. It sought damages at trial under a disgorgement theory, and before in its Complaint, Response to ACA's Motions *in Limine*, and in the Final Pretrial Order.

ACA also was prejudiced because it prepared its case strategy for a jury trial, its trial strategy, objections, motions *in limine*, exhibits, demonstrative exhibits, and witnesses to call for a jury trial, and trial subpoenas. *See Olympia Exp., Inc. v. Linee Aeree Italiane, S.P.A.*, 509 F.3d 347, 351 (7th Cir. 2007) (noting "preparation for a trial often depends critically on whether it will be a jury trial or a bench trial.").

Accordingly, because ACA has demonstrated that it has a strong likelihood of showing, or that reasonable minds could differ, that there was no likelihood of infringement, no personal jurisdiction, and that it was entitled to a jury trial or prejudiced by the late change, a stay of the permanent injunction pending review by the Seventh Circuit is warranted.

**II. ACA Will Be Irreparably Injured if the Court Denies This Motion for Stay.**

ACA is faced with having to change every aspect of its identity in 30 days, and these changes will irreparably harm its business. First, the timing of the injunction cut-off occurs during ACA's busiest time of the year: tax season. When its clients are most in need of counseling from ACA, and its services, ACA would be forced to change its whole business's identity. It would be forced to remove its website, the most common way contact information for businesses is garnered. Thus, its clients would immediately lose ACA's contact information.

Also, ACA clients will be calling more frequently during this busy tax period, so the short transition period would likely cause confusion when calling ACA and not hearing the name of the business.

Furthermore, because ACA is a small business, the cost and capabilities of getting a new webpage, signage, business cards would require it to expend such a large amount of money in such a short time, that it could fundamentally cripple its ability to maintain its current employees and pay for the changes. It would also require a lot of man-hours, something that would take up ACA's employee time during its busiest period, impeding its ability to perform its services and comply with the Court's order.

In essence, given this critical time period and the short time for ACA to act, ACA is left with a choice: focus on a name change and neglect its clients, or focus on its clients and provide the services they hired it for, but risk potentially violating a court order by not complying in time. Either way, ACA would be irreparably harmed.

**III. A Stay Will Not Substantially Injure Plaintiff.**

Plaintiff presented no evidence that any confusion with ACA has damaged Plaintiff during the three years of ACA's existence. Nor did Plaintiff present any evidence that it could suffer immediate or substantial harm. Indeed, if Plaintiff was concerned about immediate injury, it would have filed a preliminary injunction. It did not. Because Plaintiff has not suffered any damage in the last three years, nor presented any evidence that it will be injured by ACA, it is highly unlikely that plaintiff will suffer any damage if the permanent injunction is stayed pending the Seventh Circuit's review of this matter.

**IV. The Public Interest Will Be Protected By Staying the Injunction.**

The public interest favors a stay because no relevant consumers have been confused between Plaintiff and ACA. However, ACA's consumers may be injured without a stay because they may have trouble contacting ACA for its services during the most crucial time of the year: tax season.

*Conclusion*

For the foregoing reasons, ACA objects to the timing of the permanent injunction, and requests the Court to stay enforcement of the permanent injunction pending the outcome of ACA's appeal.

| | |
|---|---|
| Dated: March 8, 2017 | By: /s/ Christopher P. Bray<br>Christopher P. Bray<br>Christopher P. Bray Associates, LLC<br>9115 Corsea Del Fontana Way, Suite 200<br>Naples, Florida 34109<br>cpbray@cpbrayassociates.com<br>P 239.651.6008<br>F 239.431.3914<br>*Attorney for Defendant*<br>*Ariel Capital Advisors, LLC*<br><br>Adam Wolek<br>Brian T. Noack<br>Wolek & Noack<br>333 S. Wabash Ave. Suite 2700<br>Chicago, IL 60604<br>*Local Counsel for Defendant*<br>*Ariel Capital Advisors, LLC* |

**CERTIFICATE OF SERVICE**

The undersigned certifies that, on March 8, 2017, he caused this document to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of filing to counsel of record for each party.


By:   /s/ Adam Wolek
Adam Wolek