**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ARIEL INVESTMENTS, LLC | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case Number: 15-cv-3717 |
| ARIEL CAPITAL ADVISORS LLC, | ) |
| | ) Hon. Judge Matthew F. Kennelly |
| Defendant. | ) |
| | ) |

## Defendant's Objections to Plaintiff's Bill of Costs

Should Plaintiff be entitled to costs when it only prevailed on 4 of 13 requests for relief it sought, failed in its bid for $4 million it sought at trial to "disgorge Defendant's profits," failed to receive any monetary damages, and where the claims it pursued were split? No costs should be awarded because of the split relief, but if the Court finds cost shifting appropriate, Defendant requests that the costs be proportionately reduced, and payment stayed pending appeal.

If the Court finds cost shifting appropriate, should Plaintiff be permitted to recover costs outside of those permitted by 28 U.S.C. § 1920? No. At minimum, Plaintiff's costs for processing and third-party vendor time do not qualify as the cost of "making copies" under § 1920(4), and certain of their costs for transcript-related and exemplification fees are not permitted under § 1920(2 & 4).

### *Legal Standard*

Courts may tax the following costs: "(1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; [and] (4) Fees for exemplification and the costs of

1

making copies of any materials where the copies are necessarily obtained for use in the case[.]" 28 U.S.C. § 1920. "[T]he 'scope of taxable costs' is 'narrow,' and that such 'costs are limited to relatively minor, incidental expenses as is evident from § 1920.'" *In re Text Messaging Antitrust Litig.*, No. 08 C 7082, 2014 WL 4343286, at *1 (N.D. Ill. Sept. 2, 2014) (Kennelly, J.) (citing *Taniguchi v. Kan Pac. Saipan, Ltd.*, 132 S.Ct. 1997, 2006 (2012)).

## I.   Plaintiff Should Not Recover Costs Because There was a Split Verdict

Courts have broad discretion to deny or award costs, particularly when the result is mixed or the plaintiff only received a fraction of the damages it sought. *See Gavoni v. Dobbs House, Inc.*, 164 F.3d 1071, 1075 (7th Cir. 1999) (denied prevailing plaintiff's motion for costs stating, "courts have especially broad discretion to award or deny costs in mixed result cases, including cases in which liability was established but recovery was nominal relative to what was sought"); *Testa v. Village of Mundelein, Ill.*, 89 F.3d 443, 447 (7th Cir. 1996) (each party bore its own costs because it was a mixed result case); *Masud v. Rohr-Grove Motors, Inc.*, 2016 WL 3418567 (N.D. Ill. 2016) (each party ordered to bear its own costs where each party prevailed as to a different substantial part of litigation); *Gonzalez v. City of Elgin*, 2010 WL 4636638 (N.D. Ill. 2010) (both parties to bear own costs where verdict was split); *Thorncreek Apartments I, LLC v. Village of Park Forest*, 123 F. Supp. 3d 1012 (N.D. Ill. 2015) (parties were to bear own costs despite jury verdict for plaintiff of over $2 million because plaintiff did not prevail on all claims).

Plaintiff only prevailed on 4 of the 13 requests for relief it sought. (Dkt. 1, at 13-14.) Plaintiff further failed to prevail on the $4 million it sought at trial for disgorgement of Defendant's profits.

Plaintiff also sought lost profits, enhanced damages, payment for corrective advertising, and statutory damages throughout the litigation. (Dkt. 1, at 13-14.) It abandoned these claims on the eve of trial, and no monetary awards were awarded. Plaintiff also lost its "Cybersquatting" count altogether. (Dkt. 170 at 27.) Indeed, relief was split for every cause of action Plaintiff prevailed on. While Plaintiff prevailed on liability and an injunction, its "recovery was nominal relative to what was sought" because it sought $4 million at trial, and other damages beforehand. *See Gavoni v. Dobbs House*, 164 F.3d at 1075 (denying prevailing plaintiff's costs when "recovery was nominal relative to what was sought").

If the Court disagrees with Defendant, Defendant requests the Court reduce the amount of any awarded costs in proportion to the percentage of relief Plaintiff prevailed on.

Defendant further requests the Court stay payment of any award of costs until the conclusion of Defendant's appeal. *See, e.g.*, *In re Text Messaging Antitrust Litig.*, 2014 WL 4343286, at *1 (staying payment of the award of costs until the conclusion of plaintiffs' appeal) (Kennelly, J.).

## II. Plaintiff Claimed Costs that Are Not Recoverable Under 28 U.S.C. § 1920

Plaintiff seeks costs that are outside of the "narrow" costs permitted under § 1920. *See In re Text Messaging Antitrust Litig.*, 2014 WL 4343286, at *1 (Kennelly, J.). To the extent any costs are awarded to Plaintiff, they should be reduced from what Plaintiff seeks and be limited to those permitted by 28 U.S.C. § 1920.

### A. E-Discovery Costs are Taxable for "Making Copies" Under § 1920, and Not for Processing

Plaintiff requests $85,666.51 for its e-discovery fees, but only $4,014.54 of these fees are for "making copies" under 28 U.S.C. § 1920. Under § 1920(4), a court may tax "the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28

3

U.S.C. § 1920(4). With e-discovery, only costs of file conversion can be taxed as costs of making copies. *See Intercontinental Great Brands LLC v. Kellogg N. Am. Co.*, No. 13 C 321, 2016 WL 316865, at *6 (N.D. Ill. Jan. 26, 2016) (Kennelly, J.) (citing *Race Tires of Am., Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158 (3d Cir. 2012)) ("only scanning and file format conversion can be considered to be 'making copies'"). Costs that stem from other activities, such as processing data, do not amount to "making copies." *See id*. Indeed, courts have explicitly noted that "processing" is not a recoverable cost because services leading up to actual production do not constitute "making copies." *Id*. Because the majority of the fees Plaintiff requests are processing fees, those fees are not recoverable.

### 1. *Plaintiff Cannot Recover for Processing Costs Because that is not "Copying" under § 1920(4)*

Over $80,000 of the fees Plaintiff requests are the result of production "processing" costs, not costs of "making copies." Only e-discovery fees that are the equivalent of photocopying fees are recoverable; processing costs are not recoverable. *See In re Text Messaging Antitrust Litig.*, 2014 WL 4343286, at *3 (Kennelly, J.) (citing *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158 (3d Cir. 2012)) ("[P]rocessing [i]s not a recoverable cost, even if 'essential to make a comprehensive and intelligible production' of ESI, because 'that does not mean that the services leading up to the actual production constitute making copies.'"); *Intercontinental Great Brands*, 2016 WL 316865, at *6 ("gathering, preserving, processing, searching, culling, and extracting ESI simply do[es] not amount to making copies") (internal citations omitted) (Kennelly, J.). In this case, six of Plaintiff's invoices show that it seeks to recover amounts invoiced for "Processing Native Delivery" and "Native File Delivery." (Dkt. 224-1, at p. 37, 39,

41, 43, 45 & 46 of 73[1].) These are fees for processing production, not scanning a document into a PDF, copying it, or converting it to TIFF, which are separate charges for document conversion. (*See id.*) Accordingly, because the fees for "Processing Native Delivery" and "Native File Delivery" are for processing services distinct from fees for "making copies," they are not recoverable.

Moreover, Plaintiff's vendor's invoices further evidence that the "Processing Native Delivery" and "Native File Delivery" charges are not costs of "making copies" because they are billed hourly and not per copy. Where fees are more analogous to fees charged by counsel or assistants, those fees are not compensable because they do not constitute costs of "making copies." *Intercontinental Great Brands*, 2016 WL 316865, at *6 (activities that are the equivalent of work that counsel would perform are not recoverable); *In re Text Messaging Antitrust Litig.*, 2014 WL 4343286, at *3 ("[C]ourts d[o] not award pre-copying costs, such as expenses of locating, collecting, reviewing or screening files.") (internal citations omitted). Here, Plaintiff's vendor invoiced Plaintiff on a per hour basis of between $175.00/hour and $250.00/hour for "Processing Native Delivery" and "Native File Delivery." (Dkt. 224-1, at p. 37, 39, 41, 43, 45 & 46 of 73.) These processing fees mirror labor and pre-copying costs because they are charged on a per hour basis, not on the per page basis that is traditionally used for photocopying. (*See id.*) Consequently, Plaintiff's fees for "Processing Native Delivery" and "Native File Delivery", which add up to $81, 651.97[2], are the equivalent of labor costs, and are thus not compensable as costs of "making copies" under § 1920(4).

---

[1] Please note that Plaintiff's numbering and the docket numbering differ. Defendant's page citations refer to the docket numbers, which total 73 pages.

[2] Plaintiff's invoices for Processing Native Delivery and Native File Delivery total $81,651.97:
- **April 2016 invoice**:  $10.00 & $15.00 for 0.04 hours and 0.06 hours, respectively of processing at $250/hour (Dkt. 224-1 at p. 37);

### 2.    *Plaintiff Can Only Recover Costs for "Making Copies"*

Plaintiff can only recover its costs for scanning and for converting documents to TIFF because these e-discovery fees are the equivalent of Plaintiff's costs of "making copies" under § 1920(4). Generally, only e-discovery fees that are identical to paper copying fees are recoverable. *See Intercontinental Great Brands*, 2016 WL 316865, at *7 (holding that only e-discovery expenditures for file conversion, like TIFF and PDF conversion, were recoverable). Here, Plaintiff's TIFF conversion and scanning costs are expenditures for file conversion, and are comparable to making copies with a photocopier. Only Plaintiff's costs for conversion to TIFF and PDF are therefore recoverable.

In notable contrast to the "processing" fees above, Plaintiff's vendor invoiced its TIFF conversions and scans on a ***cost per page basis***, similar to photocopying charges, which further demonstrates these are Plaintiff's only charges for "making copies." (Dkt. 224-1, at p. 37, 39, 41, 43, & 46 of 73.) For example, Plaintiff's April 30, 2016 invoice listed $425.50 as the price for 4,255 scans, which equates to $0.10 per scan. (Dkt. 224-1, at p. 37 of 73.) As another example, Plaintiff's June 30, 2016 invoice listed $2,074.16 as the price for converting 51,854 pages into TIFF, equating to $0.04 per document. (Dkt. 224-1, at p. 41 of 73.) This method of invoicing – by the number of pages scanned or converted –  shows that these activities, and not activities charged on a per hour basis, are the only vendor activities that qualify as "making copies." Accordingly, only Plaintiff's costs for scans or converting documents to TIFF can be recovered.

---

- **May 2016 invoice**:  $49,987.00 for 285.64 hours of processing at $175.00/hour (*Id.* at 39);
- **June 2016 invoice**:  $31,586.80 for 180.49 hours of processing at $175.00/hour (*Id.* at 41);
- **July 2016 invoice**:  $40.95 for 0.21 hours of processing done at $195.00/hour (*Id.* at 43);
- **Sept. 2016 invoice**:  $11.70 for 0.06 hours of processing at $195.00/hour (*Id.* at 45); and,
- **Oct. 2016 invoice**: $0.52 for 0.003 hours of Native File Delivery at $195.00/hour. (*Id.* at 46.)

Based on Plaintiff's invoices, Plaintiff's "copies" cost $4,014.54.[3] (Dkt. 224-1, at p. 37, 39, 41, 43 & 46 of 73.) This consists of $3,589.04 for conversion to TIFF, and $425.50 for scanning pages. (*Id.*) Because only $4,014.54 of the requested $85,666.51 represents Plaintiff's costs incurred in "making copies" of documents for this litigation, only that portion of those fees are recoverable under § 1920(4).

### 3. *Plaintiff's Argument About the Number of Documents It Produced to Support its Costs is Misplaced under 28 U.S.C. § 1920*

Plaintiff also argues that Defendant's numerous discovery requests necessitated a large production, and therefore higher costs and a heavier reliance on third-party vendors. First, cost-shifting for being "burdened" by discovery requests is misplaced under § 1920 as that statute does not address shifting the expense of complying with discovery requests. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 358 (1978) ("there is a "presumption…that the responding party must bear the expense of complying with discovery requests."); *and see.In re Text Messaging Antitrust Litig.*, 2014 WL 4343286, at *5 (party could have sought cost-shifting protective orders under Rule 26(c) if it felt "'undue burden or expense' in complying with discovery requests," and not § 1920) (Kennelly, J.). If Plaintiff felt that Defendant's discovery requests were "voluminous," "very broad" or burdensome as it claims, it instead could have sought relief under FRCP 26(c). *See Race Tires Am. v. Hoosier Racing Tire Corp.*, 674 F.3d at 170-71 ("The Court is 'limited to shifting only those costs explicitly enumerated in § 1920.'").

---

[3] Plaintiff's costs for converting and/or scanning 93,981 pages total $4,014.54 (at $0.04 per page for TIFF conversion, and $0.10 per scan):
- **April 2016 invoice**:  $42.32 and $425.50 for converting 1,058 pages to TIFF, and scanning 4,255 pages respectively (Dkt. 224-1 at p. 37);
- **May 2016 invoice**:  $1,466.68 for converting 36,667 pages to TIFF (*Id.* at 39);
- **June 2016 invoice**:  $2,074.16 for converting 51,854 pages to TIFF (*Id.* at 41);
- **July 2016 invoice**:  $4.44 for converting 111 pages to TIFF (*Id.* at 43); and,
- **Oct. 2016 invoice**:  $1.44 for converting 36 pages to TIFF. (*Id.* at 46.)

Second, Plaintiff cannot recover costs for third-party venders who take on its obligations to comply with discovery requests, because to recover such costs would be an end-around § 1920.

### B.     Trial Transcripts

Plaintiff claims $1,313.70 for the trial transcripts for the trial that lasted two-and-a-half days. "Costs for daily transcripts generally are not reasonably necessary, and thus may not be recovered, where the case is short and simple." *Rawal v. United Air Lines, Inc.*, No. 07 C 5561, 2012 WL 581146, at *2 (N.D. Ill. Feb. 22, 2012) (No costs for trial transcript because trial "last[ed] less than three days, and the case was simple and straightforward."). Like in *Rawal v. United Air*, the case here also lasted for less than three days, and was not a complex, long lasting trial that would necessitate trial transcripts. Rather, because the trial was short, the trial transcripts were merely for counsels' convenience, and not necessary, so thus should not be awarded.

### C.     Certain Deposition Costs Were Unnecessary

#### 1.     *Ms. Kosier: Costs Exceed Those Necessary*

Plaintiff's claim for Ms. Kosier's deposition transcript costs should be reduced as their claim is significantly more than Defendant paid for the same transcript. *See* Exh. A ($2,228.40 for Defendant's copy of the transcript, including all appearance fees); *cf.* (Dkt. 224-1, at p. 15 of 73) ($3,594.41 for Plaintiff's version). Plaintiff has not shown why paying an extra $1,366.01 was necessary. Video recordings for Ms. Kosier's deposition were nevertheless unnecessary because she was Plaintiff's employee could have been called as a witness at any time by Plaintiff, and was available for and did provide live testimony at the trial. *Intercontinental Great Brands LLC*, 2016 WL 316865, at *2 ("[I]t is not true that video is necessary and reasonable for purposes of taxing costs any time a party relies on testimony for which it has both video

recordings and paper transcripts.") (Kennelly, J.). Accordingly, Ms. Kosier's deposition transcript costs should be reduced to at most $2,228.40.

### 2. *Mr. Bray: Costs Exceed Those Necessary*

Costs for Christopher Bray's depositions should be reduced to transcript costs because video recordings of his deposition were not necessary or used in summary judgement briefing or at trial. Defendant stated that Mr. Bray would testify live at trial at all times, and even briefed the timing of his testimony, thus the video depositions were not needed. *See, e.g.*, Exh. B; *see also In re Text Messaging Antitrust Litig.*, 2014 WL 4343286, at *6 (expenses for the video recordings are not recoverable costs where they were not reasonably necessary). Plaintiff's requests for videographers and synchronized videos, totaling $2,002.50 (Dkt. 224-1, at p. 10, 11, 13 & 14 of 73), should not be awarded. Plaintiff's request for costs for Christopher Bray's depositions accordingly should be reduced to $2,226.50.

### D. Certain Exemplification Costs Should be Reduced

Defendant also challenges Plaintiff's taxing of costs it paid vendors for "professional labor" for the creation of its three Exhibit Boards it presented during its closing argument. (Dkt 224-1, at p. 51 & 52 of 73.) These Boards were not presented during the case-in-chief, were objected to, were not admitted into evidence, nor did they illustrate an admitted exhibit, and were not reasonably necessary. And all but $200 of the $3,414.50 Plaintiff's claim was spent on "professional labor." *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158, 166 (3d Cir. 2012) (denying electronic discovery vendors' work because it "did not produce illustrative evidence or the authentication of public records," so did "not qualify as fees for 'exemplification.'"). Defendant accordingly seeks reduction of "exemplification" costs by $3,414.50.

Dated: April 25, 2017                          RESPECTFULLY SUBMITTED,


By: _s/ Adam Wolek_____
Adam Wolek
Brian Noack
WOLEK & NOACK
333 S Wabash Ave., Suite 2700
Chicago, IL 60604
P: 312.860.9006
F: 708.843.0509
*Local Counsel for Defendant Ariel Capital*
*Advisors LLC*


Christopher P. Bray
Christopher P. Bray Associates, LLC
9115 Corsea Del Fontana Way, Ste. 200
Naples, FL 34109
P: 239.651.6008
F: 239.431.3914
cpbray@cpbrayassociates.com
*Lead Counsel for Defendant Ariel Capital*
*Advisors LLC*

## CERTIFICATE OF SERVICE

The undersigned certifies that, on April 25, 2017, he caused this document to be served

upon the following counsel of record via electronic mail delivery:


Arthur Gollwitzer III
agollwitzer@michaelbest.com
Luke W. DeMarte
lwdemarte@michaelbest.com
Larry L. Saret
llsaret@michaelbest.com
Zachary J. Watters
zjwatters@michaelbest.com
Michael Best & Friedrich LLP
Two Prudential Plaza
180 N. Stetson Ave., Suite 2000
Chicago, Illinois 60601

Mareile Bayard Cusack
mcusack@arielinvestments.com
David Allyn Miley
dmiley@arielinvestments.com
Ariel Investments, LLC
200 East Randolph Street, Ste 2900
Chicago, Illinois 60601-6505


By:/s/   Adam Wolek_____
Adam Wolek