UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARIEL INVESTMENTS, LLC | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 15-cv-3717 |
| | ) |
| ARIEL CAPITAL ADVISORS LLC | ) |
| | ) |
| Defendant. | ) |

**Reply in Support of Ariel's Bill of Costs**

The Court should overrule the various objections raised by Defendant Ariel Capital Advisors LLC ("Ariel Capital") and award Plaintiff Ariel Investments ("Ariel") the full amount requested in Ariel's Bill of Costs.

As a threshold matter, Ariel Capital's argument that Ariel is not entitled to ***any*** costs because there was a "split verdict" borders on frivolous, as Ariel was undoubtedly the prevailing party under Rule 54(d). This Court entered judgment in Ariel's favor on all four of its claims at trial and then entered a permanent injunction requiring Ariel Capital to stop its ongoing infringement, which resulted in Ariel Capital changing its name to Bray Capital Advisors.

Ariel Capital's specific objections to Ariel's claimed costs either misstate the law, mischaracterize the facts, or both. For example, Ariel Capital argues that e-discovery expenses are not recoverable because they "are not identical to paper copying fees." (Dkt. 227 at 6.) But this position is an unduly narrow construction of 28 U.S.C. § 1920(4), one that is unsupported by recent case law and blind to the realities of modern discovery practice. Ariel Capital raises other baseless objections discussed below that this Court should reject.

*Argument*

**I.      Ariel is the Prevailing Party and the Verdict Was Not "Split."**

The Court should reject out-of-hand Ariel Capital's contention that it should not be ordered to pay costs because there was a "split verdict." (Dkt. 227 at 2-3.) The Court ruled in favor of Ariel and against Ariel Capital on *every* claim at issue at trial and then issued a permanent injunction that ended Ariel Capital's trademark infringement. Indeed, pursuant to that injunction, Ariel Capital's founder and principal, Christopher Bray, attested that his firm (i) is no longer using, registering, or attempting to register any of the ARIEL Marks or similar names; (ii) is no longer using any trademark, service mark, name, logo, or source designation of any kind that is a copy or similar to any of the ARIEL Marks; (iii) has surrendered to Ariel all relevant materials that adopt any of the ARIEL Marks; (iv) has no advertising in printed third-party phone directories and has cancelled all pending advertisements that include any of the ARIEL Marks; (v) has sent Ariel's counsel samples of new marketing materials demonstrating discontinued use of the ARIEL Marks; (vi) has taken all steps necessary to transfer to Ariel the domain name arielcapitaladvisors.com; and (vii) has included the conspicuous disclaimer on all items as required by the terms of the permanent injunction. (Dkt. 226.) Moreover, Ariel Capital has not and cannot make any showing that the costs identified by Ariel are somehow unrelated or severable from the crux of this litigation, *i.e.*, proving infringement and unfair competition. Thus, under Rule 54(d) and as a matter of common sense, Ariel prevailed in this action and is eligible to recover costs.

Ariel Capital's argument that this is a "split verdict" because the Court denied disgorgement of profits is legally baseless because Ariel was awarded **substantial relief**. *See Testa v. Vill. of Mundelein*, 89 F.3d 443, 447 (7th Cir. 1996) (defining "prevailing party" as "the

party who prevails as to the substantial part of the litigation"); *First Commodity Traders, Inc. v. Heinhold Commodities, Inc.*, 766 F.2d 1007, 1015 (7th Cir. 1985) (same); *Bonds v. Fizer*, 69 F. Supp. 3d 799, 808 (N.D. Ill. 2014) (same). Similarly, this is not a split verdict case simply because the Court dismissed Ariel's Cybersquatting claim at summary judgment. *See Slane v. Mariah Boats, Inc.*, 164 F.3d 1065, 1068 (7th Cir. 1999) ("When one party gets substantial relief it 'prevails' even if it doesn't win on every claim."); *U.S. Fidelity & Guar. Co. v. Shorenstein Realty Servs., L.P.*, 803 F. Supp. 2d 920, 923 (N.D. Ill. 2011) ("When a party obtains substantial relief, it prevails even if it does not win on every claim.").

Not surprisingly, all of the cases cited by Ariel Capital are plainly distinguishable. *See Gavoni v. Dobbs House, Inc.*, 164 F.3d 1071, 1075 (7th Cir. 1999) (plaintiffs awarded less than 1% of requested damages and no injunctive relief at issue); *Testa*, 89 F.3d at 447 (denying costs where plaintiff lost one of two claims and was awarded only $1,500 in damages); *Masud v. Rohr-Grove Motors, Inc.*, 2016 U.S. Dist. LEXIS 80955, at *6-7 (N.D. Ill. June 22, 2016) (denying costs where unsuccessful claims "consumed a significant amount of the [c]ourt's and the parties' time and resources" and where "plaintiff received a tiny fraction of the amount she sought"); *Gonzalez v. City of Elgin*, 2010 U.S. Dist. LEXIS 118357, at *5 (N.D. Ill. Nov. 10, 2010) (parties ordered to bear own costs in true split verdict case, where jury concluded that three of the seven defendants violated two of the six plaintiff's constitutional rights); *Thorncreek Apartments I, LLC v. Vill. of Park Forest*, 123 F. Supp. 3d 1012, 1014-15 (N.D. Ill. 2015) (ordering parties to bear own costs despite sizeable award to plaintiff where nine of the eleven defendants "prevailed across the board" and plaintiff "prevailed on just one of several claims

against just two of the eleven defendants."). Stated simply, this case did not yield mixed results and the cases cited by Ariel Capital only reinforce that fact.[1]

Ariel Capital also asks this Court to stay payment of any award of costs pending appeal but does not provide a single reason for doing so. (Dkt. 227 at 3.) And for good reason, as Ariel Capital's prior request to stay the permanent injunction pending appeal was rejected by this Court, which noted that the evidence on likelihood of confusion "was not close" and that Ariel Capital's personal jurisdiction challenge "is not a close question." (Dkt. 217 at 2, 3.) The Seventh Circuit likewise summarily rejected Ariel Capital's motion to stay pending appeal. (CTA7 Dkt. 21.) Thus, because Ariel Capital is unlikely to prevail on appeal, the Court should not delay payment of costs.

## II. The Court Should Award the Full Amount Identified in Ariel's Bill of Costs.

For the Court's convenience, Ariel has submitted a chart as Exhibit H identifying whether each claimed cost is disputed and the amount in dispute.

### A. Deposition Costs

The Court should award Ariel $11,194.28 for deposition transcripts and court reporter appearance fees. (*See* Dkt. 224-1, Ex. A.) Notably, Ariel Capital makes no objection as to ***$7,903.53*** of these costs. (*See* Ex. H.) Ariel Capital's objections to the remaining $3,290.75 are baseless.

As for the deposition of Ariel's Rule 30(b)(6) witness, Merrilyn Kosier, the Court should award Ariel its full cost of $3,594.41, which reflects the amount Ariel spent at the rate charged by the court reporter ***who was selected by Ariel Capital***. (*See* Dkt. 224-1, Ex. A.) Ariel Capital

---

[1] Ariel Capital provides no authority or specifics in its one-sentence request to "reduce the amount of any awarded costs in proportion to the percentage of relief" Ariel prevailed on. (Dkt. 227 at 3.) Indeed, this request makes no sense because this is not a damages case, as Ariel only sought equitable relief, and Ariel obtained the permanent injunction that stopped Ariel Capital's ongoing infringement.

- 4 -

challenges the amount Ariel had to spend for the transcripts, arguing their cost should be limited to $2,228.40.  The discrepancy between the bills is easily explained:  Ariel Capital enjoys a preferred rate at the court reporter service it selected that is not available to Ariel.  Ariel Capital must know this, but failed to disclose this fact to the Court.  Moreover, Ariel was charged at the reporting service's standard "copy side" rate, meaning the standard rate charged to the party receiving a copy, rather than the original transcript.  (*See* Ex. I, 4/28/17 E-mail from Arielina Torres to Zachary J. Watters.)  Ariel Capital's second objection is just as ludicrous, complaining that a video deposition was unnecessary.  (Dkt. 227 at 8.)  The problem with this argument is that Ariel is not asking for any costs relating to video-recording this deposition.

Ariel Capital also asks the Court to reduce Ariel's claim for deposition costs by $2,002.50 for video costs from the deposition of Mr. Bray.  Ariel Capital asserts that video recordings were unnecessary because Ariel Capital "stated that Mr. Bray would testify live at trial at all times." (Dkt. 227 at 9.)  This is simply untrue; Ariel Capital made no representation regarding Mr. Bray's availability at trial before the depositions.  Indeed, Ariel prepared the videos because it was not certain that Mr. Bray would attend trial, as he was not named individually as a defendant in this lawsuit and he resided in Florida, beyond the subpoena power of this Court.  In addition, although Mr. Bray's depositions were not played at trial, Ariel obtained the synchronized videos of these depositions in light of the possibility that Mr. Bray would stray from his prior testimony and need to be impeached during trial.  *Cf. Cengr v. Fusibond Piping Sys.*, 135 F.3d 445, 455 (7th Cir. 1998) ("The proper inquiry is whether the deposition was 'reasonably necessary' to the case at the time it was taken, not whether it was used in a motion or in court.").  Accordingly, the Court should award Ariel the full $4,229.90 it incurred in deposing Mr. Bray.

### B. Costs of Court Transcripts

Ariel is also entitled to recover $1,313.70 for the costs of daily court transcripts under 28 U.S.C. § 1920(2). *See Majaske v. City of Chi.*, 218 F.3d 816, 825 (7th Cir. 2000) ("We have long recognized that [Section 1920(2)] includes trial transcripts and transcripts from other court proceedings necessarily obtained for use in the case."). Ariel Capital argues these transcripts were unnecessary simply because the trial lasted less than three days. (Dkt. 227 at 8.) But the short duration of the trial has nothing to do with the need for daily transcripts (it even proportionately reduces the cost of those transcripts and the amount sought by Ariel). Indeed, the daily transcripts were central to Ariel's successful opposition to Ariel Capital's post-trial stay requests, which were filed immediately after trial. *See Merix Pharm. Corp. v. Clinical Supplies Mgmt.*, 106 F. Supp. 3d 927, 944 (N.D. Ill. 2015) (Kennelly, J.) (trial transcripts reasonably necessary for prevailing party to respond to post-trial motions). Moreover, this Court expressly recognized the utility of daily transcripts at trial. (*See* Ex. J, 2/6/17 a.m. Trial Tr. at 75:21-22 (touting "the benefit of the realtime transcript.").) Finally, these transcripts also have been necessary for Ariel's Bill of Costs and also for appeal, as the final official transcripts are still being prepared.

### C. E-Discovery Cost

In order to receive reimbursement of its bill of costs, a prevailing party's costs must be (i) taxable pursuant to 28 U.S.C. § 1920 and (ii) reasonable and necessary. *See, e.g.*, *Deimer v. Cincinnati Sub-Zero Prods, Inc.*, 58 F.3d 341, 345 (7th Cir. 1995) (court need only determine that "expenses are allowable cost items, and that the amounts are reasonable and necessary."). Ariel Capital does not contest that Ariel's e-discovery costs were reasonable and necessary, but

rather limits its objection to claiming that much of Ariel's e-discovery costs are "processing" costs that are not taxable under Section 1920(4).

Section 1920(4) allows taxation of "the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). In order to adapt this statute to accommodate for modern e-discovery processes, the Seventh Circuit has allowed taxation of costs associated with "converting computer data into a readable format in response to [opponent's] discovery requests." *Hecker v. Deere & Co.*, 556 F.3d 575, 591 (7th Cir. 2009). This Court has interpreted Section 1920(4) to encompass "scanning and file format conversion." *Intercontinental Great Brands LLC v. Kellogg N. Am. Co.*, 2016 U.S. Dist. LEXIS 8970, at *17 (N.D. Ill. Jan. 26, 2016) (Kennelly, J.).

Ariel Capital argues at length that Ariel has impermissibly requested e-discovery costs that stray beyond what is allowed under section 1920(4). Specifically, Ariel Capital complains about Ariel's invoice line items that are labeled "processing." (Dkt. 227 at 4-5.) To address this argument, Ariel contacted its e-discovery vendor, Inventus, and obtained a declaration clarifying what the "processing" line items functionally entail, specifically line items for "Traditional Native File Processing" and "EDD Processing – Native Delivery." (Dkt. 224-1 at 39, 41.) As Inventus explains, these terms refer to copying and converting native documents for production. (*See* Ex. K, Declaration of Justin M. Tebbe, ¶ 8.) Specifically, Inventus copies original, native files and converts the files to a format compatible with the parties' production needs. (*Id.*) The copying is performed so that the native files may remain unchanged and intact (including their metadata) throughout the discovery process. (*Id.*) As such, Inventus's work is an essential part of an electronic document production, and these costs are comparable to traditional "copying" costs as contemplated by Section 1920(4).

Ariel Capital's challenges place style over substance, attempting to impose a magic word requirement under Section 1920(4) that would nullify any invoice that says "processing" instead of "copying." But the Court should examine and evaluate the underlying services and tasks at issue and determine whether they are recoverable under Section 1920(4). And here, the costs at issue are recoverable. *See Intercontinental Great Brands*, 2016 U.S. Dist. LEXIS 8970, at *16-20 (awarding "processing expenses," which included recoverable costs incurred converting native files to TIFF format).

Ariel Capital's "proof" that these costs are unrelated to copying because they were charged on an hourly basis, rather than per page, also misses the mark. (Dkt. 227 at 6.) There is no requirement, statutory or otherwise, that copying costs must be calculated on a per page basis. Nor is "copying" defined by reference to a per page fee. The only relevant concern for a costs determination is whether the fees are reasonable and necessary. *See, e.g.*, *Trading Techs. Int'l, Inc. v. eSpeed, Inc.*, 750 F. Supp. 2d 962, 969 (N.D. Ill. 2010) (prevailing party must prove that the costs "were actually incurred, were reasonable in amount, and were necessary."). And to that end, Ariel Capital has provided no support for its assertion that hourly billing renders these fees unreasonable. *See Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005) ("[T]he losing party bears the burden of an affirmative showing that taxed costs are not appropriate."). Accordingly, Ariel Capital should be taxed $85,666.51 for Ariel's requested e-discovery costs in full.

### D. Exemplification

The Court also should award Ariel a total of $7,101.11 in exemplification costs, which may be recovered when exemplification "was necessarily obtained for use in the case." 28

U.S.C. § 1920(4). Of this requested amount, Ariel Capital does not object to **$3,685.61** for Ariel's costs arising from its vendor's preparation of video depositions and trial exhibits.

The Court should overrule Ariel Capital's objection to Ariel's request for the remaining $3,415.50, which reflects the portion of Ariel's demonstrative costs associated with those demonstrative exhibits actually used at trial. Despite Ariel Capital's assertion, Ariel used one of the three demonstratives during its case in chief (specifically, Ms. Hobson utilized the STAR awards demonstrative during her testimony (Ex. J, 2/6/17 a.m. Trial Tr. at 57:15-20)). Moreover, Ariel used two additional demonstratives during closing argument to depict the likelihood of confusion between Ariel Capital and the entire ARIEL family of marks. Thus, all of these requested costs are reasonable and recoverable. *See Neuros Co. v. KTurbo, Inc.*, 2011 U.S. Dist. LEXIS 97063, at *14 (N.D. Ill. Aug. 25, 2011) ("[C]ourts in this district have specifically permitted recovery for amounts paid to vendors for the preparation of trial exhibits."); *Interclaim Holdings, Ltd. v. Ness, Motley, Loadholt, Richardson & Poole*, 2003 U.S. Dist. LEXIS 4470, at *11-12 (N.D. Ill. Mar. 23, 2004) (taxing costs for exhibit preparation).

### E. Ariel Capital Does Not Object to Service Costs and Court Filing Fees

Finally, the Court should award $725 for two uncontested costs: service costs and court filing fees.

### *Conclusion*

For the foregoing reasons and those set forth in Ariel's opening memorandum, the Court should award Ariel its bill of costs in the amount of $106,000.60.

| | |
|---|---|
| Dated: May 2, 2017 | By: /s/ Zachary J. Watters<br>Arthur Gollwitzer III (6225038)<br>  agollwitzer@michaelbest.com<br>Luke W. DeMarte (6269621)<br>  lwdemarte@michaelbest.com<br>Larry L. Saret (2459337)<br>  llsaret@michaelbest.com<br>Zachary J. Watters (6310675)<br>  zjwatters@michaelbest.com<br>Michael Best & Friedrich LLP<br>River Point<br>444 W. Lake Street, Suite 3200<br>Chicago, Illinois 60606<br><br>***Attorneys for Plaintiff Ariel Investments, LLC*** |

**Certificate of Service**

       I, Zachary J. Watters, an attorney of record in this matter, certify that on May 2, 2017, I caused a copy of Plaintiff's ***Reply in Support of Ariel's Bill of Costs*** to be filed with the Clerk of Court of the United States District Court for the Northern District of Illinois by electronic (ECF) filing, which provides service for the following counsel of record by e-mail delivery:

Adam Wolek
Brian Noack
Wolek and Noack
333 South Wabash Avenue
Suite 2700
Chicago, IL 60604
adamw@wonoip.com
briann@wonoip.com

Christopher Paul Bray
Christopher P. Bray Associates, LLC
9115 Corsea Del Fontana Way, Suite 200
Naples, FL 34109
cpbray@cpbrayassociates.com

                                                                */s/* Zachary J. Watters
                                                                Zachary J. Watters