IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARIEL INVESTMENTS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15 C 3717 |
| ) | |
| ARIEL CAPITAL ADVISORS LLC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Ariel Investments, LLC, an investment management firm that owns registered trademarks for various iterations of the term "Ariel," sued Ariel Capital Advisors LLC, a wealth management firm, alleging trademark infringement, unfair competition, and cybersquatting in violation of the Lanham Act, and unfair trade practices in violation of the Illinois Deceptive Trade Practices Act and Illinois common law. Before trial, the Court granted summary judgment for Ariel Capital on the cybersquatting claim.

After a bench trial, the Court found for Ariel Investments on its remaining Lanham Act and state law claims. *Ariel Invs., LLC v. Ariel Capital Advisors, LLC*, No. 15 C 3717, 2017 WL 839481 (N.D. Ill. Mar. 3, 2017). The Court entered a permanent injunction barring Ariel Capital from continuing to use the term Ariel in connection with its business. The Court overruled Ariel Investments' request for disgorgement of Ariel Capital's profits, concluding that Ariel Capital had shown that it did not earn its profits by infringing on Ariel Investments' marks. The Court later denied Ariel Capital's request for

a stay of the injunction pending appeal.  *Ariel Invs., LLC v. Ariel Capital Advisors, LLC*, No. 15 C 3717, 2017 WL 1049464 (Mar. 20, 2017).

In this decision, the Court considers Ariel Investments' request to recover costs.

## Discussion

Ariel Investments has moved for nearly $110,000 in costs.  Federal Rule of Civil Procedure 54(d) states that "unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d).  Expenses in six categories are available, three of which are relevant here: 1) fees for transcripts necessarily obtained for use in the case; 2) fees for disbursements for printing and witnesses; and 3) fees for the exemplification and the costs of making copies of any materials where the copies are necessarily made for use in the case.  28 U.S.C. §1920.

The Seventh Circuit has long recognized the "presumption that the prevailing party will recover costs, and the losing party bears the burden of an affirmative showing that taxed costs [are inappropriate]."  *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005); *M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1409 (7th Cir.1991).  Although the Supreme Court has ruled that the "concept of taxable costs under the Federal Rules of Civil Procedure" is "limited," the non-prevailing party must nevertheless demonstrate the inappropriateness of any taxed costs.  *Taniguchi v. Kan Pac. Saipan, Ltd.*, 132 S. Ct. 1997, 2006 (2012).

Ariel Capital contends that no costs should be awarded because Ariel Investments only partially prevailed.  Ariel Investments argues that it was the prevailing party because it was awarded substantial relief.

The prevailing party for purposes of Rule 54(d) is the party that prevails with regard to a substantial part of the litigation. *Testa v. Vill. of Mundelein*, 89 F.3d 443, 447 (7th Cir. 1996); *see also, First Commodity Traders, Inc. v. Heinold Commodities, Inc.*, 766 F.2d 1007,1015 (7th Cir. 1985). There is no question that Ariel Investments prevailed with regard to a substantial part of the litigation. Indeed, it was the prevailing party on all of its claims other than the cybersquatting claim. Although the Court did not order disgorgement of Ariel Capital's profits, it found that Ariel Capital had infringed Ariel Investments' trademarks and entered a permanent injunction in favor of Ariel Investments, which was the main relief it sought.

In a trademark infringement case like this one, permanent injunction against the alleged infringer represents a substantial part of the litigation, because "damage to a trademark holder's goodwill can constitute irreparable injury for which the trademark owner has no adequate legal remedy." *Re/Max North Cent., Inc. v. Cook*, 272 F.3d 424, 432 (7th Cir. 2001). Furthermore, the Court held that the factors of similarity between marks, similarity in services, similarity in area and manner of concurrent use between plaintiff and defendant, the strength of plaintiff's mark, and evidence of actual confusion all weighed in favor of a finding of a likelihood of confusion arising from Ariel Capital's use of the term Ariel. Because Ariel Investments prevailed with regard to a substantial part of the litigation, the Court concludes that it is the prevailing party and is therefore entitled to recover costs.

**A.     Costs relating to depositions**

Ariel Investments requests taxation of costs totaling $11,194.28 for deposition-related expenses, including transcript costs, video costs, and witness fees. "Fees for

printed or electronically recorded transcripts necessarily obtained for use in the case" are recoverable as costs under section 1920(2).

Ariel Capital does not object to $7,903.53 of the requested deposition-related costs. It argues, however, that the costs relating to the depositions of Ms. Kosier and Mr. Bray exceed what was reasonably necessary and should be reduced.

With regard to Ms. Kosier's deposition, Ariel Investments seeks to recover $3,594.41. This represents a higher per-page rate than the one approved by the Judicial Conference, but Ariel Capital, which took the deposition, chose the court reporter, and this is the rate that the reporter charged Ariel Investments for a copy of the deposition. Ariel Capital argues that the rate should be reduced to what it paid—$2,228.40—but it is undisputed that Ariel Capital got a preferred rate from the court reporter that was not available to Ariel Investments. When the party that has to bear the costs chose the court reporter, it cannot object to the rates the reporter charged. *See Montanez v. Simon*, 755 F.3d 547, 558 (7th Cir. 2014) ("Several decisions from the Northern District of Illinois sensibly suggest that [the limitation to Judicial Conference-approved rates] does not apply when the party who must bear the costs selected the court reporter—in other words, whoever picked the reporter can't later object to that reporter's rates."). The Court overrules Ariel Capital's objection.

Regarding Mr. Bray, the dispute concerns whether video recording was reasonably necessary. Ariel Investments argues it obtained the video because Mr. Bray was not named individually as a defendant, and he resided in Florida and was therefore beyond the subpoena power of this Court. *See* Fed. R. Civ. P. 45(c)(1)(A). It also argues that a video recording was necessary in case Mr. Bray strayed from his prior

testimony during trial. Ariel Capital says that it informed Ariel Investments that Mr. Bray—the owner of Ariel Capital—would be willing and available to testify live at trial, rendering it unnecessary to video-record his deposition. Ariel Investments dispute this; it says that Ariel Capital "made no representation regarding Mr. Bray's availability at trial before the depositions." Pl.'s Reply at 5.

The Court need not resolve the dispute over what Ariel Capital expressly represented about whether Mr. Bray would appear at trial. A prevailing party may recover costs for both a paper transcript and a video recording of a deposition, but only when it was "reasonable and necessary" for counsel to obtain both. *See Little v. Mitsubishi Motors N. Am., Inc.*, 514 F.3d 699, 702 (7th Cir. 2008). Even without any express representations, the odds were near zero that Mr. Bray—the owner and principal of Ariel Investments—would not appear at trial. All of the conduct challenged by Ariel Investments was his conduct, and at a relatively early stage of the case he also filed an appearance as counsel for Ariel Investments. And Ariel Investments could not viably defend the case at trial without his testimony. Thus it was obvious from the outset that he would appear at trial (unless he became physically unable to do so). With that justification set aside, the potential need for impeachment did not reasonably warrant the significantly higher expense of a video deposition as opposed to a court-reported transcript. The Court concludes that Ariel Investments has failed to show that, under the circumstances, it was "reasonable and necessary" for plaintiff to obtain both a paper transcript and a video recording of Mr. Bray's deposition. The Court therefore reduces Ariel Investments' requested deposition costs of $11,194.28 by $2,002.50, to $9,191.78.

**B.     Court transcripts**

Ariel Investments requests taxation of costs totaling $1,313.70 for obtaining real-time copy of the trial transcript, under 28 U.S.C. §1920(2). *Majeske v. City of Chicago*, 218 F.3d 816, 825 (7th Cir. 2000). It argues that the transcript was critical to its successful opposition to defendant's post-trial stay request, which was filed shortly after trial.

Ariel Capital argues that because the case was uncomplicated and lasted less than three days, Ariel Investments is not entitled to recover these costs. "Costs for daily transcripts generally are not reasonably necessary, and thus may not be recovered, where the case is short and simple." *Rawal v. United Air Lines, Inc.*, No. 07 C 5561, 2012 WL 581146, at *2 (N.D. Ill. Feb. 22, 2012).

The Court agrees. As Ariel Capital argues, the evidence was relatively simple, and the trial was short. Obtaining daily copy of the transcript was a matter of convenience for counsel, not necessity—either for purposes of the trial itself or for post-trial briefing. Ariel Investments may have ended up using the transcript for the post-trial matters, but that does not mean it was reasonably necessary to obtain in the first place. The Court declines to award these costs.

**C.     E-discovery / copying costs**

Ariel Investments requests e-discovery costs totaling $85,666.51. It relies on Seventh Circuit precedent allowing taxation of costs associated with "converting computer data into a readable format in response to [counsel's] discovery requests." *Hecker v. Deere & Co.*, 556 F.3d 575, 591 (7th Cir. 2009). Ariel Capital contends that the majority of Ariel Investments' e-discovery costs involved non-recoverable

"processing" costs.

The Seventh Circuit has not addressed in detail the recoverability of e-discovery expenses. This Court and others in the district have previously followed the reasoning of the Third Circuit in *Race Tires of America, Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158 (3d Cir. 2012). *See, e.g., Intercontinental Great Brands LLC v. Kellogg N. Am. Co.*, No. 13 C 321, 2016 WL 316865, at *6 (N.D. Ill. Jan. 26, 2016) (Kennelly, J.). "[O]nly scanning and file format conversion can be considered to be 'making copies'"; "gathering, preserving, processing, searching, culling, and extracting [electronically stored information] simply do not . . . ." *Race Tires of Am.*, 674 F.3d at 160, 171. And "'processing' costs [are] not recoverable because services leading up to the actual production do not constitute 'making copies.'" *Id.* at 169.

Ariel Investments has sufficiently shown that the costs it requests are recoverable. Specifically, Ariel Investments has established, by way of an affidavit offered in response to Ariel Capital's challenge to the content of the e-discovery vendor invoices, that the charges for which it seeks reimbursement all involved expenses for "the process by which documents in a variety of native forms . . . are copied and converted" to a readable format. Pl.'s Ex. K (Decl. of Justin Tebbe) ¶ 8. More specifically, the expenses that Ariel Capital challenges "include copying of the original files to maintain the integrity of the original files and conversion to a universally readable format." *Id.* ¶9. Ariel Capital is correct that a large volume of documents was produced this way and that this involved a significant expense, but that is a function of the nature and scope of Ariel Capital's own discovery requests. Ariel Capital cannot reasonably object to otherwise recoverable costs that it required Ariel Investments to incur. The

Court taxes costs related to e-discovery in the amount of $85,666.51.

**D.     Exemplification**

Ariel Investments utilized the services of an outside vendor to create seven demonstrative exhibits for trial, at a cost of $7,969.50.  Ariel Investments ultimately utilized three of the seven demonstratives at trial, one during testimony and two during closing arguments. It seeks to recover costs totaling $3,415.50 for the exemplification of these three demonstratives.  Section 1920(4) states that exemplification costs may be recovered when exemplification is "necessarily obtained for use in the case." 28 U.S.C. §1920 (4).  The Seventh Circuit has held that requested costs meet this standard when "the nature and context of the information being presented genuinely called for the means of illustration that the party employed."  *Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 428 (7th Cir. 2000).

Ariel Capital argues that the demonstratives for which Ariel Investments seeks reimbursement were not presented during its case-in-chief; they were only demonstrative exhibits, not admitted into evidence; they did not illustrate admitted exhibits; they were not reasonably necessary; and nearly all of the expense went toward "professional labor." *See Race Tires Am.*, 674 F.3d at 166.

There are, without question, many cases in which demonstratives are reasonably necessary for use at a trial or otherwise, but this case was not one of them.  The evidence was not particularly complicated, and the Court was called upon to apply well-established legal principles to the facts.  That said, if this had been a jury trial, the Court might conclude that the requirement of reasonable necessity was met.  But Ariel Investments chose, shortly before trial, to drop its claims for non-equitable relief and

withdraw its jury demand. The demonstrative exhibits in question were not reasonably necessary in a case of this relative simplicity tried as a bench trial. The information did not "genuinely call[] for the means of illustration that the [plaintiff] employed," particularly because the case was not tried to a jury. *Cefalu*, 211 F.3d at 428. The Court therefore reduces Ariel Investments' requested exemplification costs by $3,415.50. The net recoverable amount is $3,685.61 ($7,101.11 minus $3,415.50).

E.   **Service costs, filing fee, and witness fees**

Ariel Investments seeks recovery of costs paid to private process servers for service of subpoenas for discovery and for service of summons and the complaint. The Seventh Circuit permits taxation of private process servers under section 1920(1), as long as their fees do not surpass what the Marshal would charge. *Collins v. Gorman*, 96 F.3d 1057, 1060 (7th Cir. 1996). Personal service by the U.S. Marshal costs $65 per hour, plus travel and out-of-pocket expenses. 28 C.F.R. § 0.1141(a)(3). Ariel Investments served discovery and trial subpoenas on WGCU Public Media, David Boone, Monica Schandel, Blue Oceans Financial Planning, and Christopher Bray at a cost of $195 per person or entity served. Ariel Investments requests a total of $325.00 for service of process, reflecting the deductions necessary to reflect the U.S. Marshal's fee. Ariel Capital does not contest these costs. The Court therefore awards Ariel Investments $325 for service costs.

Ariel Investments seeks recovery of the $400 filing fee as well as $109.42 in witness fees. Ariel Capital does not contest these costs, and accordingly the Court awards theme.

**Conclusion**

The Court taxes costs in favor of Ariel Investments and against Ariel Capital Advisors in the amount of $99,378.32, consisting of the following: $9,191.78 related to depositions, $85,666.51 related to e-discovery, $3,685.61 related to exemplification, $325 for service of process, $400 for the filing fee, and $109.42 for witness fees.

Date: July 17, 2017
_____
MATTHEW F. KENNELLY
United States District Judge