# In the
# United States Court of Appeals
## For the Seventh Circuit

Nos. 17-1516 & 17-2645

ARIEL INVESTMENTS, LLC,

*Plaintiff-Appellee,*

*v.*

ARIEL CAPITAL ADVISORS LLC,

*Defendant-Appellant.*

Appeals from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 15 C 3717 — **Matthew F. Kennelly**, *Judge.*

ARGUED JANUARY 17, 2018 — DECIDED JANUARY 31, 2018

Before FLAUM, EASTERBROOK, and BARRETT, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* Ariel Investments and Ariel Capital Advisors both manage money for affluent clients. Ariel Investments has been using its name since 1983 and Ariel Capital only since 2014. After a bench trial in this suit under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), the district court found that Ariel Capital is infringing Ariel Investments' trademarks and ordered it to stop. 238 F. Supp. 3d 1009 (N.D. Ill. 2017).

Case: 1:15-cv-03717 Document #: 272 Filed: 02/22/18 Page 2 of 5 PageID #:8041
Case: 17-1516    Document: 00713167157    Filed: 02/22/2018    Pages: 5

Ariel Capital does not dispute any of the district judge's findings of fact or conclusions of law. Instead it denies the court's power to adjudicate the controversy. Ariel Investments, based in Illinois, does business nationwide and elected to file suit at home. Ariel Capital, based in Florida, would like to have a national presence but so far does not. It does not have a client in Illinois, does not have any property or staff in Illinois, does not advertise in Illinois, and never has had an employee or agent even visit Illinois—until it had to defend this suit.

The Lanham Act does not authorize nationwide service of process. A plaintiff therefore must secure personal jurisdiction under state law. See Fed. R. Civ. P. 4(k)(1)(A). Illinois permits service to the constitutional limits of its power, 735 ILCS 5/2-209(c), and the district court held that this includes power over Ariel Capital, which knew or should have known that its choice of name would injure Ariel Investments in Illinois. 2015 U.S. Dist. LEXIS 187800 (N.D. Ill. Oct. 29, 2015). The court explained:

> [T]he basis asserted for personal jurisdiction is not merely causation of harm in Illinois. Rather, Ariel [Investments'] contention is that Ariel [Capital] deliberately set out to trade on the reputation and goodwill of an Illinois entity. As a matter of policy, the law ought not require a holder of intellectual property … in these circumstances to go to the home forum of one who has, in effect, reached into the holder's home forum to take its property. When an out-of-state entity chooses to trade on the established name of an entity in the forum state and use that name for its own gain, it has, in the Court's view, established a relationship not just with the in-state entity, but with the forum state itself.

2015 U.S. Dist. LEXIS 187800 at *9–10. Perhaps the Lanham Act ought to authorize nationwide service, as the antitrust and securities laws do. See 15 U.S.C. §§ 22, 77v, 78aa. But it

Case: 1:15-cv-03717 Document #: 272 Filed: 02/22/18 Page 3 of 5 PageID #:8042
Case: 17-1516    Document: 00713167157    Filed: 02/22/2018    Pages: 5

Nos. 17-1516 & 17-2645                                    3

does not, so personal jurisdiction depends on state law. Knowing about a potential for harm in a particular state is not the same as acting *in* that state—and it takes the latter to permit personal jurisdiction under state law.

*Walden v. Fiore*, 134 S. Ct. 1115 (2014), controls this case. Fiore alleged that Walden had wrongfully seized cash in Georgia, knowing that his act would injure her in Nevada. A court of appeals held it sufficient for personal jurisdiction in State A that a defendant, all of whose acts occurred in State B, knew that injury would be felt in State A and "expressly aimed" his conduct at a resident of State A. See 134 S. Ct. at 1120 (describing the court of appeals' rationale). The Supreme Court rejected that view and held that a defendant's knowledge and intent concerning a resident of State A do not justify compelling that person to defend himself there.

Instead, the Justices held, a state may assert specific jurisdiction (that is, jurisdiction based on a particular transaction) only if the defendant has "a substantial connection with the forum State" (134 S. Ct. at 1121). The connection must be of the defendant's creation, not of the plaintiff's. *Id*. at 1122. And the Court's "'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Ibid*. See also *Advanced Tactical Ordinance Systems, LLC v. Real Action Paintball, Inc.*, 751 F.3d 796 (7th Cir. 2014) (applying *Walden* to a trademark case).

The district court thought that Ariel Capital had set out to injure Ariel Investments, knowing that it is located in Illinois. That's exactly the sort of allegation the Justices deemed inadequate in *Walden*, because "the plaintiff cannot be the only link between the defendant and the forum. Rather, it is

the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." 134 S. Ct. at 1122. The Court added: "These same principles apply when intentional torts are involved." *Id*. at 1123. No matter how one might characterize the relation between Ariel Investments and Ariel Capital, it is easy to describe the relation between *Illinois* and Ariel Capital: none. That resolves this litigation.

Ariel Investments tells us that a defendant should be subject to personal jurisdiction in any state at which it "aimed its actions." That contention is incompatible with *Walden*; it is exactly what the court of appeals in *Walden* had held, and not a single Justice accepted the position. More: even by Ariel Investments' standard, Ariel Capital would prevail. The trial showed that Ariel Capital did not "aim at" either Illinois or Ariel Investments but rather ignored both. The founder of Ariel Capital testified, without contradiction, that he named the firm to honor his daughter, Ariel Marie Bray, rather than to injure Ariel Investments. State and federal laws often require entrepreneurs to consider the effects of their choices on third parties, but when they violate such requirements by closing their eyes to the effects of their decisions, they do not "aim at" any particular person or state.

We end with a few words about Ariel Investments' contention that *Calder v. Jones*, 465 U.S. 783 (1984), supports personal jurisdiction in Illinois. An actress living in California sued a reporter and editor for defamation appearing in an article written and edited in Florida and published in a weekly newspaper based in Florida. *Calder* held that the actress could sue in California—though not just because that's where she suffered injury. The newspaper's California circu-

Nos. 17-1516 & 17-2645                                            5

lation was 600,000, and the reporter gathered information by phone calls to California. The story concerned events in California. As *Walden* observed, because publication to third parties is an element of libel, the defendants' tort occurred in California. 134 S. Ct. at 1124. The defendants in *Calder* thus had the sort of state-specific connection with California that Ariel Capital lacks with Illinois. If trademark infringement happened, that wrong occurred in Florida, or perhaps some other state where people who wanted to do business with Ariel Investments ended up dealing with Ariel Capital because of the similar names. That state cannot be Illinois, where Ariel Capital lacks clients.

REVERSED

CERTIFIED COPY
A True Copy
Teste:

_____
Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit